Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., ) <br> an Alaska Corporation, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> CENDANT CORPORATION, et al., ) <br>   ) <br> Defendants. ) <br>   ) | Case No. 3:03-cv-29 [TMB] |

## **JOINT STATUS REPORT**

On May 8, 2006, at Docket 158, the Court ordered the parties to confer and for the plaintiff to file a joint status report.

**I.   NATURE OF THE CASE.**

   **A.   The Lead Attorneys on the Case.**

The attorneys for Alaska Rent-A-Car are Jon T. Givens, Christopher J. Heaphey, and William M. Bankston, Bankston Gronning O'Hara, 601 W. 5th Ave., Suite 900, Anchorage, Alaska 99501 (907) 276-1711 (phone), and (907) 279-5358 (fax).

The attorneys for defendants: John F. Dienelt, Barry M. Heller, and William P. Donavan, Jr., DLA Piper Rudnick Gray Cary US LLP,1200 Nineteenth St. NW, Washington DC 20036-2430, (202) 861-3880 (phone), and (202) 689-7400 (fax) and Howard S. Trickey, and Diane F. Vallentine, Jermain, Dunnagan & Owens, PC, 3000 A Street, Suite 300, Anchorage, AK 99503-4097 (907) 563-8844 (phone), and (907) 563-7322 (fax).

### B.   Basis for Federal Jurisdiction.

There is diversity of citizenship between the parties in this case, and there is also a federal antitrust law claim. The defendants filed a motion to dismiss for lack of personnel jurisdiction which was denied by order of Judge Singleton at Docket 24. There are no remaining jurisdictional disputes.

### C.   Nature of the Claims Asserted in the Complaint and any Counterclaims.

The complaint asserts causes of action for breach of rental car franchise agreements, breach of settlement agreements, breach of various implied covenants of good faith and fair dealing, state and federal antitrust law violations, violation of the Alaska Unfair Trade Practices Act, violation of the Alaska Trade Secrets Act, misrepresentation, intentional interference with perspective economic relations. Plaintiff seeks damages and permanent injunctive relief. There are no counterclaims.

### D.   Service of Process.

All parties have been properly served with process and there are no unserved parties.

### E.   Contested Issues of Fact and Law.

The **plaintiff** submits the following as its contested issues of fact and law, with which defendants do not agree.

In 2002, some of the assets of Budget Group, Inc., a direct competitor of Avis, were purchased out of bankruptcy by and through the efforts of various defendants.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Plaintiff contends the acquisition, integration and operation of Budget under the Avis System violates contractual, common law and statutory obligations.

For fifty years, plaintiff has held the exclusive right to operate the Avis System in the state of Alaska. The Avis System, of which the Avis brand name is specifically identified as only a part, includes virtually every aspect of the management, marketing, selling and operation of the car rental company. Plaintiff alleges the acquisition, integration and operation of any car rental company by its licensor using the Avis System is a violation of its Avis License Agreements and its 1976 Settlement Agreement reached as a result of prior litigation in Alaska State Court. Additionally, a separate but similar lawsuit between defendants and various other Avis licensees around the country over the defendants' purchase of Agency Rent A Car was settled in 1997. The federal judge in that case ordered that the opportunity to join the settlement agreement (the Agency Settlement Agreement) be extended to all Avis Licensees. Plaintiff joined and is a party to the Agency Settlement Agreement, and asserts that the actions of the defendants violate this agreement as well.

The License Agreements and settlement agreements at issue in this case contain very specific language prohibiting the acquisition, management and operation of, or even association with a competing car rental company. Plaintiff alleges the express provisions of these agreements have been breached by the actions of the defendants by acquiring, and operating the Budget brand using the Avis System. Plaintiff contends that by integrating and jointly managing, marketing, selling, and operating Avis and Budget, defendants have encroached on plaintiff's interest in the Avis System and have thereby reduced plaintiff's interest in the Avis System to that of a mere brand name.

Additionally, the nature of the contract and the franchisee/franchisor relationship imposes implied covenants of good faith and fair dealing, obligating the franchisor to act loyally and solely in the promotion of the mutual best interest of the franchisor/franchisee. Plaintiff contends its franchisor's disloyal support of another franchisee, Budget, both in

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

**BANKSTON GRONNING O'HARA, P.C.**
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

plaintiff's exclusive territory, Alaska, nationally and internationally through management, marketing, sales, operations, and providing reservations violates these implied covenants.

Cendant Corporation operates through a series of wholly owned corporations. Plaintiff's franchisor is Avis Car Rental Group, Inc., Avis Rent A Car Systems, Inc. and Cendant Car Rental Group, Inc. The License Agreements and settlement agreements at issue in this case also impose a variety of obligations on the defendants, their parents, subsidiaries and affiliates. Plaintiff claims that defendants operate as mere instrumentalities of one another; and that Cendant Car Rental Group, Inc. and Avis Rent A Car System, Inc. are alter egos. Plaintiff believes piercing the corporate veils is appropriate as to each and every defendant, and the conduct of each defendant can be charged to all defendants.

Finally, plaintiff contends defendants are violating unfair trade practices acts, and state and federal antitrust laws in various ways including price fixing and market segmentation. Defendants are liable for antitrust law violations because, pursuant to consistent case law from the U.S. Supreme Court, and the holdings of lower courts, the defendants' price fixing with corporate accounts for hundreds of independent Avis and Budget businesses including independent Avis and Budget businesses in Alaska is anticompetitive, anti-consumer, and causes Alaska Rent-A-Car to lose business. The defendants' conduct in segmenting consumers and the marketplace to divide business between its Avis and Budget brands is anticompetitive and causes ongoing financial injury to Alaska Rent-A-Car.

Plaintiff seeks to permanently enjoin the joint management, marketing, sales, and operations of Avis and Budget. Plaintiff seeks to have Budget completely separated from Avis and to have Budget return all aspects of the Avis System to Avis. Plaintiff seeks to have all Avis and Cendant Car Rental Group personnel cease assisting Budget or working to support or promote Budget. Plaintiff seeks an injunction to separate the Avis and Budget management, marketing, sales, and all other personnel.

The **defendants** submit the following contested issues of law and fact, with which plaintiff does not agree.

At its core, this case is a contract case.  Plaintiff franchisee, Alaska Rent-A-Car, Inc. ("Avis-Alaska" or "Plaintiff"), has sued its franchisor, Avis Rent-A-Car System, Inc. ("Avis"), and several affiliated companies. Avis-Alaska claims that, as a result of the acquisition by Cendant Corporation ("Cendant") of the Budget Rent-A-Car System, Inc. ("Budget") franchisor in November 2002 and the subsequent management of Budget, by Cendant Car Rental Group, Inc. ("CCRG"), Defendants have breached various agreements with Avis-Alaska. CCRG is a subsidiary of Cendant. Avis and Budget, in turn, are subsidiaries of CCRG.

Defendants contend that they have complied with all agreements to which Avis Alaska is properly a party or a third-party beneficiary. Defendants contend that a settlement agreement from an earlier litigation challenging the acquisition by Avis (not Cendant) of another car rental company ("Agency Settlement Agreement"), explicitly contemplates that Cendant will purchase another rental car brand and confirms Cendant's right to do so.  In fact,  Avis and Budget have been integrated into CCRG to achieve cost savings and other synergies, while maintaining Avis and Budget as separate brands in their "customer-facing" activities, as contemplated by that agreement.  Any Defendants covered by the Agency Settlement Agreement have complied with its terms while pursuing a legitimate, sensible business strategy.

Nor has Avis violated the Franchise Agreement.  Avis-Alaska continues to have the exclusive right to use the Avis system in Alaska.  What is truly unique about the Avis system is the brand.  There has been no "giving" of the brand to Budget, which has retained and will retain its own valuable brand and identity.  It is, moreover, counter-intuitive to suggest that Avis would do anything to damage the Avis brand, which is one of the best recognized and strongest in the world.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Defendants have not violated any implied covenants because implied covenants cannot be used to expand the parties' rights beyond those reasonably arising out of the provisions of the agreements.

Avis-Alaska's antitrust and other claims are no more than restatements of Avis-Alaska's contract claims. In any event, these claims lack merit.

Avis-Alaska's Trade Secret Act claim preempts any unfair trade claims and tort claims. The Trade Secret Act claim fails because the "Avis System" is not a trade secret, the "Avis System" is owned by Cendant (and not by Avis-Alaska), and Avis-Alaska can show no misappropriation of a trade secret.

In any event, a breach of contract alone does not constitute an unfair trade practice. Even if the tort claims were not preempted by the Trade Secret Act claim, they also fail on their merits. Avis-Alaska's fraud/misrepresentation claim fails as a matter of law because the alleged statements cited by Avis-Alaska were not fraudulent statements, but were statements of future intent, and Avis-Alaska's purported reliance on the statements occurred decades before they were even allegedly made.

Avis-Alaska's intentional interference with prospective economic advantage claim is merely an attempt by Avis-Alaska to convert its breach of contract claim into a tort and, in any event, the acquisition of Budget – at the heart of the claim – is privileged as a matter of law.

Defendants are not liable for alleged antitrust violations because, pursuant to consistent case law from the U.S. Supreme Court, and the holdings of lower courts, affiliates (which each defendant is of the others) are not separate and independent entities capable of agreeing or conspiring for antitrust purposes. Moreover, the alleged conduct is not a *per se* violation and would be permissible if analyzed pursuant to a rule of reason analysis. Finally, what Avis-Alaska complains about--competition from Budget franchisees--does not constitute antitrust injury and is what the antitrust laws are designed to promote, not prevent.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Even if there were a breach of the Agency Settlement Agreement or the Franchise Agreement, or another violation of Avis-Alaska's rights, it has not suffered any damages. There is no evidence that Avis-Alaska has sustained any losses because of the acquisition and integration of Budget into CCRG. To the contrary, defendants contend that any losses have resulted from Avis Alaska's inability to compete effectively.

Avis-Alaska's alleged damages appear to be premised on the assumptions that Cendant was the only "bidder" for Budget; that, if Cendant had not acquired Budget, the brand would have ceased to exist; and that Avis-Alaska would have obtained all or some of the Budget franchisees' market share. In reality, if Cendant had not acquired Budget, someone else – recognizing the value of the brand – would have acquired it. In any event, the independent Budget businesses in Alaska would not have closed.

Finally, there is no basis here for injunctive relief. Avis-Alaska can obtain an adequate remedy at law in damages for any contract or other violation it can establish, although plaintiff has not, in fact, suffered any damages.

## II.   **DISCOVERY**.

The status report filed on April 27, 2006 at Docket 156 identifies the status of the case with respect to the conclusion of fact discovery and with respect to deadlines for expert discovery.

The parties anticipate filing dispositive motions. Plaintiff has twice previously moved for partial summary judgment and for permanent injunctive relief, and the Court ruled that it would not hear the motions until after the closure of fact discovery. Defendants moved to dismiss certain counts of plaintiff's amended complaint, and the Court ruled that it was likewise premature to address those issues until after the closure of discovery. Based on the deadline in Docket 156, dispositive motions can be filed between April 26, 2006 and June 20, 2006. No dispositive motions are currently pending.

**BANKSTON GRONNING O'HARA, P.C.**
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

**III.   TRIAL.**

The parties believe that the Court's rulings on the various motions for summary judgment may have an impact on the length of trial. Until such time as the Court rules on dispositive motions, it will be difficult to accurately determine the length of time necessary for trial.

Additionally, plaintiff will be seeking summary judgment for permanent injunctive relief. Plaintiff believes if the matters cannot be resolved purely by motion practice, then a hearing on permanent injunctive relief may be necessary. Defendants believe that injunctive relief would be unwarranted in any event, that injunctive relief and money damages are inconsistent remedies and that injunctive claims are not properly tried to the jury. Again, the length of such a hearing or trial on permanent injunctive relief will depend on the rulings made by the court.

**IV.   SETTLEMENT.**

In April 2004 the parties engaged in a two-day mediation with Judge Serdahely. Additionally, the parties have engaged in miscellaneous other settlement discussions. The parties are not presently engaged in settlement discussions. The parties do not request a settlement conference at this time. Plaintiff does not request a status conference. However defendants request a status conference.

DATED this 31st day of May, 2006.

> BANKSTON GRONNING O'HARA, PC
> Attorneys for Plaintiff Alaska Rent-A-Car, Inc.
> By:   s/Jon T. Givens
> 601 W. 5th Avenue, Suite 900
> Anchorage, Alaska 99501
> Phone: (907) 276-1711
> Fax: (907) 279-5358
> E-mail: jgivens@bankston.to
> AK Bar #9011072

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2006 a copy of foregoing
Joint Status Report was served electronically on
Diane F. Vallentine and on

John F. Dienelt
DLA Piper Rudnick Gary Cary US LLP
1200 Nineteenth Street NW
Washington, DC 20036-2430

Barry M. Heller
DLA Piper Rudnick Gary Cary US LLP
1775 Wiehle Avenue, Suite 400
Reston, VA 20190-5159

by regular U.S. Mail

s/Jon T. Givens

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to