

# AVIS RENT-A-CAR SYSTEM

### Exclusive License Agreement

THIS AGREEMENT, made this 7th day of April, A.D. 1956, between AVIS RENT-A-CAR SYSTEM, INC., a Delaware Corporation with principal offices at 57 Columbus Ave. Boston, Massachusetts, party of the first part, hereinafter called "Licensor" and Alaska Car Leasing System, Inc. of 1200 L Building, Suite 104, Anchorage, Alaska, party of the second part, hereinafter called "Licensee":

WITNESSETH:

WHEREAS, Licensor is the exclusive owner of, and has the right to use and to license others to use, a plan or system for conducting the business of renting passenger motor vehicles, without drivers, hereinafter called "rent-a-car business", which plan or system consists, among other things, of uniform methods of operation, accounting, advertising service and publicity, courtesy and credit card service, kind and amount of insurance protection, method of procuring insurance protection and equipment, style and character of equipment, furnishings and appliances used in the conduct of said business, methods of procuring business and referral of business, and the right to use the name "Avis", "Avis System" and "Avis Rent-A-Car System", all of which constitute a part of said system, which system is generally known as Avis Rent-A-Car System and is sometimes referred to hereinafter as the "System"; and

WHEREAS, the Licensee is desirous of obtaining a license to use the System, including the name "Avis," in the conduct of a rent-a-car business at the location and covering the area hereinafter set forth;

Now, THEREFORE, in consideration of these premises, it is agreed by and between the parties hereto as follows:

1. GRANT OF LICENSE.

In consideration for the sum of $ 500.00,* receipt of which is hereby acknowledged, and the mutual covenants contained herein, Licensor hereby grants to Licensee, subject to the terms and conditions hereof, an exclusive license to use the System in the conduct of a rent-a-car business with respect only to the renting of passenger cars, unless otherwise provided herein, and subject to all the terms and provisions of this agreement. This license covers operation of Licensee's business only in:

City Fairbanks, Anchorage, Kodiak, and Juneau State Alaska and the following airports and railroad stations:

.....................................................................
serving same, for a term commencing herewith, according to the terms and provisions of this agreement.

1

*$100.00 payable on the signing of agreement
$400.00 to be paid April 7, 1957

PLEASE INITIAL

A 0007

Exhibit 6

2. LICENSOR'S RIGHTS IN SYSTEM.

Licensee recognizes and acknowledges Licensor's interest in and exclusive right to the System as described above, and to all parts thereof, including, without limitation, all bulletins or procedures and supplements thereto and all forms set forth or described from time to time therein, and all forms, advertising matter, devices, marks, trademarks, trade names and slogans from time to time used as a part of, in connection with, or applicable to, said System, and in and to all copyrights, trademarks, trade mark registrations, trade names, and patents now or hereafter applied for or granted in connection therewith in the United States or any other country, and also the exclusive right of Licensor to use and/or grant the right to others to use the name of "Avis" in connection with the rent-a-car business, and Licensee further recognizes and acknowledges the exclusive right to Licensor to grant this license and to grant licenses to others to use the System in the conduct of the rent-a-car business; and Licensee does hereby accept this license, and does covenant and agree to conduct the rent-a-car business only within the territorial limits above stated, including the enumerated airports and railroad stations, and only in accordance with the methods, rules and regulations of the System as now constituted, or as the same may from time to time be changed or amended, by Licensor. It is agreed that Licensor shall have the right to change the System and change or amend the methods, rules and regulations of said System upon giving notice thereof to Licensee.

3. LICENSEE'S COVENANTS.

Licensee does further covenant and agree:

3.1 *Vehicle Reports.* To report to Licensor in writing before the 10th day of each month the number of cars used or available for use by Licensee in its transient rent-a-car business on the last day of the preceding-month. Any vehicle used or available for use by Licensee in its transient rent-a-car business during a part of the month, which is removed temporarily from Licensee's transient fleet before the last day of the month and is used or available for use in the transient rent-a-car business in a subsequent month, will be so reported for the month in which it is so removed. Such reports shall be in the form prescribed by Licensor, and such reports shall be signed and certified as true by Licensee, its authorized officer, agent or employee.

3.2 *Liability Insurance.* To provide each and every person renting a passenger vehicle from it (hereinafter called "renter") (and members of his immediate family and his employer and employee, if any, authorized by the renter to use any motor vehicles rented) with public liability and property damage insurance with minimum limits of liability of $50,000 for each person killed or injured, and, subject to that limit for each person, a total minimum liability of $100,000 for any number of persons injured or killed in any one accident, and a minimum limit of $5,000 for injury, destruction or loss of use of property of third persons as the result of any one accident. Licensee agrees to provide said minimum coverage to each renter as part of the rental contract, with the renter's cost of such minimum coverage being included in Licensee's published basic rental rates. Licensee agrees that such insurance coverage shall protect the Licensor as its interest may appear.

3.3 *Purchase of Liability Insurance.* To support any insurance programs of central procurement, which Licensor may make available for the mutual benefit of its licensees. In the event Licensee desires to use insurance coverage other than that made available by Licensor, Licensee may, with the prior written consent of Licensor, use such coverage. Licensor agrees that it will not unreasonably withhold such consent if Licensee can obtain such coverage at equal or better terms than those made available by Licensor and if such coverage complies with reasonable regulations of Licensor from time to time in force with respect thereto. Licensee agrees to file with Licensor copies of all such insurance policies covering public liability or property damage, and to provide in such policies that the insurer shall notify Licensor at least 10 days before such coverage shall become ineffective.

3.4 *Fire, theft and collision protection.* Subject to the terms and conditions of the Avis Rent-A-Car System Standard Rental Agreement, referred to in Section 3.5 below, with reference to insurance protection, to provide each and every renter with fire and theft insurance on the rented vehicle and to make available to the renter at no extra charge protection relieving him from all liability for collision damages to the rented vehicle in excess of the sum of $100.00. In addition, the Licensee agrees to make available to each and every renter, at the rate of not more than $1.00 per day or $5.00 per week, protection relieving the renter from all liability for collision damages.

3.5 *Rental Agreements.* To use, at the time of the renting of each motor vehicle, an Avis Rent-A-Car System serially numbered Standard Rental Agreement purchased from Licensor, as

2

A 0008

Exhibit 6

such Standard Agreement may be changed from time to time by Licensor, or other similar rental agreement approved in writing by Licensor for use by Licensee. Licensee will keep for three years after the date of rental all rental agreements and, if requested by Licensor, Licensee agrees to furnish Licensor with numerically arranged and loose bound copies of all completed Rental Agreements used by Licensee in conducting its rent-a-car business.

3.6 *Purchase of Equipment, Supplies and Services.* To support any program of central procurement which Licensor, in cooperation with licensees, may make available with respect to equipment, supplies and services needed by Licensee in its rent-a-car business, including, without limitation, vehicles, gasoline, oil, batteries and tires, but only to the extent that the terms at which Licensor offers such equipment, supplies and services are more favorable than those at which Licensee can purchase same from other sources.

3.7 *Conduct of Licensee's business.* That the rent-a-car business conducted under this agreement will be conducted in a businesslike manner and in compliance with all the local, state, and federal laws, rules and regulations, appertaining thereto, and with all bulletins, directives by letter and instructions contained in Avis System Operator's Manual which may from time to time be issued by Licensor respecting the conduct by licensees of the rent-a-car business; and the premises maintained in a clean, safe and orderly manner so that they will, at all times, present a neat appearance; that all motor vehicles used by Licensee in conduct of the rent-a-car business will be kept in a safe, efficient and presentable condition and in first-class mechanical and running order. Licensee will spend in each calendar year on advertising and sales promotion with respect to its own business an amount equal to the total advertising fees it has paid under Section 4.1 in such year.

3.8 *Inspection by Licensor.* To permit Licensor, without notice to Licensee, at all reasonable times during business hours to inspect the Licensee's business premises and all parts thereof and to inspect the motor vehicles, and to examine and audit all or any parts or part of the books, records and accounts of Licensee and any other documents relating in any way to the compliance by Licensee with this agreement.

3.9 *Avis Courtesy Card Holders and Commercial Customers.* To provide prompt, courteous and high-grade rent-a-car service to all customers bearing Avis National Courtesy Cards without the usual deposit for a rental of twenty-four hours or less and without further means of identification except presentation of a valid driver's license; and to provide the same high-grade type of service to all Avis System commercial customers as such customers may be designated either specifically or by classification by Licensor from time to time, giving them discounts which are promulgated from time to time by Licensor as set forth in bulletins, and in commercial customer information sheets which are issued from time to time by Licensor with respect to each such commercial customer.

3.10 *Credit Cards.* To honor for credit purposes and in accordance with such regulations and procedures as Licensor may from time to time prescribe any credit cards issued by Licensor, or credit cards issued by other licensees with Licensor's approval, or any credit or membership cards which Licensor may recommend be honored by Avis System licensees. Licensee agrees to save Licensor, other licensees, or whoever issues such cards, harmless from all responsibility for all rental charges thereby incurred unless the credit regulations and procedures issued by Licensor expressly stipulate otherwise. Licensee agrees to provide the same prompt, courteous and high-grade rent-a-car service to all customers bearing credit cards approved by the Licensor as to other rental customers.

3.11 *Administrative Fees.* To pay Licensor before the 10th day of each month $8.00 for each and every vehicle reported by the Licensee for the previous month. These fees shall accompany the report referred to in Section 8.1 above, and shall be paid with respect to each and every vehicle shown on that report.

3.12 *Set-off of Sums owed Licensor.* That upon the failure of Licensee to pay Licensor as and when due any sums of money, Licensor may at its election deduct any and all such sums remaining unpaid from any monies or credits held by Licensor for Licensee.

3.13 *Licensee's Rates.* To furnish to Licensor a complete schedule of rates and tariffs of Licensee and to make no changes in said rates or tariff without first giving Licensor 30 days written notice of any such changes, and not to charge any rates which are unreasonably high or unreasonably low, based on the cost of furnishing rent-a-car service, or any rates which tend to mislead the public as to the total charge in proportion to the period of rental and the miles traveled by the

3

A 0009

Exhibit  6

automobile. Licensee agrees to state, display and advertise its rates in accordance with bulletins issued by Licensor.

3.14 *Information Provided to Licensor.* To promptly furnish Licensor at such times and in such manner as Licensor may from time to time prescribe, such information as Licensor may request relating to Licensee's rent-a-car business, including information with respect to all cars registered, used or available for use by Licensee for any purpose.

3.15 *Cooperation with Licensor and other Licensees.* To cooperate with Licensor and other licensees in promoting and developing the national recognition of the System. This includes operating in such a manner as to make generally known its affiliation as a licensee of the System. Licensee agrees to use the identifying insignia, name, and other marks of the System, in such manner and with such prominence as recommended by Licensor. Licensee agrees to list and maintain in his local telephone directory, a bold-type listing in the alphabetical section and a trade-mark listing in the yellow pages, if any, in a manner prescribed by Licensor. Licensee will encourage and solicit rent-a-car customers to patronize other Avis licensees, and will refer all rent-a-car reservations to other Avis licensees when there is such a licensee in the location concerned. Licensee also agrees to service cars of other licensees which may be presented to Licensee for service by renters from such other licensees and to bill the licensee from whom such car was rented only for the cost to Licensee of such servicing. Licensee also agrees to cooperate with Licensor and other licensees in the promotion of the "Rent-it-here-leave-it-there" program.

3.16 *Association with other Systems.* Not to be or become associated, directly or indirectly or through any corporation or other entity which it owns or controls or in any other manner, in any location with a national or regional car rental System other than the Avis System.

3.17 *Commencement of Operations.* To commence operations of its rent-a-car business under this agreement within 90 days of the date hereof.

4. NATIONAL ADVERTISING PROGRAM.

In addition to the covenants set forth in Section 3, above, Licensee agrees to subscribe to the National Advertising Campaign which the Licensor and licensees may carry out and to contribute to the expense thereof.

4.1 *Advertising Fees.* Licensee agrees to pay as an advertising fee, on or before the 10th day of each month, $9.35 for each and every vehicle reported by the licensee for the previous month. These fees shall accompany the report referred to in Section 8.1, above, and shall be paid with respect of each and every vehicle shown on that report.

4.2 *Collection, Safeguarding and Accounting for Advertising Funds.* Advertising fees shall be collected by Licensor, and shall be safeguarded and accounted for as the Advertising and Policy Committee, referred to in Section 5, below, shall direct.

4.3 *Expenditure, Pledging and Disbursement of Advertising Funds.* The expenditure, pledging, and disbursement of those advertising funds shall be the complete responsibility of said Advertising and Policy Committee and shall be carried out only in such manner as shall be approved by said Committee. Trustees may be appointed by the Advertising and Policy Committee for the management of all such funds under such terms as such Committee shall determine.

4.4 *Licensor's Right to Approve Advertising.* Licensor expressly reserves the right to stipulate the manner in which the name "Avis" or the name of the System may be used in any advertising, and disapprove any advertising in which such names may be used.

4.5 *Refunds of Advertising Fees.* In no case shall a refund of advertising fees paid or credit or forgiveness for advertising fees payable be made to Licensee in the event of cancellation or termination of this agreement.

5. THE ADVERTISING AND POLICY COMMITTEE.

5.1 *Composition and Procedure.* There shall be a joint committee representing Licensor and all System licensees which shall be known as the Advertising and Policy Committee (referred to in this Section 5 as the "Committee"). The Committee shall consist of 13 members, 6 of whom

4

Exhibit 6    A 0010

shall be appointed by the Licensor. The other 7 members shall be elected by the System licensees meeting in person at the Avis Business Convention with each licensee having one vote for each licensee committee position to be filled. The Licensor shall have no vote for licensee positions on the Committee. The licensee members of the Committee shall be elected on the basis of geographical representation to be determined by the licensees. Each member of the Committee shall have one vote, and each member of the Committee shall serve until his successor is elected by the licensees meeting in convention or, as the case may be, appointed by the Licensor. One of the 7 licensee members shall be elected as chairman by the licensees. The chairman shall have no vote except in case of a tie. The Committee shall prescribe its own rules, and shall meet at such times and places as it shall prescribe or upon the call of Licensor, the Committee members bearing their own expenses of meeting unless otherwise voted and approved by the majority of the licensees. The licensees shall elect, in addition to the 7 licensee members of the Committee, 7 alternates, one from the same geographical area as each licensee member, to act for such member in case he is unable to attend a meeting of the Committee. A majority of the members of the Committee or their alternates shall constitute a quorum for any and all purposes, and no meeting may be convened without at least 15 days written notice being given to all members unless such notice is waived in writing by all members.

5.2 *Responsibilities of Advertising and Policy Committee.* The Committee shall have full responsibility for the Avis System National Advertising program as set forth in Section 4, above. In addition, the Committee shall serve as a general policy committee for the Avis System. Licensor agrees to call meetings of the Committee at least two times per year to consult with Licensor concerning System policy. The meetings and decisions of the Committee shall be fully reported in writing to the System licensees by the Secretary after each meeting.

5.3 *Financial Reports.* A quarterly financial report with respect to advertising funds shall be filed with the Committee. An annual certified financial report shall be filed with the Committee, certified by a recognized public accounting firm, and shall be reviewed by a committee of licensees appointed at the Avis Business Convention.

6. LICENSOR'S COVENANTS.

The Licensor covenants and agrees:

6.1 *Consultation with Licensee.* To make available to Licensee the privilege of consulting with the appropriate personnel of Licensor upon the problems of advertising, promoting, operating, and developing the Licensee's rent-a-car business.

6.2 *Sale of Avis Material.* To make available to Licensee, through sale at prices to be determined by the Licensor, or otherwise, standard Avis System signs and decalomania for decorating station windows and doors, standard Rental Agreements, and standardized letterheads, billheads, rate folders, and other similar material.

6.3 *Courtesy and Credit Cards.* To issue the so-called Avis National Courtesy and Credit Cards, provided the Advertising and Policy Committee makes funds available, in accordance with the established procedure for so doing in pursuance of a conscientious effort to create many new and reliable national users of Avis Rent-A-Car System.

6.4 *Use by Firms.* To use every means at its disposal to encourage the use of the System on a national basis by concerns using motor vehicles in the transportation of their employees, merchandise, or goods.

6.5 *Issue of Directories.* To issue, from time to time, provided the Advertising and Policy Committee makes funds available, for distribution among travelers and other potential rent-a-car customers, a directory which will contain the addresses and telephone numbers of all the licensees in good standing and of all Avis Rent-A-Car stations owned by Licensor.

6.6 *Assistance in Procurement.* To assist Licensee in procuring, either through Licensor as provided in Section 3.6, above, or from other sources various equipment, supplies and services required in the rent-a-car business, at the most favorable prices and discounts justified by Licensee's volume of business.

6.7 *Recovery of Missing Vehicles.* To assist Licensee in so far as it is reasonably possible in locating missing automobiles which may have been stolen or converted from Licensee, and in

5

Exhibit 6    A 0011

Case 3:03-cv-00029-TMB   Document 178-8   Filed 06/20/06   Page 5 of 8

the event such automobiles are located, to cooperate with Licensee in effecting an economical and advantageous disposition of such automobiles, subject to Licensee's approval.

6.8 *Issue of Bulletins, Forms and Procedures.* To make available for the use of Licensee, through sale or otherwise, various forms, bulletins, and procedures which have or which may be developed from time to time by Licensor or other licensees for use in the conduct of the rent-a-car business; and, from time to time to issue bulletins making various recommendations for the improvement of the rent-a-car business as these improvements are developed, acquired by or brought to the attention of Licensor.

6.9 *Use of Avis Name.* To permit Licensee, during the life of this Agreement, to do business under the name of "Avis Rent-A-Car System, Licensee," and to use the names "Avis," "Avis System" and "Avis Rent-A-Car System" when followed by the word "Licensee" in advertising his business and in his telephone listings, provided:

6.9.1 That such name or words shall be followed by the word "Licensee."

6.9.2 That Licensee will not use, cause to be used or attempt to use the name "Avis" as a corporate name, or in any other manner except as provided herein, and will not title or register its vehicles under such name or variation thereof.

6.10 *Conventions.* To hold periodic Avis Business Conventions at such time and place as the majority of all licensee members attending the prior Convention may select or, if such time and place is not feasible, as the Licensor may select. The operational costs of such Conventions shall be collected from registration fees of attending licensees and by a pro-rata assessment of non-attending licensees. At such Conventions, each licensee shall have one vote, regardless of the number of cities it operates in.

7. REVERSION TO LICENSOR OF ALL RIGHTS ON TERMINATION.

In the event of termination, cancellation or suspension of this Agreement, all rights of Licensee hereunder shall thereupon terminate, and Licensee shall immediately thereafter cease to use, by advertising or otherwise, the System or any part thereof, or any forms, systems, slogans, marks, symbols or devices used in connection with the System, including among other things, "Avis Rent-A-Car System, Licensee" or the name "Avis" or any combination of words, marks or colors similar thereto in any manner whatsoever; and to return forthwith to Licensor all unused Avis System Standard Rental Agreements, forms, advertising matter, bulletins, procedures, manuals of operation, and Commercial Customer Information Sheets which have been received from Licensor and receive due credit therefor.

8. RIGHT OF LICENSOR TO CHANGE SYSTEM.

Licensor expressly reserves the right to change when and as it chooses, the System or any part thereof, including any forms, bulletins, procedures, or standard Rental Agreements, and System as so changed or amended, from time to time, shall for all purposes be deemed to be the System referred to in this agreement. Any and all improvements in said System developed by Licensee shall be and become the sole and absolute property of Licensor, and Licensor may incorporate the same in said System and shall have the sole and exclusive right to copyright, register, and/or patent such improvements in its own name, and Licensee shall have no right to use such improvements, except as it may be licensed to use the System hereunder; provided, however, that in the event of the termination of this license, Licensee may continue to use any form or improvement which Licensee has itself developed, but Licensee must not thereby represent that it is in any manner a licensee of or connected with Licensor or the System, and Licensor and other licensees of the System may continue to use such forms of improvement.

9. BREACH OF AGREEMENT BY LICENSEE.

In the event Licensee shall violate any of the terms, covenants, conditions or provisions hereof, Licensor may at its option terminate this Agreement by giving to Licensee, at least 30 days prior to such termination date, written notice of its intention to so terminate, specifying therein the date on which such termination shall become effective. Except in the case of failure to pay fees required under this agreement or to make true reports under Section 8.1, the Licensee may cure such violation during such 30 day period, in which event the Licensor's notice of termination shall be of no effect. In the event of the insolvency or dissolution of Licensee, the making by Licensee of an assignment for the

6

A 0012

Exhibit 6

Page 6 of 8

benefit of creditors, or the appointment of a receiver or trustee for the business of Licensee, or if Licensee files proceedings in bankruptcy or is declared bankrupt, then this agreement shall automatically terminate, together with all rights and interests of Licensee hereunder, without any notice to Licensee.

## 10. NOTICES.

Whenever, under the terms of this agreement, notice is required, the same shall be given in writing and signed by or on behalf of the party giving the same, and shall be given personally or by depositing the same in the Registered Mail, enclosed in a sealed wrapper, postage prepaid and addressed to the party for whom intended at the addresses indicated above. Any notice so mailed shall for all purposes be deemed to have been given to and received by the party for whom intended on the date said notice was so mailed.

## 11. WRITTEN CONTRACT ENTIRE AGREEMENT BETWEEN PARTIES.

This Agreement supersedes all prior agreements whether written or oral between the parties hereto and contains the entire agreement of the parties and no representations, inducements, promises or agreements, oral or otherwise, between the parties not embodied herein shall be of any force or effect. No failure of Licensor to exercise any power given it hereunder, or to insist upon strict compliance by the Licensee with any obligation hereunder or any obligation in similar agreements with other licensees of the System, and no custom or practice of the parties at variance with the terms hereof shall constitute a waiver of the Licensor's right to demand and enforce strict compliance with the terms hereof. Without limiting the foregoing, Licensor may terminate this Agreement for violation of its terms, conditions or covenants by Licensee under Section 9, above, for any violation which took place within the three years prior to such termination. No change in this printed form shall be binding on Licensor unless initialed by an officer of Licensor, and no amendment shall be binding on Licensor unless signed by such an officer.

## 12. PROVISIONS PROHIBITED BY LAW.

Any provision of this Agreement prohibited by law shall be ineffective to the extent of such prohibition without in any way invalidating or affecting the remaining provisions of this Agreement.

## 13. ASSIGNMENT.

This Agreement and all rights hereunder may be assigned or transferred by Licensor, and shall inure to the benefit of the Licensor's successors and assigns. None of Licensee's interest herein nor the rights hereunder may be transferred, conveyed or assigned, whether by operation of law or otherwise. However, if Licensee sells its rent-a-car business it may assign this agreement to the purchaser with the consent of Licensor which consent shall not be unreasonably withheld; provided that any such assignee hereunder must assume all liabilities and obligations hereunder.

## 14. TERMINATION.

Either party hereto shall have the right to terminate this Agreement at any time after one year from the date hereof with or without cause, except that after January 1, 1958 or 5 years from the date Licensee first became an Avis System licensee, whichever is later, Licensor may terminate under this Section 14 only with cause; provided nothing contained in this Section 14 shall affect Section 9 in any way. Either party exercising its right to terminate under this Section 14 shall give to the other party hereto, at least 90 days prior to the January 1, or April 1 or July 1 or October 1 preceding or coinciding with such termination date, written notice of its election to do so. If Licensee is engaging in such business during any part of the notice period it must pay all fees for the entire calendar quarter in which it last operates. Licensee need not pay advance monthly fees which may be due during this notice period covering any quarter subsequent to the notified termination date. If Licensee continues to operate the rent-a-car business during this notice period, it will do so only and exclusively as an Avis System licensee unless Licensor desires otherwise. Licensee further expressly agrees that it will not affiliate, attempt to affiliate or operate in any manner with or under any other car rental system name or identification, until the termination date has been reached. Any breach of this paragraph shall be enforceable through injunctive proceedings or suit at law by Licensor. "With cause" as used herein shall mean any failure of the Licensee to meet reasonable standards for the operation of the rent-a-car business as such standards may be prescribed by the Licensor from time to time, including

7

A 0013

Exhibit 6
Page 7 of 8

such reasonable standards as the Licensor shall establish by bulletin as to the minimum number of cars which licensees in each city shall operate, which standards shall be on the basis of population and such other criteria as Licensor shall reasonably determine to be relevant to the car rental potential of each city. Such standards when promulgated by Licensor shall, as changed from time to time, be as binding on Licensee as if made a part hereof. In the event Licensor gives Licensee notice of termination with cause as provided for herein, Licensee may cure such cause within the 90 day notice period, in which event such notice of termination shall be of no effect.

15. LICENSEE NOT AGENT OF LICENSOR.

This Agreement shall not be so construed as to constitute Licensee the agent or representative of Licensor for any purpose whatsoever, and Licensee agrees that it has no authority to assume or to incur any obligation or responsibility, expressed or implied, for on behalf of or in the name of Licensor, or to bind, or attempt to bind, Licensor in any manner or thing whatsoever.

16. CHANGES APPROVED BY CONVENTION.

Licensee agrees that Licensor, with the prior approval of a majority of licensees attending any Business Convention, may make any changes in the terms and provisions of this Agreement when such changes are made in System licenses generally; other than changes in Section 14, and that such changes shall be as binding on the parties hereto as if included in this original Agreement.

17. This Agreement shall be construed in accordance with the law of Massachusetts.

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Agreement, on the day and year first above written.

(LICENSEE)

Alaska Car Leasing System, Inc.

By ............................................

Title:

(LICENSOR)

AVIS RENT-A-CAR SYSTEM, INC.

By ............................................