Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT A CAR, INC., an Alaska Corporation, Plaintiff, v. CENDANT CORPORATION, et al., Defendants. | Case No. 3:03-cv-29 [TMB] |

**MOTION AND MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT FOR DAMAGES**

## I.  INTRODUCTION

This motion establishes the methodology for calculation of certain of the damage claims of Alaska Rent A Car, but does not seek to establish the amount of such damages. Fundamentally, the Defendants promised to give all car rental business they can refer in Alaska to Alaska Rent A Car. The breach is giving car rental reservations and business to licensees other than Alaska Rent A Car in its exclusive territory. The damages are the value of such reservations.

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]     Page 1 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

Case 3:03-cv-00029-TMB    Document 179    Filed 06/20/06    Page 1 of 13

The motion presents two separate bases for calculating damages in this manner, and two separate bases for an alternative damage remedy. First, in the Agency Settlement Agreement ("ASA") all Defendants promised that the Avis personnel would only provide reservations to Alaska Rent A Car and no one else in Alaska Rent A Car's exclusive territory. The Avis personnel, now under the moniker of Cendant Car Rental Group ("CCRG") or Avis Budget Car Rental LLC (hereinafter "CCRG/Avis Budget Car Rental"), are in breach as the Avis personnel provide reservations in Alaska to Budget licensees. Alaska Rent A Car is entitled to the benefit of its bargain and, therefore, as a matter of law, Alaska Rent A Car's damages are the value of the reservations which the Avis personnel send to Budget Licensees in Alaska.

Second, Defendants have encroached into Alaska Rent A Car's exclusive territory by licensing Budget Rent A Car in Alaska, using the car rental system to encourage and cause business for Budget Rent A Car in Alaska, and then providing reservations for such business to Budget licensees in Alaska (use of the car rental system for Budget sales, marketing, and operations). Due to this breach of Alaska Rent A Car's exclusive license agreement ("ELA") Alaska Rent A Car is entitled to encroachment damages as a matter of law measured by the value to Alaska Rent A Car of receiving the reservations which are provided in its exclusive territory to the Budget licensees.

Alternatively, the ELA, as amended in 1976 expressly prohibits Avis from allowing or issuing any other license or operation in Alaska other than Alaska Rent A Car. In breach of this promise, Avis is acting in concert and participation with Budget to promote Budget business in Alaska. Avis allows and licenses Budget licensees to exist at the expense of Alaska Rent A Car. Since, Avis promised to not allow any other license or operation in Alaska and to provide all reservations to Alaska Rent A Car, and no one else, Alaska Rent A Car is entitled to its lost profits on all Budget revenues in Alaska.

Budget has now become part of the car rental system to which Alaska Rent A Car is entitled to the exclusive benefit in Alaska. Alternatively, Alaska Rent A Car has the

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 2 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

Case 3:03-cv-00029-TMB   Document 179   Filed 06/20/06   Page 2 of 13

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

exclusive right to the use and benefit of the System for renting of motor vehicles as it is modified through time in its exclusive territory in Alaska. Since Budget is being operated by and through the same car rental system, Alaska Rent A Car is entitled to Budget as it has become part of the System. Since some parts of Alaska already have Budget licensees, Alaska Rent A Car is entitled to the profits it would make from operating Budget in those areas, or alternatively an order compelling Defendants to purchase the Budget licenses and allow Alaska Rent A Car to operate Budget.

## II.  LEGAL STANDARDS FOR SUMMARY JUDGMENT.

Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered when: "The pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Once the moving party meets its initial burden of identifying for the court the portions of the record that it believes demonstrate the absence of any genuine issue of material fact, the opposing party must provide probative evidence tending to support its claim.[1] Summary judgment is appropriate where the responding party has failed to produce sufficient evidence to allow a reasonable trier of fact to find in its favor on an element of the respondent's claim or defense upon which it will bear the burden of proof at trial.[2] Further, inferences may be drawn in favor of the nonmoving party only if they are rational, reasonable, and otherwise permissible in light of the governing substantive law and substantive evidentiary burden.[3]

---

[1] *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979).
[2] *Celotex v. Catrett*, 477, U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253-54, 106 S.Ct. 2505, 2512-13, 91 L.Ed.2d 202 (1086); *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assn.*, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]     Page 3 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

### III. AS A MATTER OF LAW UNDER THE AGENCY SETTLEMENT AGREEMENT ALASKA RENT A CAR IS ENTITLED TO DAMAGES EQUAL TO ITS LOST PROFITS ON THE RESERVATIONS SENT TO BUDGET IN ALASKA.

The ASA contains a blanket prohibition on the Avis Parties competing with Alaska Rent A Car in Alaska. The ASA states "the Avis Parties agree that they cannot Acquire an Additional Company or any Location thereof within any of the Exclusive Territories or otherwise compete with any of the Licensees within their Exclusive Territories."[4] Thus, the ASA contains a blanket prohibition on providing any reservations in the exclusive territory of Alaska to an "Additional Company", *i.e.,* Budget or a Budget licensee.[5] Additionally, Paragraph I.B. of the ASA contains a blanket prohibition on the Avis Parties acquiring an additional car rental company which, through the definition of acquire, includes a blanket prohibition on managing, acting in concert with, participating with and franchising or licensing another car rental company within Alaska Rent A Car's exclusive territory.[6] Since the Avis Parties franchise and license Budget licensees to exist in the State of Alaska, the Defendants are in breach of the ASA as a matter of law.[7] Since the contractual promise is not to provide any car rental business in the State of Alaska to Budget, and only to supply such car rental business to Alaska Rent A Car, Alaska Rent A Car's damages are

---

[4] Exhibit 1, ASA at 3 ¶I.B.
[5] The definition of additional company in the ASA specifically includes licensees and franchisees. ASA at 1 ¶ definition No. 2. Additionally, the term "acquire" is defined in the ASA to mean "to own, manage, establish, operate, act in concert or participation with, franchise or license." ASA at 1 ¶ definition No. 1.
[6] *Id., see* definition of "Acquire" ASA at p. 1, definitions ¶ 1.
[7] *See*, Alaska Rent A Car's Memorandum in Support of Motion to Disregard Defendants Corporate Form and Pierce the Corporate Veil ("Piercing Motion") and Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint incorporated herein by reference.

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]  Page 4 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

Case 3:03-cv-00029-TMB   Document 179   Filed 06/20/06   Page 4 of 13

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

its lost profits on the amount of business the Avis Parties and their alter ego CCRG/Avis Budget Car Rental provide to the Budget licensees in Alaska.[8]

Additionally, the ASA provides that if the Parent acquires an Additional Company both the Parent and the Avis Parties agree that "the sales, marketing, and reservation activities, operations and personnel of and for the Avis System will not be utilized to market, provide and/or make available car rental services other than those provided within the Avis System and such sales, marketing, and reservation activities, operations, and personnel, will exercise their best efforts to promote the Avis System."[9] Further, the ASA provides "the Avis Parties will not refer customers to any additional company."[10] The definition of "Additional Company" includes licensees of Budget Rent A Car.[11] Thus, the ASA contains the promise that the Avis Parties will not refer customers to Budget licensees.[12]

The express language of the ASA also contains a blanket prohibition on Avis personnel providing or making "available car rental services other than those provided within the Avis System."[13] Thus, the ASA mandates not only that <u>the corporations</u> only send business to Avis Licensees in their exclusive territories, but also prohibits any <u>personnel</u> of and for the Avis System from working to provide reservations or business for car rental services to anyone other than through an Avis licensee within their exclusive territory.[14]

---

[8] Exhibit 2, Emelia Stanley Affidavit at 2 ¶ 3. According to the Affidavit of Emelia Stanley, an owner of the largest Budget location in Alaska, this is over 70% of Budget's revenue.
[9] Exhibit 1, ASA at 5. ¶ IV.C. 2.
[10] Exhibit 1, ASA at 5 ¶ IV.C. 4.
[11] Exhibit 1, ASA at 1 ¶ Definitions 2.
[12] Exhibit 1, ASA at 5 ¶ IV.C. 2, 4.
[13] *Id.*
[14] *Id.*

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 5 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

The personnel of and for the Avis System and the Avis Parties refer the majority of the business which Budget licensees in Alaska receive.[15] The largest Budget licensee in Alaska, Corporate Sales & Leasing, Corporation, has estimated that it receives at least 70% of its business from its franchisor.[16] This is over $8 million annually.[17] The Defendants promised all such reservations would be referred to Alaska Rent A Car in its exclusive license area, and therefore as a matter of law these contractual promises have been breached.[18] As a matter of law, Alaska Rent A Car's damages for the breach of the promise to provide all car rental reservations in Alaska to Alaska Rent A Car is equal to the lost profits on the reservations which the Defendants fail to provide to Alaska Rent A Car, *i.e.,* the value of the reservations provided to Budget licensees in Alaska.

### IV. AS A MATTER OF LAW ALASKA RENT A CAR IS ENTITLED TO ENCROACHMENT DAMAGES.

Defendants are renting vehicles through their Budget licensees in Alaska Rent A Car's exclusive territory in breach of the ELA and ASA.[19] It has been well settled, for over 100 years, that an agent is entitled to its lost profits on sales made by a principal in the agent's exclusive territory.[20] This measure of damages has been applied in franchise

---

[15] *See,* Exhibit 2, Affidavit of Emelia Stanley at 2.

[16] *Id.*

[17] *See* Exhibit 6, Ken Hill deposition at 101-102; *see* Exhibit 3 referred to in the Hill deposition as Exhibit 636 at 3. Budget revenues in Alaska were $11,935,269 in 2005, and 70% of this figure is over $8 million.

[18] *See* Motion for Summary Judgment on Counts I and II for Breach of Contract and Motion for Summary Judgment on Counts III and IV on Implied Covenant of Good Faith and Fair Dealing.

[19] *See*, Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint [Breach of Contract] and Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment of Breach of the Implied Covenant of Good Faith and Fair Dealing.

[20] *See Garfield v. Peerless Motor Car, Co.,* 75 N.E. 695 (Mass. 1905) (holding that agent was entitled to commissions on sales made in agent's exclusive territory by principal); *National Micrographics System, Inc. v. OEE Industries, Inc.,* 465 A.2d 862 (Md. App. 1983) (holding that manufacturer that directly sold to retailer's customers was liable for

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]    Page 6 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

encroachment cases. For example, in *Rocky Mountain Rhino Lining, Inc. v. Rhino Linings, USA, Inc.*,[21] the court calculated lost profits by taking the gross sales made by the principal in violation of the plaintiff's exclusive territory rights and then subtracting from that amount operating expenses.[22] Similarly, in the present case, Alaska Rent-A-Car is entitled to its lost profits on Budget's sales in its exclusive territory. Through January 2006 the gross car rental revenue from time and mileage referred to Licensees in Alaska other than Alaska Rent A Car, since the purchase has been over $31,468,926.[23] As a matter of law, Alaska Rent A Car is entitled to its lost profits on these amounts plus future sales in its exclusive territory (if injunctive relief is not granted) due to Defendants' encroachment.

V. **AS A MATTER OF LAW DEFENDANTS PROMISED NOT TO LICENSE OR ALLOW ANOTHER CAR RENTAL OPERATION IN ALASKA IN THE 1976 AMENDMENT TO THE ELA, AND THUS ALASKA RENT A CAR IS ENTITLED TO THE VALUE OF THE BUDGET LICENSE AND BUSINESS IN ALASKA.**

The ELA as amended in 1976 expressly prohibits the Avis Parties from issuing or allowing any other license or operation of car rental business in the State of Alaska other than Alaska Rent A Car.[24] In breach of this promise, the Avis Parties have licensed Budget licensees to operate in Alaska and have allowed Budget licensees to continue to operate in

---

retailer's lost profits on those sales); *Walter Brewing Co. v. Hoder*, 230 P.2d 170, 174 (Colo. 1951) (*en banc*), *see, also, Dahl v. Griffin*, 652, P.2d 84 (Alaska 1982) (holding that real estate salesperson with exclusive right to sell contract was entitled to commission on sale of house sold by owner even though salesperson did nothing to procure the sale); *Hammond, Kenney & Co., Inc. v. Servinational, Inc.*, 369 N.Y.S.2d 712 (N.Y. 1975) (applying New York law.)
[21] 37 P.3d 458 (Colo. App. 2001), <u>reversed on other grounds</u> *Rhino*, 62 P.3d 142.
[22] *See, also, Call Travel Company, Ltd. v. Pan American World Airways, Inc.*, 944 F.2d 983 (2nd Cir. 1991) (holding that lower court properly allowed ticket agent to calculate its damages by its lost profits on ticket sales made by airline in ticket agent's exclusive territory); *Willred Co. v. Westmoreland Metal MFG. Co.*, 200 F.Supp. 59 (E.D. Penn. 1961).
[23] *See* Exhibit 2, Emelia Stanley Affidavit at 1 ¶ 5 referencing Exhibit 465 (attached hereto) at 4. $31,468,926 is the total of the 2003 to 2006 revenue figures.

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]      Page 7 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

the State of Alaska.[25] By promising never to allow another licensee to operate in the State of Alaska without first giving Alaska Rent A Car the right of first refusal to conduct such operation or license (and there is no limitation in the language of the 1976 Amendment limiting "operation" or "licensee" to an Avis operation or an Avis license) Defendants promised to provide and license car rental business in the State of Alaska only to Alaska Rent A Car. Again, since Defendants are licensing Budget in Alaska and allowing Budget licensees to exist and operate in Alaska they are in breach.[26] Since Defendants promised in the 1976 Amendment to the ELA (and explicitly by granting an exclusive System license) to allow no other license operation, in the State of Alaska, Alaska Rent A Car is as a matter of law, entitled to damages equal to the value to Alaska Rent A Car of Budget in Alaska.[27]

---

[24] *See* Exhibit 4, 1976 Agreement at Exhibit A, Amendatory Agreement at 2 ¶ 1.2(b).
[25] *See generally* Motion for Piercing the Corporate Veil, for the concept that all of the Defendants conduct should be chargeable to each other; *see also* Motion for Summary Judgment on Breach of Express and Implied Contract Provisions Counts I through II.
[26] *See* Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint [Breach of Contract] and Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment of Breach of the Implied Covenant of Good Faith and Fair Dealing incorporated herein by reference.
[27] *See* Exhibit 5, ELA at 1 ¶ 1 grants an exclusive license and exclusive territories to Alaska Rent A Car. ELA § 3.10 contains a promise of Alaska Rent A Car to cooperate with the licensor in promoting, advertising, and developing the international recognition of the Avis System. ELA § 3.10 also states "licensee will encourage and solicit vehicle rental customers to patronize licensor and other Avis licensees, and will refer all vehicle rental reservations to licensor and to other Avis licensees when licensor or a licensee is in the location concerned." Exhibit 5, ELA at 6, 7 ¶ 3.10. In other words, any customers will be encouraged and solicited solely to patronize Avis, and any customers will be referred solely to the Avis licensee in a "location concerned" or to the Avis licensor if the "location concerned" is a licensor location. ELA § 3.12 prohibits Alaska Rent A Car from being associated directly or indirectly with any other national or regional vehicle rental system.

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 8 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

**VI.   AS A MATTER OF LAW ALASKA RENT A CAR IS ENTITLED TO THE EXCLUSIVE BENEFITS OF THE CAR RENTAL SYSTEM IN ALASKA WHICH ARE MEASURED BY THE VALUE OF BUDGET IN ALASKA.**

Budget has become part of the same car rental system as Avis under Avis Budget Car Rental LLC. Budget is managed, operated, marketed and sold by the exact same people who carry out these vital functions for Avis.[28] The Avis System including its business methods and manners of operations, information and computer technology, quality assurance standards, employee training, all other aspects for running a car rental business, and the employees, *i.e.,* the "System", have all been provided to Budget or are being utilized to currently operate Budget.[29] There is now only one car rental system and it includes both Avis and Budget. The System includes anything "from time to time used as a part of, in connection with, or applicable to said System."[30] Budget is now a part of the System and used in connection with the System, *i.e.,* Budget is now part of Alaska Rent A Car's licensed System.

The ELA prohibits the licensor from conducting or operating any other car rental business and expressly limits the licensor to licensing the vehicle rental business to Avis licensees.[31] Although the licensor has horrifically breached the ELA and ASA by operating another car rental brand utilizing the Avis System, once the licensor has engaged in such conduct it thereby creates rights under the License Agreement for Alaska Rent A Car to receive all such car rental business in its exclusive territory. Specifically, the ELA provides

---

[28] *See generally* Motion for Partial Summary Judgment Piercing the Corporate Veil at 41-45 and Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on Counts I and II at 11-34.
[29] *Id.*
[30] Exhibit 5, ELA at 1 ¶ 2.
[31] Exhibit 5, ELA at 1 ¶ 2 ("…the exclusive right of licensor to use and/or grant the right to others to use the name "Avis" in connection with the vehicle rental business, and licensee further recognizes and acknowledges the exclusive right of licensor to grant this license and to grant licenses to others to use the System in the conduct of the vehicle rental business.")

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]        Page 9 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

"licensee does hereby accept this license and does covenant and agree to conduct the vehicle rental business only within the specified areas, including the airports, ports, and railroad stations therein and only in accordance with the methods, rules and regulations of the System as now constituted, or as the same may from time to time be changed or amended by licensor."[32] In other words, if the car rental System utilized by Avis Budget Car Rental incorporates a new method of business or new trademarks, then the licensee covenants and agrees with the licensor to operate such trademark and business methods within its exclusive territory. Thus, once Budget became part of the same system as Avis or used "in connection with" the System, the licensor was obligated to grant the rights for Budget Rent A Car in the entire State of Alaska to Alaska Rent A Car in the same areas and under the same conditions as provided in the ELA.

The ELA explicitly provides that from time to time the System for the conducting the business of renting motor vehicles may be changed.[33] The ELA provides there may be changes or amendments to the "marks, trademarks, trade names, and slogans from time to time used as a part of, in connection with, or applicable to said System".[34] The System licensed included "… all forms set forth or described from time to time therein, and all forms, advertising matter, devices, marks, trademarks, trade names, and slogans from time to time used as a part of, *in connection with*, or applicable to said System, and in and to all copyrights, trademarks, trademark registrations, trade names, and patents now or hereafter applied for or granted in connection therewith.…"[35] Budget is undeniably now used as a brand in connection with and as a part of the same System as Avis, and thus is licensed to Alaska Rent A Car under its ELA. Additionally, the ELA recognizes that the licensor has the right "to change the System and to change or amend the methods, rules and regulations

---

[32] Exhibit 5, ELA at 1 at ¶ 2.
[33] Exhibit 5, ELA at 1.
[34] Exhibit 5, ELA at 1 ELA at 1 ¶ 2.
[35] Exhibit 5, ELA at 1 ¶ 2 (emphasis added).

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 10 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

of said System, upon giving notice thereof to Licensee."[36] Additionally, the ELA provides "Licensor expressly reserves the right to change when and as it chooses, the System or any part thereof, including any forms, bulletins, procedures, or standard rental agreements; and <u>the System as so changed or amended, from time to time, shall for all purposes be deemed to be the System referred to in this Agreement</u>."[37]

Any change or amendment to the System becomes part of the System referred to in the License Agreement, *i.e.,* the System licensed to the Licensee in its exclusive territory. Thus even though the Defendants breached the ELA by allowing Budget to be operated as part of and through the System, once such wrongful conduct occurred, the Defendants thereby granted Alaska Rent A Car rights to Budget in Alaska Rent A Car's exclusive territory. The System, since there is only one, now includes Budget marks as they are used in connection with and as part of the System.

One of the Defendants' "big lies" in this case is that "Cendant bought Budget." In reality it was an asset purchase and not a stock purchase and Budget as a company was not purchased and no longer exists (it liquidated). The over $2 billion of Budget fleet acquired was all sold in less than 11 months and replaced by a new fleet purchased and owned by Avis.[38] Thus, the only thing really purchased was Budget trademarks which are now operated using the Avis System. Defendants cannot skirt their obligation to give new trademarks to Alaska Rent A Car, through its license, by purchasing rather than internally developing them.

Since there are already Budget licensees in certain locations in Alaska (Ketchikan, Kodiak, Anchorage, Juneau, Fairbanks and Kenai (and nonoperating licenses for Budget in Valdez and Dutch Harbor) "occupied areas"), and, therefore, Alaska Rent A Car cannot be given the Budget licenses for these areas, Alaska Rent A Car as a matter of law is entitled

---

[36] Exhibit 5, ELA at 1-2 ¶ 2.
[37] Exhibit 5, ELA at 8 ¶ 5 (emphasis added).
[38] *See* Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on Counts I and II at 30, footnotes 204-205.

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]    Page 11 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

to damages equal to the value of Budget Rent A Car in the foregoing locations. In other words, since Defendants cannot honor their license obligations of providing Alaska Rent A Car with Budget to operate in the Occupied Areas, Alaska Rent A Car is entitled to damages equal to the value of Alaska Rent A Car being allowed to operate Budget in those various territories. Alternatively the Court could order Defendants to purchase the Budget licensees in Alaska and turn them over to Alaska Rent A Car as specific performance of the ELA.[39]

DATED this 20th day of June, 2006.

          BANKSTON GRONNING O'HARA, PC
          Attorneys for Plaintiff Alaska Rent-A-Car, Inc.

By:    s/Jon T. Givens
       601 W. 5th Avenue, Suite 900
       Anchorage, Alaska 99501
       Phone: (907) 276-1711
       Fax: (907) 279-5358
       E-mail: jgivens@bankston.to
       AK Bar #9011072

---

[39] Alaska Rent A Car seeks permanent injunctive relief to separate Avis and Budget. If granted the damage remedies in this motion would be for past damages to the date of separation of Avis and Budget. Alternatively, if such injunctive relief is not granted, the Court should issue declaratory judgment that Alaska Rent A Car is entitled to Budget in all areas of the State of Alaska specifically identified in its ELAs from 1965, and a right of first refusal in all other areas consistent with the 1976 amendment to the ELA. Further, because the Defendants repeatedly indicate their blatant disregard for their contractual obligations, a permanent injunctive order should be issued prohibiting the Defendants from granting any Budget license in the State of Alaska for any of the Occupied Areas to anyone other than Alaska Rent A Car, and prohibiting the Budget licenses currently owned by other Budget licensees in the Occupied Areas from being transferred to anyone other than Alaska Rent A Car.

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]    Page 12 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2006 a copy of foregoing Motion and Memorandum In Support of Motion for Summary Judgment for Damages was served electronically on Diane F. Vallentine and on

Diane F. Vallentine
Jermain Dunnagan and Owens P.C.
3000 A Street, Suite 300
Anchorage, AK 99503

John F. Dienelt
DLA Piper Rudnick Gary Cary US LLP
1200 Nineteenth Street NW
Washington, DC 20036-2430

Barry M. Heller
DLA Piper Rudnick Gary Cary US LLP
1775 Wiehle Avenue, Suite 400
Reston, VA 20190-5159

by regular U.S. Mail

s/Jon T. Givens

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Motion and Memorandum in Support of Motion for Summary Judgment for Damages
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 13 of 13
A3388\05\SUMMARY JUDGMENT\DAMAGES\MEMdamages

Case 3:03-cv-00029-TMB   Document 179   Filed 06/20/06   Page 13 of 13