# AGREEMENT

THIS IS AN AGREEMENT made this _15th_ day of _January_, 1976, by and between ALASKA RENT-A-CAR, INC., an Alaska corporation with principal offices at 4577 International Airport Road, Anchorage, Alaska ("Licensee"), the stockholders of Licensee listed on the signature page hereof ("Stockholders"), and AVIS RENT A CAR SYSTEM, INC., a Delaware corporation with principal offices at 900 Old Country Road, Garden City, New York ("Avis").

WHEREAS, Licensee and Avis ("Licensor") are parties to certain license agreements, dated February 1, 1965, whereby Licensor granted Licensee an exclusive license to use the System, therein defined, in the conduct of a car rental business in the locations set forth (the "License Agreements" and individually a "License Agreement"); and

WHEREAS, Licensee and Avis are parties to certain litigation in the Superior Court of the State of Alaska, Third Judicial District, relating to the right to conduct a car rental business in locations in Alaska other than those set forth in the License Agreements; and

WHEREAS, Licensee and Avis are desirous of terminating the litigation and of licensing Licensee to conduct a car rental and truck rental business in certain locations not presently covered by the License Agreements, upon the terms and conditions hereinafter set forth,

NOW, THEREFORE, in consideration of the premises and the covenants hereinafter contained, the parties covenant and agree as follows:

1. **AMENDMENT OF LICENSE AGREEMENTS**: On the Closing Date (hereinafter defined) Licensee and Avis will execute an amendment to the License Agreements, in the form of Exhibit A attached hereto and made a part hereof (the "Amendment") which will grant Licensee the exclusive right to use the System in the conduct of a car rental business in the locations in the State of Alaska listed on Exhibits A and B attached hereto and made a part hereof, for the consideration specified in said Exhibits A and B. Licenses for operation by Licensee of a truck rental business in the same locations as shown on the License Agreements and Exhibit A, attached hereto, shall also be issued on closing, for no additional consideration except standard monthly payments. It is understood by and between the parties that Licensee shall pay to Avis, for the truck rental business, ~~one-half of one percent (.5%) of the gross time and mileage receipts until January 1, 1976.~~ After closing and during the calendar year 1976, Licensee shall pay to Avis the sum of one percent (1%). During the calendar year 1977, Licensee shall pay to Avis the sum of two percent (2%). During the calendar year 1978, Licensee shall pay to Avis the sum of three percent (3%). During the calendar year 1979, Licensee shall pay to Avis the sum of four percent (4%). During the calendar year 1980 and thereafter, Licensee shall pay to Avis the sum of five percent (5%).

2. **TERMINATION OF PENDING LITIGATION**: On or before the Closing Date, Licensee will execute, deliver, file and record all such documents, releases, stipulations and other instruments as shall be necessary in the opinion of counsel for Avis to terminate all further proceedings in, and to discontinue

A 0038

and dismiss, with prejudice, the litigation now pending in the Superior Court for the State of Alaska, Third Judicial District, Case No. 73-2390, and entitled *Alaska Rent A Car, Inc. v. Avis Rent A Car System, Inc.*

3. **FIRST REFUSAL RIGHT:**

(a) In the event that at any time while any License Agreement is in effect, Licensee or Stockholders shall receive a bona fide offer from a third party for the assignment, transfer or conveyance of any or all of the License Agreements, either separately or as part of the sale, transfer or other disposition of all or any part of the car rental or truck rental businesses conducted pursuant to said License Agreements, or for the sale of the stock of the corporation or the sale of any other entity which may then be parties to the License Agreements (any such assignment, transfer, conveyance or other disposition to such third party being called the "Sale"), Licensee shall, prior to accepting any such offer, first offer in writing (such writing being hereinafter sometimes referred to as the "Notice") to effect such sale to Avis. The Notice shall set forth all of those assets, agreements or properties to be included in the Sale, the name and business address of the proposed purchaser, the amount of consideration and all other terms of the Sale, including method and terms of payment, and shall certify that the proposed transaction is bona fide. Said Notice shall contain all information of any kind whatever available to said Licensee about said third party. In addition to the Notice, Licensee shall also furnish Avis with a balance sheet of Licensee's car rental business, including all cities licensed by Avis, contemporaneously with the Notice, together with a statement of income for the 12 month period immediately preceding the date of the balance sheet, both certified to be true and accurate and prepared in accordance with generally accepted accounting principals by the Chief Executive and Chief Financial Officers of Licensee, and will permit Avis to inspect the books and records of Licensee and make available to Avis and its accountants and lawyers such information relating to Licensee as it may reasonably request.

Avis shall regard such information so obtained as confidential and shall make no other use or disclosure of it to any person without Licensee's written consent.

(b) Avis shall have 90 days from its receipt of the Notice of exercise, at its sole option, its right of first refusal (hereinafter sometimes referred to as the "First Refusal Right") to acquire from Licensee or Stockholders those agreements, properties or other assets which are the subject of the Notice, for the same consideration and on the same terms as set forth in such Notice. Should Avis wish to exercise its First Refusal Right, it shall do so by giving written notification of such exercise to Licensee within said 90 day period. The notification shall be deemed given at the time it is received by Licensee via registered or certified mail to Licensee's address for notices set forth herein.

(c) If such First Refusal Right is not so exercised, Licensee may consummate the Sale which was the subject of the Notice, within 90 days after expiration of the 90 day period referred to above, to the transferee, for the con-

-2-

A 0039

sideration and upon the terms set forth in the Notice, in which event such Sale shall be free of the terms of this Agreement; provided, however, that nothing contained in this Agreement shall modify or abridge the requirements of Sections 9 and 11 of the License Agreements (relating to assignment of said Agreements). The time terms set forth in this paragraph are subject to modification in the event that the arbitration provisions set forth herein in subparagraph (g) are invoked and a final decision is not reached within said time terms.

(d) The parties specifically recognize that if either party should commit a material breach of this Agreement, the other party would be irreparably harmed and would have no adequate remedy at law. Accordingly, it is agreed that upon such violation the injured party may apply to a court of competent jurisdiction for injunctive relief. This should not be interpreted, however, to allow any action, in law or equity, on the issues of a bona fide Sale or acceptable third party, which issues shall, as provided herein, be resolved only through submission to binding arbitration.

(e) Should Avis exercise its First Refusal Right as set forth above, Licensee or Stockholders shall make the Sale to Avis and Avis shall purchase, within 90 days from said exercise, free and clear of all liens, charges and encumbrances, save and except for those that may be assumed by Avis.

(f) Should Avis exercise its First Refusal Right as set forth above, Licensee or Stockholders shall make the Sale to Avis and Avis shall purchase upon the terms and for the consideration set forth in the Notice, provided that if all or any part of the consideration payable under the terms of the Notice to Licensee or Stockholders is other than money or the promise to pay money, Avis may pay or deliver such substitute consideration in lieu thereof, as will, as nearly as reasonably possible, replace such consideration. In this regard, the parties shall cooperate to minimize the tax, business and other impacts which might be suffered by either party.

(g) In the event that Avis, within the 90 day period referred to above, furnishes Licensee with a certificate, signed by an officer of Avis, to the effect that Avis considers the terms of the proposed transaction not to be bona fide, or that Avis objects to the proposed transferee for any other reason, and setting forth in reasonable detail the basis of such belief, then, notwithstanding any contrary provision of this Agreement, Licensee or Stockholders shall not consummate the Sale set forth in the Notice. If Avis furnishes Licensee with such a certificate, Licensee or Stockholders may inform Avis, in writing within 30 days from receiving the certificate, that Licensee or Stockholders wish to submit the issue to binding arbitration. Should Avis not agree to such submission within 15 days from receipt of Licensee's or Stockholders' advice, or should the arbitration result in a finding in favor of Licensee or Stockholders, then Licensee or Stockholders shall be free to proceed as in subparagraph (c), above. Should Avis agree to arbitration of the issue, such arbitration shall be before and in accordance with rules of the American Arbitration Association in the City of Anchorage, Alaska, and the results of the arbitration shall

-3-

A 0040

LAW OFFICES OF
TER W. MILLER, JR.
SUITE 500
425 "G" STREET
HORAGE, AK. 99501
LEPHONE 278-9691

the City of Anchorage, Alaska, and the results of the arbitration shall be binding on both parties who shall bear the costs of such arbitration equally. Avis additionally agrees that, in the event Avis does not exercise its option rights hereunder, that Avis shall either consent or not consent to said proposed transaction within 90 days from receiving the Notice.

(h) For purposes of this Agreement, a "third party" is a person other than:

(1) The undersigned, Stockholders, their spouses, families, estates or any trust designed or utilized for estate planning and benefiting such Stockholders, spouses, families or estates.

(2) Employees of Licensee who are now or hereafter may become stockholders of Licensee.

(3) Any successor corporation to Licensee, whether by merger, consolidation or otherwise, so long as such successor is more than fifty percent (50%) owned by the undersigned Stockholders, their spouses, families, estates, such trusts and employees.

provided that in each such case described in (1), (2) and (3) above the transferee shall agree to be bound by and subject to the provisions of the First Refusal Right.

4. LEGENDS: Licensee and the Stockholders agree that appropriate legends shall be placed by the parties on all License Agreements and on all issued and outstanding certificates of stock in Licensee, which legend shall refer to the First Refusal Right of Avis provided for in this Agreement.

5. CLOSING DATE: At the closing, which will take place at _____ o'clock A.M. on the _____ day of _____, 1975, or such other date and time mutually agreed upon by the parties hereto (the "Closing Date"), at the offices of _____, the following documents will be delivered:

(a) By Avis to Licensee:

(1) Execution copies of the Amendment and of the truck rental licenses.

(2) Such other documents and instruments as may be reasonably required by, and in form and substance satisfactory to, counsel for Licensee.

(b) By Licensee to Avis:

(1) An executed stipulation of discontinuance.

(2) A general release in form and substance satisfactory to Avis.

(3) An order of the court dismissing the action entitled Alaska Rent A Car, Inc. v. Avis Rent A Car System, Inc., Case No. 73-2390, with prejudice.



-4-

A 0041

Exhibit 4

Case 3:03-cv-00029-TMB   Document 179-6   Filed 06/20/06   Page 4 of 10

Page 4 of 10

(4) Evidence satisfactory to Avis that appropriate legends have been placed on all the License Agreements and on all issued and outstanding certificates of stock in Alaska Rent A Car, Inc., referring to the First Refusal Right of Avis provided for in this Agreement.

(5) Such other documents and instruments as may be reasonably requested by, and in form and substance satisfactory to, counsel for Avis.

6. STANDARDS AND CRITERIA FOR OPERATION OF THE NEW LICENSES: Licensee will fully and adequately serve the entire area included in the license territories, and each portion thereof, and will from time to time establish, staff and operate such separate and additional offices and facilities, in addition to those presently maintained and operated by Licensee, as may be reasonably necessary for such service throughout that area.

7. MISCELLANEOUS:

(a) This Agreement has been executed and delivered in the State of New York and shall be governed by and construed and enforced in accordance with the laws of the State of New York.

(b) This Agreement contains the entire understanding between the parties hereto with respect to the transactions contemplated hereby and supersedes all prior negotiations and oral understandings, if any.

8. OTHER LICENSES OR ASSETS: In the event Licensee or any Stockholder may be or become the owner of shares in any other company which holds a franchise or license to use the Avis name or System in connection with a vehicle rental or leasing business in the State of Alaska, or the owner of any assets or property used or to be used in connection with such business, then the First Refusal Right shall apply as well to such shares or other ownership interest, upon the terms set forth in this Agreement.

9. NOTICES: Any notice, request or instruction to be given hereunder by any party hereto to another shall be in writing and shall be deemed given when sent by registered or certified mail, return receipt requested, postage prepaid, as follows:

(a) If to Licensee or Stockholders, addressed to:

Alaska Rent-A-Car, Inc.
4577 International Airport Road
Anchorage, Alaska 99503
Attention: Robert Halcro, President

(b) If to Avis, addressed to:

Avis Rent A Car System, Inc.
900 Old Country Road
Garden City, New York 11530
Attention: David I. Schaffer, General Counsel

LAW OFFICES OF
ITER W. MILLER, JR.
SUITE 500
425 "G" STREET
:HORAGE, AK. 99501
LEPHONE 278-9681

-5-

A 0042

Exhibit 4
Page 5 of 10

Case 3:03-cv-00029-TMB   Document 179-6   Filed 06/20/06   Page 5 of 10

IN WITNESS WHEREOF, the parties have hereunto set their hands and seals the day and year first hereinabove written.

ALASKA RENT-A-CAR, INC.

By: _____
President

AVIS RENT A CAR SYSTEM, INC.

By: _____
Senior Vice President

STOCKHOLDERS:

_____

_____

_____

For themselves and as Trustees for
Mary E. Hallro
Roberta Jane Hallro
Margaret Agnes Hallro
Andrew J. Hallro

OFFICES OF
W. MILLER, JR.
SUITE 200
"G" STREET
ACE. AK. 99501
ONE 270-9681

-6-

A 0043

Exhibit 4
Page 6 of 10
Case 3:03-cv-00029-TMB   Document 179-6   Filed 06/20/06   Page 6 of 10

EXHIBIT A

AMENDATORY AGREEMENT

THIS AGREEMENT dated the 15 day of January, 1976, between AVIS, INC., a Delaware corporation (hereinafter called "Avis"), and Alaska Rent-A-Car, Inc. (hereinafter called "Licensee)

W I T N E S S E T H:

WHEREAS, Avis and Licensee are parties to License Agreements, dated February 1, 1965, as amended, wherein Licensee is granted a license to use the Avis name and the Avis System, therein defined, in the conduct of a rent-a-car business in the locations therein set forth; and

WHEREAS, Licensee has requested and Avis has agreed that said License Agreements, as heretofore amended, be further amended to include in the licensed area the areas of Valdez, Petersburg, Wrangell, Kotzebue, Nome, Bethel, St. Mary's Sagwon, Prudhoe Bay, and Deadhorse, Alaska.

NOW, THEREFORE, in consideration of the premises and the mutual promises herein contained, the parties hereto agree as follows:

1. A franchise fee of $1,560.00 will be paid by Licensee upon execution of this Agreement, receipt of which is hereby acknowledged by Avis.

2. Section 1 of the License Agreement is amended, effective immediately, to read in its entirety as follows:

"1. GRANT OF LICENSE

1.1 In consideration for the sum of $1,560.00 and other good and valuable considerations, receipt of which is hereby acknowledged, and the mutual covenants contained herein, Licensor hereby grants to Licensee, subject to the terms and conditions hereof, a license to use the System in the conduct of a rent-a-car and a rent-a-truck business with respect only to the renting of passenger cars and trucks, unless otherwise provided herein and subject to all the terms and provisions of this Agreement. This and said earlier licenses cover operation of Licensee's business in the following locations:

(a) Under licenses dated February 1, 1965, the cities and areas of:

(1) Anchorage, Elmendorf Air Force Base, Fort Richardson, Homer, Kenai, Mt. View, Palmer, Seward, Soldotna and Spenard, Alaska.

(2) Fairbanks, Big Delta, Clear, Eielson Air Force Base and Fort Greely, Alaska.

(3) Juneau, Douglas, Haines, Ketchikan, Sitka, and Skagway, Alaska.

(4) Kodiak, Alaska.

A 0045

LAW OFFICES
HUGHES,
ORSNESS, LOWE,
ANTZ & CLARK
COMMERCE BLDG.
509 THIRD AVE.
PHONE 274-7822
ANCHORAGE,
ALASKA

(b) Added by this agreement to each of the listed licenses, the cities and areas of, respectively:

    (1) To the Anchorage license; Bethel, Alaska.

    (2) To the Fairbanks license; Kotzebue, Nome, Valdez, St. Mary's, Prudhoe Bay, Barrow, and Deadhorse, Alaska.

    (3) To the Juneau license; Petersburg and Wrangell, Alaska.

    (4) To the Kodiak license; no addition.

1.2 It is additionally agreed:

(a) That Alaska conditions of terrain and weather as well as changing and cyclical economic conditions may result in customer demands for quick service in new and even temporary locations or camps. It is understood that Licensee may utilize his floating fleet to meet such demands, with full reporting of such circumstances to Avis. Should it appear that such demands will require continuous service for more than six (6) months, then in such event, Licensee shall immediately apply to Avis for addition of such new cities and areas to be added to the License Agreements, and shall pay such additional franchise fee as shall be computed in accordance with the method and basis in Exhibit B attached hereto, and Avis shall forthwith add such new cities and areas to the License Agreements.

(b) It is further agreed that so long as these License Agreements remain in effect, no other license or operation in any other city and area of Alaska will be issued or allowed by Avis unless and except Avis shall first have given Licensee the right and opportunity to first acquire such license or operation, in accordance with the terms set forth in (a) above wherein Licensee may apply for and obtain addition of new cities and areas. This shall apply as well to a license or operation earlier held by Avis or a third person, or a proposed license or operation, which has been discontinued or not activated as proposed. For example, should Avis propose to open an operation, and Licensee decline its right and opportunity to first acquire such operation, and the operation is not commenced as proposed, but later is again proposed, then Licensee shall again be given the right and opportunity to first acquire.

(c) All monthly fees payable to Avis for Valdez, Petersburg, Wrangell, Kotzebue, Nome, Bethel, St. Mary's, Prudhoe Bay, Barrow, Deadhorse and will be included within the Monthly Fee and Statistical Report for their respective regions."

3. The provisions of this Agreement shall not affect any other term or provision of said License Agreements, as heretofore amended, which License Agreements, as further amended hereby,

GHES, THORSNESS,
SANTZ, POWELL
& BRUNDIN
ATTORNEYS AT LAW
WEST THIRD AVENUE
ANCHORAGE, AK. 99501
(907) 274-7522

-2-  A 0046

shall continue in full force and effect in accordance with their terms.

  IN WITNESS WHEREOF, the parties hereto have hereunto set their hands the day and year first hereinabove set forth.

| LICENSOR | LICENSEE |
|---|---|
| AVIS, INC. | ALASKA RENT-A-CAR, INC. |

By /s/ *[signature]*
 Vice President

By /s/ *[signature]*
 President

HUGHES, THORSNESS,
GANTZ, POWELL
& BRUNDIN
ATTORNEYS AT LAW
09 WEST THIRD AVENUE
ANCHORAGE, AK. 99501
(907) 274-7522

-3-

A 0047

EXHIBIT B

| CITIES TO BE FRANCHISED IN THE STATE OF ALASKA | 1970 FEDERAL CENSUS POPULATION |
|---|---|
| 1. Valdez | 1,005 |
| 2. Petersburg | 2,042 |
| 3. Wrangell | 2,029 |
| 4. Kotzebue | 1,006 |
| 5. Nome | 2,488 |
| 6. Bethel | 2,416 |
| 7. St. Mary's | 384 |
| 8. Prudhoe Bay | — |
| 9. Barrow | 2,104 |
| 10. Deadhorse | — |
| | 13,474 |

13,000 x 120.00 per thousand = $1,560.00 Total franchise fee due.

A 0044