William M. Bankston, Esq.
Jon T. Givens, Esq.
Christopher J. Heaphey, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT A CAR, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CENDANT CORPORATION, et al., | ) ) |
| Defendants. | ) Case No. 3:03-cv-29 [TMB] ) |

**MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT VI OF THE FIRST AMENDED COMPLAINT VIOLATION OF ALASKA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT (AS 45.50.471)**

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................... 1

II.     STATEMENT OF FACTS ....................................................................... 2

        A.      Background ................................................................................. 2

                1.      The "Defendants" ........................................................... 2

                2.      The Avis Franchisor and Alaska Rent A Car's Exclusive
                        License Agreement in Alaska ......................................... 3

                3.      The Avis System Includes All Aspects of Cendant Car
                        Rental Group's Car Rental Business ............................... 3

                4.      The Avis System Gave Alaska Rent A Car a Competitive
                        Advantage ....................................................................... 4

                5.      The Agency Settlement Agreement Requires that Defendants
                        Keep Avis Wholly Separate and Independent from Budget .............. 5

                6.      Prior to Cendant's Acquisition of Budget, Avis and Budget
                        Competed Vigorously for Leisure and Corporate Rentals ................ 7

                7.      Avis Acquires Budget ..................................................... 7

        B.      Following the Acquisition Defendants Integrated Budget into the
                Avis Car Rental System ............................................................. 8

                1.      Avis Employees Now Work for Budget ........................... 9

                2.      The Sales and Marketing of Avis and Budget are Fully
                        Integrated and Operating Under the Same System ................. 11

                        a.      The Avis sales force became a joint CCRG/Avis
                                Budget Car Rental sales force .............................. 11

                3.      Budget Now has Incorporated Key Components of Avis'
                        Operation Systems ........................................................ 12

Motion and Memorandum In Support of Motion for Partial Summary Judgment on Count VI
of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page i
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Case 3:03-cv-00029-TMB   Document 182   Filed 06/20/06   Page 2 of 55

B ANKSTON  G RONNING  O' H ARA , P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

4.    Budget Reservations have Improved Because Defendants
      Gave Budget the Avis Reservation System ...................................... 13

5.    Budget Now Uses Avis' Quality Assurance and Customer
      Service Standards .............................................................................. 14

6.    Avis and Budget Now Share a Fleet ................................................. 15

7.    CCRG/Avis Budget Car Rental Provides Budget Licensees
      Programs and Benefits ...................................................................... 17

C.    Defendants Have a Policy of Non-Competition Between Avis and
      Budget and Fix Their Prices Accordingly ..................................................... 17

1.    Avis Loses Business Because CCRG Refuses to Bid Avis or
      Will Not Bid Avis at a Competitive Rate ......................................... 22

2.    CCRG Segments the Market Between Avis and Budget ................. 26

D.    CCRG/Avis Budget Car Rental is Part of Defendants' Shell Game ........... 29

1.    CCRG/Avis Budget Car Rental is Avis ........................................... 29

2.    Defendants Admit They Could Not Jointly Manage and
      Operate Budget as Avis .................................................................... 33

III.   STANDARD OF REVIEW ................................................................................. 34

IV.   ARGUMENT ...................................................................................................... 35

A.    Defendants Perpetuate Extensive Unfair Trade Practices ........................... 37

1.    Defendants' Policy of Non-Competition Between Avis and
      Budget Including Selective Bidding, and the Fixing of Prices
      in Both of the Franchises Constitute Unfair Trade Practices ........... 38

      a.    Defendants' practices are unfair because they exclude
            Alaska Rent A Car from market share. ................................ 39

      b.    Defendants' pricing and bidding practices violate the
            federal Sherman Act and parallel Alaska Antitrust
            Statute, and accordingly, are prohibited under the Unfair
            Trade Practices Act. ............................................................ 40

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                          Page ii
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Case 3:03-cv-00029-TMB   Document 182   Filed 06/20/06   Page 3 of 55

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

2.     Defendants' Practice of Segregating the Avis and Budget Markets Unfairly Limits Alaska Rent A Car's Access to Potential Customers ........................................................... 43

3.     Defendants Unfairly Hinder Alaska Rent A Car from Fulfilling its Contractual Obligations ................................................ 45

4.     Defendants' Operation and Management of a Competing Brand Within Alaska Rent A Car's Exclusive Territory Constitutes an Unfair Trade Practice ................................................ 46

5.     Defendants' Intent to Never Honor the Agency Settlement Agreement is an Unfair Trade Practice ............................................ 47

6.     Defendants Violated the Unfair Trade Practices Act When It Began Operating Budget Under the Avis Car Rental System .......... 48

IV.     CONCLUSION ........................................................................................ 50

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]        Page iii
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Case 3:03-cv-00029-TMB    Document 182    Filed 06/20/06    Page 4 of 55

# I.    INTRODUCTION.

Defendants' acquisition of Budget, and its act of joining Budget and Avis under one umbrella, has created an inherent conflict; Defendants now divide their loyalties between two competing entities, and by doing so, perpetuate unfair trade practices. In Alaska, Defendants now facilitate operation of Budget franchises as direct competitors against their longtime franchisee, Alaska Rent A Car. In consolidating Budget and Avis, Defendants have failed to adequately mitigate the economic harm that results from having these opposing loyalties. Instead, Defendants have exacerbated the conflict by using differential sales (fixing prices and restraining bidding), and selective marketing and advertising, all of which effectively reduces Alaska Rent A Car's market and competitiveness. In addition, Defendants have given Budget an incredible competitive boost by handing them their (and Alaska Rent A Car's) extensive business operating system including: reservation systems, management, marketing, finance systems, and sales staff. Defendants' activities, including their blatant encroachment on their long-term licensee, as well as their differential pricing and marketing strategies, demonstrate pervasive unfair trade practices. The unlawful nature of these trade practices is compounded by the fact, that prior to the lawsuit, Defendants had neither disclosed these activities to their exclusive licensee, Alaska Rent A Car, nor took steps to mitigate any of the economic damage these activities have caused.

Summary judgment is appropriate for two reasons: 1) given the nature of these activities and the fact they are obviously unlawful trade practices; and 2) because the factual basis demonstrating these practices is primarily derived from Defendants' admitted policies and actions.[1]

---

[1] This motion addresses only the issue of whether Defendants have engaged in unfair trade practices as a matter of law. The issue of remedies and Alaska Rent A Car's rights to damages and injunctive relief will be addressed in separate motions.

Motion and Memorandum In Support of Motion for Partial Summary Judgment on Count VI
of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 1
A3388\05\SUMMARYJUDGMENT\MEMSunfairtradepractices.DKW2

## STATEMENT OF FACTS

### A.   Background.

#### 1.   The "Defendants."

As extensively discussed in the Memorandum in Support of Plaintiff's Motion to Disregard Defendants' Corporate Form and Pierce the Corporate Veil (and incorporated herein by reference), the Defendants' names have evolved overtime. Cendant Corporation directly owns all of the other Defendants.[2] For simplicity sake, all individual defendant entities will be generally be referred to as either "Defendants" or "Cendant", or "CCRG."

---

[2] Defendants function as a single business enterprise despite the existence of multiple tiers of parent and subsidiary corporations and limited liability companies. Defendants do not do business in accordance with their corporate forms and should not be permitted to avoid or limit liability for the various breaches of contract, torts and statutory violations which have harmed Alaska Rent A Car simply because Defendants purport to exist separate and apart from one another. Defendant Cendant Corporation ("Cendant") directly or indirectly owns all of the other defendants, Cendant Car Rental Group, Inc., now Avis Budget Car Rental LLC ("CCRG/Avis Budget Car Rental"), Avis Car Rental Group, Inc., now Avis Car Rental Group, LLC ("ACRG"), Avis Group Holdings, Inc., now Avis Group Holdings, LLC ("Avis Group"), Avis Rent A Car System, Inc., now Avis Rent A Car System, LLC ("ARACS") and Budget Rent A Car System, Inc. ("BRACS"), as a result of acquisition or incorporation. The parent and subsidiary corporations share common officers and directors, the majority of whom were officers or directors of Avis (including Avis Group, ACRG and ARACS) prior to Cendant's acquisition of Budget in November 2002. The officers, directors, and employees of CCRG/Avis Budget Car Rental, ACRG, Avis Group, ARACS and BRACS (collectively the "Defendant Subsidiaries") take direction from, and act in the best interest of, Cendant, not the subsidiaries these individuals purport to serve. Cendant, either directly or indirectly through CCRG/Avis Budget Car Rental, manages the finances, directs the cash flow, controls the fleet and pays the operating expenses of the Defendant Subsidiaries. The Defendants' executives and employees think and act as if the Defendant Subsidiaries are divisions or departments of Cendant. *See* Memorandum in Support of Plaintiff's Motion to Disregard Defendants' Corporate Form and Pierce the Corporate Veil, at p. 1 and additional facts supporting unfair trade practices contained therein, and incorporated herein by reference.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                          Page 2
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

**2.      The Avis Franchisor and Alaska Rent A Car's Exclusive License Agreement in Alaska.**

Since 1956, Alaska Rent A Car has owned and operated an Avis Rent A Car business in Alaska under an exclusive license agreement.[3] The license agreement grants Alaska Rent A Car "an exclusive license to use the System in the conduct of a vehicle rental business for renting cars only."[4] Alaska Rent A Car is a franchisee of the vehicle rental system, and defendant CCRG, Inc. is the franchisor of the vehicle rental system. The business systems of the franchise were built over 50 years within a framework of dutiful loyalty of a network of franchisee and franchisor owned locations all dedicated solely to promoting the System and the Avis name to the exclusion of all other competitors, systems, and brand names. The ELA acknowledges the System will be licensed in conjunction with "the name 'Avis'" to licensees in their territories and used by licensor in other territories.[5] The ELA requires "Licensor and other Licensees" to cooperate in promoting and developing the System.[6] The ELA recognizes all "vehicle rental customers" and "all vehicle rental reservations" are to be kept within the network of licensee and licensor locations.[7] The licensees (all) agree in their various agreements to cooperate in promoting the System and not to associate with any other vehicle rental business.[8]

**3.      The Avis System Includes All Aspects of Cendant Car Rental Group's Car Rental Business.**

The System encompasses the entire way Defendants operate their car rental business. The System is defined in the exclusive license agreement (ELA) as follows:

> [A] plan or system for conducting the business of renting motor vehicles, without drivers, hereinafter called "vehicle rental business," which plan or

---

[3]  Exhibit 1, 1956 Exclusive License Agreement and Exhibit 2, 1965 Exclusive License Agreement.
[4]  Exhibit 2, 1965 Exclusive License Agreement, at p. 1 ¶ 1.
[5]  Exhibit 2, 1965 Exclusive License Agreement, at p. 1 ¶ 2.
[6]  Exhibit 2, 1965 Exclusive License Agreement, at p. 3 ¶ 3.10.
[7]  Exhibit 2, 1965 Exclusive License Agreement, at pp. 3, 4 ¶ 3.10.
[8]  Exhibit 2, 1965 Exclusive License Agreement, at pp.3-4 ¶¶ 3.10, 3.12.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                    Page 3
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

system consists, <u>among other things</u>, of uniform methods of operation, accounting, advertising service and publicity, courtesy and credit card service, kind and amount of insurance protection, method of procuring insurance protection and equipment, style and character of equipment, furnishings and appliances used in the conduct of said business, methods of procuring business and referral of business, and the right to use the name "Avis," "Avis System," "Avis Rent A Car System," "Avis Rent A Truck System" and "Avis Truck Rental Service" all of which constitute a part of said system, which system is generally know[n] as Avis Rent A Car System and is sometimes referred to hereinafter as the "System."[9]

Thus, under the License Agreement, the Avis name is merely a small part of the System, but the System also exists independent of the Avis name.

In the course of litigation, Defendants also admitted that the Avis System includes the Wizard reservation computer system (the "Wizard system"):

The business encompassed by the License Agreement is the use of the Avis System for renting cars in a particular territory by the licensee. At the heart of the Avis System is the Avis name and its New York based computerized state-of-the-art central reservation and rental system. Computer system reservations are made by customers or travel industry personnel who call a nationwide toll free telephone number to reserve a vehicle at any Avis location throughout the world. The computer system is accessed directly and automatically by travel agents, airlines and others. It is a key link in providing car rental services to the travel-oriented public. About 80% of the business of the licensees is generated from it.[10]

### 4. The Avis System Gave Alaska Rent A Car a Competitive Advantage.

There is no question that the Avis System was far superior to the system that Budget used prior to Defendants' acquisition and integration of Budget into the

---

[9] Exhibit 2, 1965 Exclusive License Agreement, at p. 1 [emphasis added].

[10] Exhibit 3, Plaintiff's Memorandum in Support of Motion for Declaratory and Summary Judgment filed October 18, 1995 in the Agency litigation, at pp. 6-7; *See also,* Alaska Rent A Car's Memorandum in Support of Motion for Partial Summary Judgment on Breach of the Implied Covenant of Good Faith and Fair Dealing for additional facts supporting the all inclusive system and its superiority to Budget's, contained therein, and incorporated herein by reference.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)

*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                    Page 4
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

**BANKSTON GRONNING O'HARA, P.C.**
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Avis System. In a J.D. Power and Associates Report titled, "2001 Syndicated Airport Rental Car Customer Satisfaction Study," Avis tied with National for number one in overall satisfaction among business renters.[11] Avis was a close number three in overall satisfaction among leisure renters.[12] Budget was dead last in both ratings.[13] According to the report, Budget was also last with regard to quality of its pick-up process.[14] Because the Avis System was far superior to the system that Budget utilized before Defendants acquired Budget, it gave Alaska Rent A Car a competitive advantage over its local Budget competitors in Alaska.[15]

> **5.** **The Agency Settlement Agreement Requires that Defendants Keep Avis Wholly Separate and Independent from Budget.**

In 1973, Avis attempted to open an Avis car rental location in Valdez, Alaska and Alaska Rent A Car sued to prevent the opening.[16] In 1976, Avis and Alaska Rent A Car reached a settlement which modified Alaska Rent A Car's license agreement by expanding its exclusive territory and guarantying that Avis would not compete with Alaska Rent A Car in the State of Alaska ("1976 Settlement Agreement").[17]

In 1995 Avis again tried to compete against Alaska Rent A Car by purchasing a competing car rental company – Agency Rent A Car, Inc. ("Agency"). As a result of various lawsuits, Avis sold off Agency and settled with its licensees. The Agency Settlement Agreement and Release ("ASA") specifically acknowledges the right of the Avis licensees under the license agreements "to conduct a Licensee Car Rental Business

---

[11] Exhibit 4, Excerpt of J.D. Power and Associates, 2001 Syndicated Airport Rental Car Customer Satisfaction Study, at p. 3.

[12] *Id.* at p. 3.

[13] *Id.* at p. 3.

[14] *Id.* at p. 4.

[15] *See, e.g.,* Excerpt of Deposition of Steve Kelly dated March 13, 2006 at pp. 80-81; *See also,* Alaska Rent A Car's Memorandum in Support of Motion for Permanent Injunction for additional facts supporting the competitive advantage incorporated herein by reference.

[16] *Alaska Rent A Car, Inc. v. Avis Rent A Car System, Inc.*, Case No. 73-2390, Superior Court for the State of Alaska, Third Judicial District at Anchorage.

[17] Exhibit 5, January 15, 1976 Settlement Agreement with Exhibits A and B.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                    Page 5
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

within one or more Exclusive Territories and to use and be part of the Avis System in connection therewith."[18] The ASA broadly defines the Avis System as "the system used in and for the creation, management, promotion, and operation of the Car Rental Business."[19] Section I of the ASA specifically provides:

> The Avis Parties acknowledge and confirm that the scope of the ELAs includes, within the terms of the ELAs and without limitation, any and all past, present and/or future segments, tiers, niches and/or any other term that may be used to describe subdivisions, parts or portions (collectively "Segments") of the market for the rental of passenger cars without drivers. Each of the Licensees have and shall continue to have, subject to the provisions of the ELAs, the unlimited right to engage in the Licensee Car Rental Business in any and all present and future Segments of the car rental market, within their respective Exclusive Territories.[20]

The ASA also prohibits the Avis Parties from acquiring or participating in the operation of a competing rental car company.[21] "Acquire" is defined as "to own, manage, establish, operate, act in concert or participation with, franchise or license."[22] The Parent HFS, now Cendant, has the right to acquire an additional rental car company only "so long as the management and operations…are wholly separate and independent from the management and operations of the Avis Parties", the Avis brand and the licensees' business.[23] In 2001 Alaska Rent A Car signed a Statement of Joinder in Settlement by which it became a party to the ASA.[24]

---

[18] Exhibit 6, Agency Settlement Agreement and Release dated September 23, 1997 at p. 2. The Parent, now Cendant, "acknowledges, ratifies, and adopts" this provision in p. 5 ¶ IV.A.

[19] Exhibit 6, at p. 1, No. 7.

[20] Exhibit 6 at p. 3, ¶ I.A. The parties agreed this was a binding judicial admission. *Id.* at p. 7, ¶ IV.F.

[21] "The Avis Parties agree that they cannot Acquire an Additional Company or any Location thereof within any of the Exclusive Territories or otherwise compete with any of the Licensees within their Exclusive Territories." Exhibit 6 at p. 3, ¶ I.B.

[22] Exhibit 6 at p. 1, No. 1.

[23] Exhibit 6 at p. 5, ¶ IV.B.

[24] Exhibit 7, July 24, 2001 Letter from Robert J. Halcro with enclosed Statement of Joinder in Settlement.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 6
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

6.     **Prior to Cendant's Acquisition of Budget, Avis and Budget Competed Vigorously for Leisure and Corporate Rentals.**

Prior to Cendant's acquisition, Avis and Budget participated in the same markets and competed for the same customers. Nicholas L. Sofianopoulos, Avis' Director of Corporate Pricing prior to the Budget acquisition,[25] testified that Avis and Budget competed vigorously prior to the merger. Budget felt the brunt of this competition and was forced to lower its prices.[26] Obviously, customers benefited from this competition in the form of lower pricing offered by both Budget and Avis.

On a local level, the Avis and Budget licensees competed vigorously for Alaska business (and attempt to continue to do so despite CCRG's anti-competitive conduct.) Corporate Sales & Leasing, Inc. ("Corporate Sales") is Alaska's largest Budget licensee, with operations in Anchorage, Fairbanks, Juneau and Kenai.[27] Likewise, Alaska Rent A Car has outlets in Anchorage, Fairbanks, Juneau, Kenai and other locations.[28] Alaska Rent A Car considers Budget to be one of its main competitors in the State of Alaska.[29]

7.     **Avis Acquires Budget.**

In 2002, Defendants purchased the assets of Budget from its Chapter 11 estate.[30] This purchase had a major impact on the dynamics of the car rental market as it put Defendants in the unique position of being able to control the marketing and sales of two separate franchises and competing brands.

---

[25] Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006, at pp. 16, 26-27, 30-31.

[26] Excerpt of Deposition of Philip Dulk at pp. 13, 16-17; *see also,* Excerpt of Deposition of Heidi Mateja at pp. 27-32.

[27] Excerpt of Deposition of Tony Stanley dated February 24, 2006 at p.116.

[28] Exhibit 8, Affidavit of Andrew Halcro dated June 19, 2006 at ¶ 2.

[29] Exhibit 8, Affidavit of Andrew Halcro dated June 19, 2006 at ¶ 2.

[30] Excerpt of Rochelle Tarlowe Deposition at pp. 68-69; Exhibit 9, Cendant Memorandum November 22, 2002, "Funds Flow for Asset and Stock Purchase Agreement – Budget Group, Inc."

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 7
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Case 3:03-cv-00029-TMB   Document 182   Filed 06/20/06   Page 11 of 55

**BANKSTON GRONNING O'HARA, P.C.**
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

B.      Following the Acquisition Defendants Integrated Budget into the Avis
Car Rental System.

The integration of Budget into Avis began as soon as the acquisition was complete.[31] At his March 2004 deposition, F. Robert Salerno, former president of ARACS and now president of CCRG/Avis Budget Car Rental, testified that numerous departments and operations had been or would be consolidated, including yield management, sales and marketing, pricing, training, fleet management, vehicle acquisition, revenue, business systems, data storage, insurance, human resources, finance, audit, accounting, vehicle repair and maintenance and information technology.[32] Integration has consisted largely of converting Budget to the Avis System.[33] Budget's operations were transferred to Avis' staff as originally planned by Defendants prior to the acquisition.[34] Budget and Avis licensees, including Alaska Rent A Car, now pay their license fees directly to CCRG/Avis Budget Car Rental.[35] As set forth in detail below, the integration of Budget into the Avis System has occurred with respect to every facet of management and operations.

_____

[31]  Exhibit 10, CCRG Quarterly Budget Integration Update from David D. Blaskey to Kevin Sheehan and David Wyshner dated March 25, 2003; Additional facts demonstrate that Budget was integrated with Avis under the Avis System are contained in Alaska Rent A Car's Memorandum in Support of Motions for Partial Summary Judgment on Counts I and II of the First Amended Complaint Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing incorporated herein by reference.

[32] Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at pp. 128-145.

[33] Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at pp. 128-146.

[34] Excerpt of 30(b)(6) Deposition of Scott Deaver dated April 14, 2006 at pp. 5, 9-11, 17-18, 20. *See also,* Exhibit 11**,** Salomon Smith Barney Project Highway – Financing: Lease Transaction Opinion Discussion Materials, dated November 21, 2002 at p. 6. Defendants also admitted in a strategic plan that the goal was to "integrate Budget and Avis into one system to enable synergies and fleet sharing." Exhibit 12, Excerpt of Cendant Car Rental Group Corporate Strategy 2004 – 2006 dated September 15, 2003 at p. 3.

[35] Exhibit 13**,** CCRG Memo from Margie McGee to Avis Licensee System Members dated February 26, 2003; Excerpt of Deposition of Kathleen Klopfer dated November 17, 2005 at pp. 156, 246; Excerpt of Deposition of Francisco J. Gonzalez-Pita dated January 17, 2006 at p. 143; Excerpt of Deposition of Bill Von Esmarch dated February 10, 2006 at pp. 117, 126-128.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 8
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

**BANKSTON GRONNING O'HARA, P.C.**

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 · Fax (907) 279-5358
www.bankston.to

1.      **Avis Employees Now Work for Budget.**

The knowledge and experience of the Avis employees are a significant component of the Car Rental System. Since the Budget acquisition, there has been a wholesale transfer of Avis employees to CCRG/Avis Budget Car Rental.[36] With only limited exceptions, the names, departments, titles and addresses in the 2004 CCRG/Avis Budget Car Rental directory are identical to those in the 2002 Avis/Cendant directory. As of October 14, 2005, the Avis.com and Budget.com websites listed the exact same executives, serving in the exact same positions, for both Avis and Budget.[37]

The former Avis employees now do the same work for Budget that they used to do solely on behalf of Avis; only the name has changed.[38] As Salerno confirmed, Avis' corporate officers were transferred to CCRG/Avis Budget Car Rental to perform for Budget and Avis the tasks Avis trained them to perform for Avis:

> Q.    Okay. And so the -- with the exception of Mary LeBlanc, the entire Avis Rent A Car System, Inc. senior management team is now the entire senior management team for Cendant Car Rental Group?
> A.    That's true.
>
> Q.    Okay. So one day everybody was Avis, and they all reported to a particular office in a particular building, sat at a particular desk, and then at some point in time those people became Cendant Car Rental Group executives, but they reported to the same office, sat at the same desk, did the same job functions except for two brands instead of one?

---

[36] Exhibit 14, Comparison of Entity Directories, *Source*: Avis Cendant Organization Directory dated June 2002 [A1281 – A1305] and Cendant Car Rental Group Organization Directory dated January 2004 [A45772 – A45799]. *See also*, Excerpt of Mark Servodidio Deposition dated August 2, 2005 at p. 28 (testifying that a comparison of the 2002 Avis phone directory and the current CCRG phone directory would provide a fairly accurate list of employees that used to work for Avis that are now with CCRG/Avis Budget Car Rental).

[37] Exhibit 15**,** Avis "Executive Bios" webpage (www.avis.com) and Budget "Leader Profiles" webpage (www.budget.com) as of October 14, 2005.

[38] Exhibit 16**,** CCRG Internal Memorandum from Avis Communications dated January 8, 2003 regarding Guidelines for Business Cards, Stationery, Voicemail, etc. at pp. 1-2.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 9
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

A.    That's correct.[39]

Defendants' plan from the beginning was "to significantly improve Budget's profitability by eliminating most non-customer facing operations at Budget and transferring these functions to its existing Avis staff…"[40] By November 18, 2003, thirty-six percent (36%) of Budget's administrative positions had been eliminated.[41] The Avis Human Resources ("HR") Department became CCRG/Avis Budget Car Rental's HR department and now hires the Budget employees.[42] Budget reservation personnel are trained and the quality of their work is measured by the standards developed for Avis.[43] The same CCRG/Avis Budget Car Rental pricing analyst sets the price for both Budget and Avis Corporate locations in the same geographic area.[44] Thus, Defendants have commandeered Avis' most valuable resource, its experienced and knowledgeable managers and employees, for the benefit of Budget.

In addition, Budget's physical facilities have been integrated with Avis' physical facilities. According to Robert Salerno, the goal was to consolidate as many of the vehicle maintenance and repair facilities as possible.[45]

**BANKSTON GRONNING O'HARA, P.C.**

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[39] Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at pp. 141-142.

[40] Exhibit 11 at p. 6. *See also,* Exhibit 12, Cendant Car Rental Group Corporate Strategy 2004 – 2006 dated September 15, 2003, and Excerpt of 30(b)(6) Deposition of Scott Deaver dated April 14, 2006 at pp. 54-55 (by September 2003 CCRG's management "had hold of both brands").

[41] Exhibit 17**,** Transcript of presentation by Kevin Sheehan, Chairman and CEO of Vehicle Services Division, on Cendant Investor Day dated November 18, 2003 at p. 5.

[42] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 136; Excerpt of Mark Servodidio Deposition dated August 2, 2005, at pp. 77-91.

[43] Excerpt of Beth Moorhouse Deposition dated October 9, 2003 at pp. 23-30, 61-65, 115-116 and 134-138.

[44] Excerpt of Theodore Botimer Deposition dated January 27, 2004 at pp. 160-161.

[45] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 139.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 10
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

**2.     The Sales and Marketing of Avis and Budget are Fully Integrated and Operating under the Same System.**

**a.     The Avis sales force became a joint CCRG/Avis Budget Car Rental sales force.**

Licensees like Alaska Rent A Car do not have a national sales force but rely on their franchisor and pay license fees to the franchisor for such services.[46] According to Salerno, eighty percent (80%) of the licensees' business is generated by the franchisor.[47] The largest Budget licensee in Alaska receives approximately 70% of its total time and mileage and other car rental revenue from reservations received from the franchisor through the reservation system and sixty-five percent (65%) of its business from travelers traveling under a corporate, association or government agreements generated by CCRG/Avis Budget Car Rental's sales force.[48]

At the time of the Budget acquisition, the Defendants decided that sales and marketing for Budget would be supported by the Avis System.[49] In an October 30, 2002 Sales Organization Integration Plan, Defendants acknowledged the potential implications for the Avis licensees that would result from combining "brand sales functions down to the individual salesperson level."[50] In this document, combining the brand sales functions in

---

[46] Excerpt of Charles Fallon Deposition dated July 7, 2005 at pp. 316-318; Excerpt of Kathleen Klopfer Deposition dated November 17, 2005 at pp. 156-157; Excerpt of Tony Stanley Deposition dated February 24, 2006 at pp. 122-132; Excerpt of Becky Alseth Deposition dated November 10, 2004 at pp. 130-131.

[47] Exhibit 3, Excerpt of Plaintiffs' Memorandum in Support of Motion for Declaratory and Summary Judgment filed October 18, 1995 in the Agency Litigation at p. 7.

[48] Exhibit 19, Affidavit of Emelia Stanley dated April 7, 2006 at pp. 2-3.

[49] Exhibit 20, AVIS Sales & Marketing-Project Charter, Planning 2.0. According to this document, Defendants planned to "Provide the [Budget] Sales and Marketing department with the same functionality that is available to Avis", and "[C]onsolidate the Sales & Marketing business functions of Avis and Budget to reduce costs and improve customer support." *See also*, Exhibit 21, Excerpt of Cendant Car Rental Organization Integration Plan dated October 30, 2002 at p. 2. According to this document, Defendants directed that "new salespeople to have access to Avis systems."

[50] Exhibit 21, October 30, 2002 Sales Organization Integration Plan.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 11
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

this manner was identified as a "critical red flag" item which was "subject to agreement by Avis licensees."[51] Nonetheless, without the agreement of the Avis licensees, the former Avis' sales force became the sales force for CCRG/Avis Budget Car Rental and its personnel were assigned to handle sales for both Avis and Budget, thereby eliminating the competitive advantage previously associated with Avis' superior sales force.[52]

> ### 3. Budget Now has Incorporated Key Components of Avis' Operation Systems.

Defendants' 30(b)(6) witness on information technology, Joseph Kirrane, testified that Avis is known as a rental car company at the forefront of information technology ("IT").[53] In connection with Defendants' integration of Budget, Avis' proprietary computer technology and computer systems, including the updated Wizard System, were given to Budget.[54] Joseph Kirrane also confirmed that the strategy of converting the Budget financial systems to Avis' to eliminate maintenance, support and operations costs was accomplished.[55]

Similarly, Budget now uses the Avis composite system,[56] and has access to Customer Service Rental Adjustment Policy, like the one Avis has with its Licensees."[57]

---

[51] *Id.*

[52] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 38-39, 129-130; *see also,* Excerpt of James Krapf Deposition dated November 11, 2004 at pp. 148-149; Excerpt of Charles Fallon Deposition dated March 25, 2004 at p. 49; Excerpt of Steve Kelly Deposition dated March 13, 2006 at pp. 80-81; Excerpt of Peter Depaschalis Deposition dated February 8, 2006 at pp. 26-27, 33-34, 105.

[53] Excerpt of Joseph Kirrane 30(b)(6) Deposition dated October 13, 2005 at p. 65.

[54] Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at pp. 125-128.

[55] Excerpt of 30(b)(6) Deposition of Joseph Kirrane dated October 13, 2005 at p. 41.

[56] Excerpt of 30(b)(6) Deposition of Joseph Kirrane dated October 13, 2005 at pp. 65-66.

[57] Exhibit 22, June 12, 2003 Memo from Robert O. Frenzel with Minutes from Budget Licensee Composite Meeting, Parsippany, N.J. June 10 & 11, 2003 at p. 5. The minutes state: "Adjustments to Licensee BCC rentals and credit card rentals - Today, customers, including the renter and our Central Billing Accounts, as well as back office personnel, are severely inconvenienced with the archaic process of having to get the Licensees approval before an adjustment can be made.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                 Page 12
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

**BANKSTON GRONNING O'HARA, P.C.**

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

The world-class Avis yield management was also given to Avis' competitor, Budget.[58] Yield management is the process of maximizing revenue by fleet management.[59] This process is performed by proprietary and confidential algorithms and computer models.[60] Avis is the industry leader in their yield management system and only Hertz is close to Avis in the quality and effectiveness of this system.[61]

### 4. Budget Reservations have Improved Because Defendants Gave Budget the Avis Reservation System.

Before the Budget acquisition, the quality of the Avis national reservation system gave Alaska Rent A Car a competitive advantage over Budget, which had significant problems with its reservation system. In a 2001 J.D. Power and Associates Rental Car Study, Budget ranked lowest among rental car companies with regard to customer satisfaction.[62] Avis was ranked number one by business travelers and as one of the top three companies by leisure travelers.[63] Avis received the "highest rating" from business travelers regarding the reservation process and was above average on "speed of reservation process" and "helpfulness of telephone staff."[64]

Since the acquisition, Defendants have implemented for Budget the same methods and systems used for the Avis reservation system. All reservation personnel are now trained by the same employees.[65] The same performance criteria used to judge Avis

*Action Item* - Per Vance, at the recent licensee meeting in Las Vegas, there was much interest and enthusiasm establishing a Customer Service Rental Adjustment Policy, like the one Avis has with its Licensees. Vance said that he is establishing a task force that will include him, Diane, Karl, Licensees, WRC, VAB, and others to develop a policy."
[58] Excerpt of Deposition of Theodore Botimer dated January 27, 2004 at p. 248.
[59] Excerpt of Deposition of Theodore Botimer dated January 27, 2004 at pp. 32-35.
[60] Excerpt of Deposition of Theodore Botimer dated January 27, 2004 at pp. 34-36.
[61] Excerpt of Deposition of Theodore Botimer dated January 27, 2004 at p. 140.
[62] Exhibit 4, Executive Summary from 2001 JDP & A Rental Car CSI Study at p. 3.
[63] Exhibit 4, Executive Summary from 2001 JDP & A Rental Car CSI Study at p. 3.
[64] Exhibit 4, Executive Summary from 2001 JDP & A Rental Car CSI Study at p. 5.
[65] Excerpt of Deposition of Beth Moorhouse dated October 9, 2003 at pp. 61-64.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 13
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

reservationists are now used for Budget reservationists.[66] The standards adopted for quality assurance for Avis reservations are now applied to Budget reservations.[67] The Budget reservation activities were consolidated to locations where the Avis reservations are taken.[68] CCRG/Avis Budget Car Rental staff now takes all reservations for both Avis and Budget at call centers.[69] According to Beth Moorhouse, CCRG/Avis Budget Car Rental's Vice President of Reservation Operations, the integration of Budget has improved Budget's reservations system.[70]

> **5. Budget Now Uses Avis' Quality Assurance and Customer Service Standards.**

The same system that made Avis number one in customer satisfaction has been used to improve its competitor, Budget. According to Steve Kelly, the Avis Pacific Northwest regional manager who now works for CCRG/Avis Budget Car Rental, Budget was a "schlock product" prior to the acquisition.[71] Defendants gave the Avis System's customer service and quality assurance procedures and methods to Budget to fix it.[72] In the June 27, 2003 "Quarterly Budget Integration Update," David Blaskey noted that since the acquisition, Budget's overall customer complaints had decreased by 33%.[73] According to the Update, "key" improvements included: (1) reservation failures down 56%; (2) vehicle mechanical complaints down 33%; (3) vehicle cleanliness complaints down 36%; and

---

[66] Excerpt of Deposition of Beth Moorhouse dated October 9, 2003 at pp. 63-65.

[67] Excerpt of Deposition of Beth Moorhouse dated October 9, 2003 at pp. 25-30, 134-138.

[68] *Id.* at pp. 115-116; *See also* Exhibit 48, Excerpt of Cendant Vehicle Services Presentation by Kevin Sheehan, dated November 18, 2003 at p. 19.

[69] Excerpt of Deposition of F. Robert Salerno dated August 4, 2005 at pp. 212-214; Excerpt of 30(b)(6) Deposition of Scott Deaver dated April 14, 2006 at pp. 106-108.

[70] Excerpt of Deposition of Beth Moorhouse dated October 9, 2003 at pp. 31 and 39-40.

[71] Excerpt of Deposition of Steve D. Kelly dated March 13, 2006 at p. 81.

[72] Exhibit 23, Cendant Car Rental Group Quality of Service Standards / Proposal 2003 and Exhibit 24, E-Mail from Diane Karl to Michael Collins dated January 13, 2003.

[73] Exhibit 25, Cendant Quarterly Budget Integration Update from David D. Blaskey dated June 27, 2003 at p. 2.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 14
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

(4) complaints about employee behavior down 56%.[74] Kevin Sheehan, Chairman and CEO of Cendant's Vehicle Services Division, also confirmed Defendants' success in improving Budget.[75]

Defendants even use Avis' reputation for quality customer service to sell Budget. In a marketing presentation to Travelers Insurance on March 30, 2004, Defendants bragged that Budget "adopted Avis' award winning Customer Service standards, procedures & performance execution."[76] The presentation also states:

> Avis Rent A Car, **sibling** company to Budget. . . has regularly won J.D. Power & Associates awards for service and again in 2003 was named the #1 brand in the industry with a 107 rating. This compares against ratings of 105 and 100 for two major competitors, one highly leveraged in the IR business.
>
> Upon acquiring Budget in late 2002, CCRG welcomed Budget personnel at all levels into its customer focused environment with accelerated training and re-education in quality attainment & management. This introduction was followed by immediate imposition of Avis' high standards for quality service & customer care.[77]

Alaska Rent A Car is <u>not</u> Budget's sibling company in Alaska. Nonetheless, Defendants have adopted Avis' superior quality assurance and customer service standards for Budget, thereby eliminating the competitive advantage that Avis and Alaska Rent A Car used to have over Budget.

### 6. Avis and Budget Now Share a Fleet.

Since the acquisition, the corporate fleets of Avis and Budget have been consolidated into one fleet.[78] The fleet was unified at Avis and Budget corporate

---

[74] Exhibit 25, at p. 3.

[75] Excerpt of Deposition of Kevin Sheehan dated July 19, 2005 at p. 108.

[76] Exhibit 26, Budget Insurance Replacement Program presentation at p. 4.

[77] *Id.* at p. 9 [emphasis added].

[78] Excerpt of Deposition of Duncan Cocroft dated November 11, 2003 at pp. 62-66; *See also* Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at p. 123; Excerpt of Deposition of William Leary dated February 2, 2006 at p. 123; Excerpt of Deposition of Paula Beck dated February 9, 2006 at p. 73.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 15
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 · Fax (907) 279-5358
www.bankston.to

locations.[79] Both fleets use the Avis System.[80] Initially, Avis customers received cars from Budget if Avis ran out of cars and Budget customers received Avis cars if Budget ran out of cars.[81] Maintenance facilities for Budget and Avis were also integrated and consolidated so all the vehicles are repaired and maintained by the same mechanics.[82] Fleet unification created "synergies" for Defendants.[83] According to Cendant CEO and President of Cendant, Henry Silverman:

> The benefit of having a combined fleet, as we will have next year [in 2004], is that you as a consumer will get a Ford from Avis or a Chevrolet from Budget, which would be rather unique. The only way you'll know the difference is because the key chain will either say Budget or Avis on it and the envelope, in which your rental agreement exists, will say Avis or Budget. The cars will be titled together, and more importantly, the fleets will be managed together, which means less cars, less people to fix and maintain the cars, shuttle the cars, etc.[84]

In other words, the principal product of Avis and Budget, *i.e.,* the vehicle the customer rents, has been homogenized at corporate locations.[85] Previously, Avis could differentiate itself from Budget based on the vehicles.[86] Since the acquisition, Avis licensees can no longer count on a national standard for Avis' vehicle type and quality of vehicle service and maintenance to distinguish the product they are trying to sell from Budget.

---

[79] Excerpt of Deposition of Theodore Botimer dated January 27, 2004 at p. 70; Exhibit 41, Defendant's Response to Alaska Rent A Car's Requests for Admission and Fifth Request for Production, dated June 2, 2005 at No. 23 (admitting "Avis and Budget are currently sharing fleet at some locations.").

[80] Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at p. 131.

[81] Excerpt of Deposition of David Blaskey dated October 8, 2003 at p. 227.

[82] Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at p. 139.

[83] Excerpt of Deposition of Edward Gitlitz dated July 21, 2005 at pp. 17-18; Exhibit 12, Cendant Car Rental Group Corporate Strategy 2004 – 2006 dated September 15, 2003 at p. 3; Excerpt of 30(b)(6) Deposition of William Scott Deaver dated April 14, 2006 at pp. 86-88, 93, 172-173.

[84] Exhibit 27, Cendant Third Quarter 2003 Earnings Conference Call dated October 21, 2003 at p. 10.

[85] Excerpt of Deposition of F. Robert Salerno dated March 11, 2004 at pp. 132-133; Excerpt of Deposition of Steve Kelly dated September 8, 2005 at pp. 56-57.

[86] Excerpt of Deposition of Steve Kelly dated September 8, 2005 at p. 28.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]          Page 16
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

**7.    CCRG/Avis Budget Car Rental Provides Budget Licensees Programs and Benefits.**

Defendants make available to Budget licensees, including in Alaska, various sales and marketing programs to promote car rentals with Budget in their territories.[87] The Alaska Budget licensees have been paid over $150,000 by CCRG/Avis Budget Car Rental for participating in these programs.[88] In Alaska, the Budget licensees are surveyed every two years and allowed to sign a contract, the "U.S. Licensee Participation Agreement," to promote the use of Budget in Alaska.[89] The Alaska Budget licensees are able to participate in call transfer programs, frequent travelers programs, partnership award vouchers, association/affinity/bank card programs, tour programs, national brand promotions, standard brand promotions, unlimited Budget corporate programs, insurance replacement, U.S. Government, small business programs, and meeting and group sales, which collectively constitute a nationwide market of almost $17 billion.[90] Defendants thus promote Budget across the nation and in Alaska through these programs in direct competition with Avis.

**C.    Defendants Have a Policy of Non-Competition Between Avis and Budget and Fix Their Prices Accordingly.**

Through its control of the national accounts programs for both Avis and Budget franchises, Defendants are now able to set prices for each franchise and ensure that they do not compete against one another.[91] Defendants do not care which brand gets the business.[92]

---

[87] Exhibit 28, Budget U.S. Licensee Participation Agreement; Excerpt of Deposition of Charles Fallon dated July 7, 2005 at pp. 332-333; Excerpt of Kathy Klopfer Deposition dated November 17, 2005 at pp. 51-52; Excerpt of Edward Gitlitz Deposition dated July 21, 2005 at p. 27.

[88] Exhibit 29, June 2, 2006 Amended Responses of BRACS to Alaska Rent A Car, Inc.'s Interrogatories Nos. 27 and 28, and June 2, 2006 Amended Responses of CCRG to Alaska Rent A Car, Inc.'s Interrogatories Nos. 43 and 44.

[89] Exhibit 28, Budget U.S. Licensee Participation Agreement.

[90] See Exhibit 28, *supra*, for a complete description and market size of each program.

[91] 30(b)(6) Deposition of Phillip Dulk dated January 20, 2006 at p. 32; Additional facts demonstrating Defendants' price fixing and market segmentation are contained in Alaska

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                                Page 17
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Defendants' primary concern is "getting as much business for both Avis and Budget combined" and encouraging the use of CCRG/Avis Budget Car Rental brands as opposed to focusing on one brand.[93] Defendants strategically bid Avis and Budget so that they can maximize their market share with both brands, at the expense of the Budget and Avis franchisees.[94] Defendants will not competitively bid Avis (or bid Avis at all) if Budget is the incumbent on a national account, and vice versa.[95] Nicholas Sofianopoulos explained that Avis and Budget do not to compete against one another for corporate accounts.[96] Sofianopoulos testified:

> Q. You have told me that one of the policies that CCRG has is for Avis and Budget to avoid competing with each other; correct?
> A. Correct; or to compete against the rest of the marketplace, correct.
>
> Q. Other than Avis and Budget?
> A. Right.[97]

CCRG's method of keeping Avis and Budget from competing against one another has been dubbed the "CCRG Solution":

---

Rent A Car's Memorandum in Support of Motion for Partial Summary Judgment Re: Antitrust and are incorporated herein by reference.

[92] *See, e.g.,* Deposition of Steve Kelly dated September 8, 2005 at p. 150 ("Q: And in general, your primary concern is getting as much business for both Avis and Budget combined, not focusing on just one brand or the other, correct? – A: That is my focus."); *see also*, Deposition of Peter Depaschalis at pp. 124-125; *see also,* Deposition of Charles Fallon dated March 25, 2004 at pp. 131-132.

[93] Excerpt of Deposition of Steve Kelly dated September 8, 2005 at pp. 78-79, 150; Excerpt of Deposition of Peter Depaschalis dated February 8, 2006 at pp. 124-125; Deposition of Charles Fallon dated March 25, 2004 at pp. 131-132.

[94] Excerpt of 30(b)(6) Deposition of Philip Dulk, at p. 32.

[95] Excerpt of Deposition of Robert Salerno dated March 11, 2004 at pp. 32-35, 157; *See also*, Excerpt of Deposition of Robert Lambert dated July 6, 2005 at p.153; *See also*, Excerpt of Deposition of Steve Kelly dated September 8, 2005 at pp. 44, 159.

[96] Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006 at p. 151 ("Our intent is not to compete against ourselves, but to compete against our competitors") and Excerpt of Deposition of Nicholas Sofianopoulos dated January 19, 2006 at p. 301.

[97] Excerpt of Deposition of Nicholas Sofianopoulos dated January 19, 2006 at p. 278.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 18
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Q.   What is the CCRG solution?
A.   Many different assets and aspects to it. Part of the solution is that you've got two marquee, well-known organizations in this business when people don't normally think of them in this business. You've got a dynamic in the marketplace –

Q.   I'm sorry, those two organizations are?
A.   Avis and Budget.

Q.   Okay.
A.   -- you've got a dynamic in the marketplace where a significant portion of the volume is handled by one entity. There's minimal competition.[98]

The "CCRG Solution" involves both implementing pricing differentials as well as selective bidding. As a general guideline, CCRG maintains a $2-3 differential between Avis and Budget in bidding for the daily rate for corporate business, with Avis being the higher-priced brand.[99] As explained by the national accounts manager in CCRG's pricing documents related to Northrop Grumman, CCRG has the "[n]eed to keep a $1.75 to $2 difference in base rates between Avis versus Budget. Otherwise dramatic shift in spend to Avis."[100] CCRG also typically prices Avis $25-$50 higher than Budget for mini-leases.[101] The testimony of CCRG's executives is confirmed by CCRG's internal "scale pricing" documents, which set forth the differentials they maintain in pricing between Avis and Budget.[102]

CCRG's stated reason for this price differential is in part to create the perception that Avis is a better product. Sofianopoulos explains that "as you take Avis pricing and bring it closer to a -- a service provider that isn't at the same level, you diminish the value

---

[98] Excerpt of Deposition of Donald Booth dated February 1, 2005 at pp. 106-107.
[99] Excerpt of Deposition of Nicholas Sofianopoulos dated January 19, 2006 at pp. 300-301.
[100] Excerpt of Deposition of Paula Beck February 9, 2006 at p. 99.
[101] Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006, at pp. 107-108; Excerpt of Deposition of Nicholas Sofianopoulos dated January 19, 2006 at pp. 300-301.
[102] Exhibit 30, October 15, 2005 Commercial Account Pricing Scale – Avis & Budget.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 19
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

of -- of the Avis brand."[103] However, there is no empirical basis for charging a specific higher rate for Avis.[104]

Besides pricing differentials, CCRG also uses selective bidding as a means to keep Avis and Budget from competing against one another.[105] CCRG's Director of Corporate Pricing has established the following policy at CCRG: If Avis has a primary position for a corporate account, the salesperson bidding Budget is not supposed to use Budget to undercut Avis for that account.[106] Conversely, if Budget is the incumbent for a given account, the salesperson is not supposed to aggressively bid Avis for that account.[107]

Many corporate accounts have both a "primary" provider as well as a "secondary" provider of rentals.[108] Under this type of account, the primary usually provides the majority of rentals at a price usually discounted in comparison to the secondary rate.[109] When Budget is the incumbent for this type of account, CCRG will bid Avis so that it will not jeopardize Budget's position, but hopefully keep other competitors from gaining a position.[110]

CCRG also implements the "CCRG Solution" when bidding for government contracts[111] and travel or national association contracts.[112] Likewise, CCRG ensures that Avis and Budget do not compete for insurance replacement sales.[113]

---

[103] Deposition of Nicholas Sofianopoulos dated January 18, 2006 at p. 139.

[104] CCRG has never conducted any study which indicates that it costs CCRG any more money to provide an Avis automobile than a Budget automobile. *See*, Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006 at p. 109.

[105] *See*, *e.g.*, Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006; Deposition of Sofianopoulos dated January 19, 2006 at p. 301.

[106] Excerpt of Deposition of Nicholas Sofianopoulos dated January 19, 2006, at pp. 300-301.

[107] *Id.*

[108] *See*, *e.g.* Excerpt of Deposition of Peter Depaschalis dated February 8, 2006 at pp. 119-120.

[109] *Id.*

[110] *See*, *e.g.*, Excerpt of Deposition of Paula Beck dated February 9, 2006 at pp. 93-95 (noting that "Budget was added as secondary [to Fluor account] to get Hertz out of this account"); *See also*, Excerpt of Deposition of Peter Depaschalis dated February 8, 2006 at pp. 123-125.

[111] Excerpt of Deposition of Michael Washkevich dated February 3, 2006 at pp. 127-130.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 20
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

CCRG's sales force is aware that Avis and Budget are not to compete for corporate sales.[114] In fact, CCRG structures its incentive plans for its sales force to implement its policy of non-competition between Budget and Avis. Shifting business from Avis to Budget or Budget to Avis is not considered growth of CCRG's market share, and thus does not qualify one for a bonus.[115] To obtain a bonus, one must increase CCRG's market share, which is determined by the combined growth of Avis' and Budget's market share.[116] Defendants' executives do not care which licensee suffers from its corporate pricing policies, so long as their market share increases.[117]

The inherent problems of a joint Avis/Budget sales force are also apparent to the owners of Corporate Sales & Leasing, Inc., the Alaska Budget franchisee and Alaska Rent A Car's largest competitor in Alaska. According to owner Tony Stanley, it is wrong for the Budget franchisor, CCRG/Avis Budget Car Rental, to have a combined sales force with Avis.[118] Mr. Stanley testified that he does not "know how one person can serve two masters."[119]

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[112] Excerpt of Deposition of William Leary dated February 2, 2006 at pp. 50-52; *See also*, Excerpt of Deposition of Alyssa Andersen dated November 9, 2004 at pp. 48-50, 66-70.

[113] Excerpt of Deposition of Donald Booth dated February 1, 2005 at pp. 146-47.

[114] *See, e.g.*, Excerpt of Deposition of Paula Beck dated February 9, 2006 at p. 43.

[115] *Id.*. at pp. 61-62.

[116] *See, e.g.*, Excerpt of Deposition of Gerard Quirk dated February 6, 2006 at pp. 202-204.

[117] *See, e.g.*, Excerpt of Deposition of Steve Kelly dated Septmber 8, 2005 at p. 150 ("Q: And in general, your primary concern is getting as much business for both Avis and Budget combined, not focusing on just one brand or the other, correct? – A: That is my focus"); S*ee also*, Excerpt of Deposition of Peter Depaschalis dated February 8, 2006 at pp. 124-125; *See also*, Excerpt of Deposition of Charles Fallon dated March 25, 2004 at pp. 131-132.

[118] Excerpt of Deposition of Tony Stanley dated February 24, 2006 at pp. 162-173.

[119] Excerpt of Deposition of Tony Stanley dated February 24, 2006 at p. 165.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                  Page 21
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

**BANKSTON GRONNING O'HARA, P.C.**

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

1. **Avis Loses Business Because CCRG Refuses to Bid Avis or Will Not Bid Avis at a Competitive Rate**

The record is replete with instances where CCRG refused to bid Avis, or bid Avis at an uncompetitive price, when Budget is the incumbent for an account.[120] The examples set forth below are not an exhaustive listing of accounts for which Avis was not bid competitively, but rather exemplary of CCRG's bidding practices.

For instance, in 2003, Alaska Rent A Car received 149 reservations from Evergreen International Airline ("Evergreen") and Budget in Alaska received none.[121] In 2003, Avis was the primary rent a car company for this company and Budget had no position.[122] CCRG offered Budget as a secondary position at Evergreen in 2003 at $1.25 higher than Avis on a national basis.[123] In 2005, CCRG placed a $5.00 surcharge on Alaska Rent A Car's rate but not on the Alaska Budget licensees' rates.[124] This in effect made it $4.00 more expensive for Evergreen to rent a car from Avis than Budget in Alaska while everywhere else in the country Avis was $1.00 less than Budget.[125] As a result of CCRG's actions, Alaska Rent A Car's reservations from Evergreen declined by almost one-third while Budget's in Alaska went from none in 2003 to 70 in 2004.[126] The CCRG salesperson involved testified that he did not care whether the business shifted from Avis to Budget.[127]

When Click2Learn's business came up for bid in 2004, Phillip Hagel, the CCRG salesperson, requested that Avis and Budget both be submitted for the primary position at

---

[120] *See*, to Alaska Rent A Car's Memorandum in Support of Motion for Partial Summary Judgment Re: Antitrust, Exhibit 51, Appendix of Corporate Pricing Approval Forms For Accounts Avis Was Not Bid Competitively Or At All.

[121] Exhibit 31, Avis Alaska Reservations at p. 21; Exhibit 32, Budget Alaska Reservations at p. 8.

[122] Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006 at pp. 159-177.

[123] Excerpt of Deposition of Nicholas Sofianopoulos January 18, 2006 at pp. 160-161.

[124] Excerpt of Deposition of John W. Curtin dated May 23, 2006 at pp. 84-85.

[125] *Id.* at p. 85.

[126] Exhibit 32, Budget Alaska Reservations at p. 8; Exhibit 31, Avis Alaska Reservations at p. 21.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 22
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

the account.[128] CCRG corporate headquarters instructed Mr. Hagel, however, to use Budget only, if at all possible.[129] As a result, Hagel emphasized Budget more than Avis in his proposals to Click2Learn.[130]

Similarly, when the CCRG sales force negotiated the combined proposals for the States of Washington, Oregon and Idaho, CCRG favored Budget. In 2004, Budget was the primary on this account worth approximately $2,000,000.[131] When the account was up for bid in June of that year, CCRG did not allow Avis to compete against Budget for primary but instead bid Avis only for a secondary position.[132] CCRG world headquarters even went so far as to refuse their own salesperson's request to provide licensee indemnification on damaged vehicles for both Avis and Budget licensees, allowing the salesmen to only offer indemnification for Budget licensees.[133] As a result of this favoritism, the Budget locations in Alaska received 452 car reservations from these accounts during 2003 through 2005 and Alaska Rent A Car received none.[134]

When Fisher Investments' business was up for bid in June of 2005, the salesperson admitted pushing Budget over Avis in his description of the negotiations to CCRG World Headquarters.

> After many discussions, I convinced contacts that Budget is best option (my strategy is to position Budget to replace National in the long term. Better fit for cost conscious culture versus Avis).[135]

The salesperson requested that only Budget (and not Avis) be bid at $43 per day for an intermediate car. This request was approved by CCRG World Headquarters.[136]

---

[127] Excerpt of Deposition of John W. Curtin dated May 23, 2006 at p. 96.
[128] Excerpt of Deposition of Phillip Hagel dated February 15, 2006 at pp. 219-220.
[129] *Id.* at p. 220.
[130] *Id.* at pp. 220-221.
[131] Excerpt of Steve Kelly Deposition dated March 13, 2006 at pp. 112-113.
[132] Excerpt of Steve Kelly Deposition dated March 13, 2006 at p. 113.
[133] Excerpt of Steve Kelly Deposition March 13, 2006 at pp. 114-115.
[134] Exhibit 32, Budget Alaska Reservations; Exhibit 31, Avis Alaska Reservations
[135] Exhibit 33, CPAF for Fisher Investments at p. 2.
[136] *Id.*

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 23
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

In April of 2003, CCRG did not bid Avis for Ikon's corporate travel because Budget was the primary supplier for that account. Philip Dulk testified:

Q. What was the reason that in April of 2003 there wasn't an Avis proposal made for Ikon?

A. Because Budget was the primary supplier. We were receiving 95 percent of the business. As a matter of fact, if you notice on the commitment, they only committed to 750,000. But they actually track 915,000. So it was a solid Budget account.

Q. And if you put Avis in there, it might have taken some of that business away from Budget?

A. That's exactly right.[137]

CCRG also failed to bid Avis to numerous corporations that do business in Alaska. For example, in 2003, CCRG did not submit a bid for Avis to Crowley Maritime because Budget was the incumbent:

Q. And as far as you can tell from the CPAF, it looks like in September of 2003, the offer that's being made to Crowley is for Budget only and no Avis proposal; right?

A. Yes.

Q. And so -- and part of that I assume is because of the policy you described for me earlier, that you wouldn't want Avis trying to take an existing corporate account position away from Budget; right?

A. Yes. Our preference is to compete against the market that we don't have a position at.[138]

---

[137] Excerpt of Deposition of Philip Dulk dated January 20, 2006 at pp. 100-101.

[138] Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006 at pp.148-49. Crowley Maritime made 338 separate rental car reservations at Alaska Budget locations from 2003 through 2005 with a total price quoted dollar amount at the time of reservation of $45,779. *See*, Exhibit 32, Budget Alaska Reservations, at p. 6.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 24
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

CCRG likewise refused to bid Avis for Trident Seafoods,[139] Food Services of America,[140] Providence Health System,[141] and Wells Fargo[142] because Budget was the incumbent for these accounts. Between Crowley Maritime, Food Services of America, Providence, Trident Seafoods, and Wells Fargo alone, Alaska Rent A Car was constrained from competing for at least $127,429 in potential business due to CCRG's contract in restraint of trade.[143] This is just the tip of the iceberg, as a computation of accounts for which Avis was not bid demonstrates that Avis was not bid for $87 million in accounts for which Budget was.[144]

This anti-competitive scheme causes much consternation to both Alaska Rent A Car and Corporate Sales. Alaska Rent A Car obviously wants this anti-competitive scheme ceased – thus the impetus for the present motion. Likewise, Tony Stanley testified:

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[139] Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006 at pp. 236-37. Trident Seafoods made 40 separate rental car reservations at Alaska's Budget locations from 2003 through 2005 for a total quoted dollar amount at the time of reservation of $3,603. *See*, Exhibit 32, Budget Alaska Reservations, at p. 24.

[140] Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006 at pp. 236-37. Food Services of America made 111 separate rental car reservations at Alaska's Budget locations for a total quoted dollar amount at the time of reservation of $10,426. *See*, Exhibit 32, Budget Reservations, at p. 8.

[141] Excerpt of Deposition of Steve Kelly dated March 13, 2006 at pp. 68-69. Providence made 122 separate car rental reservations in Alaska at Budget locations from 2003 through 2005, for a total dollar amount at the time of reservation of $12,419. *See*, Exhibit 32, Budget Reservations, at 23.

[142] When Wells Fargo's business was up for bid in 2003, 2004 and 2005, Avis was not bid because CCRG did not want to "be competing against ourselves." Excerpt of Deposition of Nicholas Sofianopoulos dated January 18, 2006 at p. 251-255. Wells Fargo made 408 separate rental car reservations at Alaska's Budget location from 2003 through 2005 for total dollar amount of $55,202 at the time of the reservations. *See*, Exhibit 32, Budget Alaska Reservations, at p.18.

[143] Exhibit 18, Budget Alaska Reservations (including price quotes of reservations).

[144] *See,* Alaska Rent A Car's Memorandum in Support of Motion for Partial Summary Judgment Re: Anti-Trust, Exhibit 51, Appendix of Corporate Pricing Approval Forms For Accounts Avis Was Not Bid Competitively Or At All.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                    Page 25
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Q.    Do you see that there -- in your view, could it be a problem if that same sales force is picking the prices that they offer for Avis or for Budget to a particular customer?

A.    I see a big problem.

* * * *

Q.    Why is that a big problem?

A.    Because if people that are being paid to represent me are working against my interests rather than for my interests, I think there is -- there is a problem there.[145]

Stanley testified further:

Q.    [D]o you believe that anyone should be instructing your franchisor's sales force that they should not be trying to have Avis and Budget compete for the same leisure business and customers?

A.    Absolutely not.

* * * *

Q.    Do you believe that anyone from your franchisor should be involved in making decisions not to implement Budget leisure programs at accounts where Avis is a customer?

* * * *

A.    Not from the Budget side, I don't.

Q.    What problems do you see being presented by this kind of approach?

* * * *

A.    I can see a very large segment of business that's being routed right around me, or right around Budget.

Q.    And is that a type of behavior that you would like to see stopped?

A.    I certainly would.[146]

## 2.    CCRG Segments the Market Between Avis and Budget.

CCRG controls the national marketing campaigns of both Avis and Budget, and thus is able to market the franchises to different segments of the market so as to avoid competition between Avis and Budget.[147] CCRG's marketing budget is funded in part by

---

[145] Excerpt of Deposition of Tony Stanley dated February 24, 2006 at p. 162.

[146] Excerpt of Deposition of Tony Stanley February 24, 2006 at pp. 170-171.

[147] Exhibit 34, Cendant Corporation's 2004 Form 10-K SEC Filing, at p. 22; *see also*, Excerpt of Deposition of Becky Alseth dated November 10, 2004 at pp. 109-110; *see also*,

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]        Page 26
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

monies from Avis and Budget licensees.[148] Alaska's Avis and Budget licensees do not market or advertise nationally.[149] Instead, they rely on their franchisor to provide national marketing in exchange for the fees paid under their license agreements.[150] Unfortunately for the Avis and Budget licensees, CCRG does not use their money to advertise against their competitors, but rather to divide the market between the two franchises so that CCRG can maximize CCRG's market share.[151] Similar to the "CCRG Solution" employed by its pricing department, Becky Alseth testified that CCRG's marketing department has instituted a "two-brand strategy" to segment the market between Avis renters and Budget renters.[152] CCRG's two-brand strategy is to "position Budget away from Avis to capture low price competitive share."[153] A critical aspect of the two-brand strategy "is to capture

---

Excerpt of Deposition of Joseph Siino dated November 10, 2004 at pp. 145-146 (CCRG's strategy is to avoid "cannibalization" of government accounts, market Budget to certain travel agencies and Avis to others); *see also*, Excerpt of Deposition of Robert Lambert dated July 6, 2005 at pp. 126-127; *see also*, Excerpt of Deposition of James Krapf dated November 11, 2004 at pp. 38-39; *see also*, Exhibit 35, CCRG's 2005 Budget Marketing Plan, at p. 3 ("Focusing on CCRG's two-brand strategy, position Budget away from Avis to capture low-price competitive share.")

[148] Exhibit 8, Affidavit of Andrew Halcro dated June 19, 2006 at ¶ 6; *see also*, Excerpt of Deposition of Tony Stanley dated February 24, 2006 at pp. 122-125; *see also*, Excerpt of Deposition of Becky Alseth dated November 10, 2004 at p. 132.

[149] Excerpt of Affidavit of Andrew Halcro dated June 19, 2006 at ¶ 6; *see also*, Excerpt of Deposition of Tony Stanley, at pp. 123-125; *see also*, Excerpt of Deposition of Becky Alseth dated November 10, 2004 at pp. 131-132.

[150] *Id.*

[151] *See, e.g.*, Exhibit 36, CCRG Customer Segmentation Study dated June 7, 2004; *see also*, Exhibit 35, CCRG 2005 Budget Marketing Plan, at p. 3; *see also*, Excerpt of Deposition of James Krapf, at pp. 38-39; *see also*, Excerpt of Deposition of Becky Alseth dated July 14, 2005 at pp. 319-320, 357, 360; *see also*, Excerpt of Deposition of Joseph Siino dated November 10, 2004 at pp. 145-146, 157.

[152] Excerpt of Deposition of Becky Alseth dated November 10, 2004 at pp. 109-110; *see also*, Exhibit 34, Cendant Corporation's 2004 Form 10-K SEC Filing, at p. 22 (stating that "we operate Avis and Budget as separate brands, with differentiated positioning, service and pricing. The Avis brand targets customers who are seeking a premium service while the Budget brand focuses on providing a value rental experience").

[153] Deposition of Becky Alseth dated July 14, 2005 at p. 319.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 27
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

**BANKSTON GRONNING O'HARA, P.C.**

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

the maximum range of demand" through advertising and promotion.[154] CCRG has instituted segmentation studies to determine how to segment the market between Avis and Budget customers, so that they can effectively market the different brands to each market segment.[155] In segmenting the markets, Defendants use profiling and look at race, sexual orientation, and physical impairments in attempting to determine whether a person is more apt to rent an Avis or Budget automobile.[156]

As CCRG's racial profiling demonstrates, CCRG is constraining the Alaska Avis and Budget franchisees from competing against each other in national marketing for customers based on the color of the customer's skin. In fact, Tony Stanley, owner of the Alaska Budget franchise, has testified that he wants Budget marketed to anyone who can afford to rent a car, and certainly would not want CCRG to refrain from marketing Budget to Hispanic renters.[157] Similarly, Alaska Rent A Car is injured when Avis is not marketed to all car renters, regardless of race.

CCRG also segments the market between corporate and leisure travelers in an attempt to "reposition Budget. . . by reducing the cost structure and pricing to be more competitive with the other leisure-focused car rental brands."[158] According to its Corporate Strategy for 2004-2006, CCRG's two-brand strategy is that "Avis will be one of the two clear leaders among corporate and business renters" and "Budget will be the industry's leading retail and leisure brand."[159]

_____

[154] *Id.* at p. 128.
[155] *Id.* at pp. 162-63.
[156] *See*, *e.g.*, Exhibit 35, CCRG 2005 Budget Marketing Plan, at p. 17. The plan concluded that "71% of African Americans have a more positive impression of Budget when compared to Whites at 60% and Asians at 68%." This was one of CCRG's "rationales" to "establish actionable Budget relationship with African American consumer target." CCRG's 2005 Avis Marketing Plan did not have a similar initiative in its "diversity marketing" section. *See*, Exhibit 37, at p. 15.
[157] Excerpt of Deposition of Tony Stanley dated February 24, 2006 at p. 140.
[158] Exhibit 34, Cendant Corporation's 2004 Form 10-K SEC Filing, at p. 48.
[159] Exhibit 12, Cendant Car Rental Group Corporate Strategy 2004 – 2006 dated September 15, 2003, at p. 2.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 28
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

CCRG's marketing activities have tried to promote this dichotomy, as Avis' advertising is directed more at business travelers and Budget's advertising is directed at leisure travelers.[160] This is accomplished by directly mailing business travelers Avis advertising, and using "leisure channels" to market Budget.[161]

CCRG's attempts to segment the market have been effective. As explained above, a study commissioned by Avis in 2002 demonstrated that Avis' business at that time was 54% business rentals and 46% leisure, while Budget's percentages were 42% business and 58% leisure.[162] However, by March 2006, according to Ronald Nelson, President and CFO of Cendant, Avis is now 40% leisure and 60% commercial, while Budget has become 73% leisure and 27% commercial.[163]

**D.    CCRG/Avis Budget Car Rental is Part of Defendants' Shell Game.**

**1.    CCRG/Avis Budget Car Rental is Avis.**

To circumvent the license agreements and the prohibitions of the ASA, the Defendants caused the wholesale transfer of Avis management and operations from the Avis Parties to CCRG/Avis Budget Car Rental.[164] According to F. Robert Salerno, formerly president of ARACS and now president of CCRG/Avis Budget Car Rental, this was done in anticipation of Cendant's acquisition of Budget because of "a settlement we had with the Avis licensees."[165] According to Salerno, the Agency Settlement "basically said that – Avis couldn't operate another car rental company, but that…Cendant could" so "we moved forward to move the management at the Cendant level..."[166] According to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[160] *See*, Exhibit 38, Cendant Corporation's 2005 Form 10-K SEC Filing at pp. 24, 26.
[161] *Id.*
[162] Exhibit 39, Lieberman Research Group HVR Tracking Study October 2002 Wave at p. 89.
[163] Exhibit 40, Ron Nelson's "Investor Day" March 2006 Presentation at p. 11.
[164] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 10-14.
[165] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 10, 204-205 and Excerpt of F. Robert Salerno Deposition dated August 4, 2005 at p. 222.
[166] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 209.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                              Page 29
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

David Blaskey, Cendant executive vice president of mergers and acquisitions, there was one purpose for creating CCRG/Avis Budget Car Rental:

> Q.   What was the reason why Cendant Car Rental Group was formed?
> A.   To accommodate the acquisition of Budget Rent A Car.
>
> Q.   When you say to accommodate the acquisition, what do you mean by that?
> A.   What I mean is that when Budget Rent A Car was purchased by Cendant Corporation, they had told me that they were going to form something called Cendant Car Rental Group.
>
> Q.   And what were you told was the reason for forming this thing called Cendant Car Rental Group?
> A.   Well, you couldn't call something Avis Car Rental Company when you acquired something called Budget Car Rental Company.[167]

Defendants used the senior executives and corporate officers of the Avis Parties to conduct the due diligence evaluation of Budget.[168] While Karen Sclafani was general counsel of ARACS, she performed due diligence for the acquisition of Budget.[169] The Avis Parties' executives in charge of marketing evaluated the Budget marketing department.[170] An executive leading Avis' sales department evaluated a list of Budget's contracts with third-parties.[171] Executives from Avis' finance department evaluated Budget's financial

---

[167] Excerpt of David Blaskey Deposition dated October 8, 2003 at p. 33.

[168] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 97, 124-125, 195, 249; Exhibit 41, Defendants' Response to Alaska Rent A Car's Requests for Admission and Fifth Request for Production, Nos. 117-122 (ARACS employees and corporate officers assisted in due diligence regarding acquisition of the Budget before November 22, 2002); Exhibit 42, Senior Management Team Chart; Excerpt of Scott Deaver Deposition dated January 28, 2004 at p. 241; Excerpt of Beth Moorhouse Deposition dated October 9, 2003 at pp. 111-112; Excerpt of Theodore Botimer Deposition dated January 27, 2004 at p. 54; Excerpt of Karen Sclafani Deposition dated January 29, 2004 at pp. 13-15, 22.

[169] Excerpt of Karen Sclafani Deposition dated January 29, 2004, at pp. 5-6, 14-15.

[170] Excerpt of Scott Deaver Deposition dated November 12, 2003 at pp. 103-105; Excerpt of Scott Deaver Deposition dated January 28, 2004 at pp. 155-156, 241.

[171] Excerpt of Charles Fallon Deposition dated March 25, 2004 at pp. 6-7, 18-19.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                         Page 30
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

condition.[172] Avis' human resources executives evaluated Budget's human resources and employee contracts.[173] Executives in charge of Avis' fleet evaluated the Budget fleet.[174] Executives in charge of Avis' computer and information technology evaluated the Budget computer and information technology assets.[175] Avis executives in charge of the general operations evaluated Budget's operations.[176] Eighteen of the individuals named as original officers of Cherokee (now BRACS) were employees of Avis.[177]

Following the acquisition, Defendants moved the Avis personnel to CCRG/Avis Budget Car Rental.[178] According to Salerno, the plan at the time of the Budget acquisition was to transition the Avis personnel above the field level into a role where they worked on behalf of both Avis and Budget.[179] According to Salerno, the decision to move Avis executives to CCRG/Avis Budget Car Rental was made by then-Avis executives working with Cendant executives.[180] Executives at the president, vice president, and senior vice president levels all became CCRG/Avis Budget Car Rental officers.[181] Salerno testified that with only one exception the entire Avis senior management team became the CCRG senior management team.[182] Exhibit 14 is a comparison of the Avis/Cendant Organization Directory as it existed on June 2002, prior to the Budget acquisition, with the CCRG Organization Directory as it existed on January 2004, just over a year after the Budget

---

[172] Excerpt of Duncan Cocroft Deposition dated November 11, 2003 at p. 174.

[173] Excerpt of Mark Servodidio Deposition dated August 2, 2005 at pp. 8-10, 35-37; Exhibit 43, Project Highway Working Party List – May 22, 2002.

[174] Excerpt of David Blaskey Deposition dated October 8, 2003 at pp. 71-74; Exhibit 43, Project Highway Working Party List – May 22, 2002.

[175] Excerpt of David Blaskey Deposition dated October 14, 2003 at pp. 71-74; Excerpt of Joseph Kirrane Deposition dated October 13, 2005 at pp. 37-38, 65; Exhibit 43, Project Highway Working Party List – May 22, 2002.

[176] Exhibit 43, Project Highway Working Party List – May 22, 2002.

[177] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 75-76.

[178] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 89.

[179] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 68-69.

[180] Excerpt of F. Robert Salerno Deposition dated August 4, 2005 at pp. 223-225.

[181] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 53-54.

[182] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 57.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]        Page 31
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

acquisition.[183] With only limited exceptions, the names, departments, titles and addresses in the 2004 CCRG/Avis Budget Car Rental directory are identical to those in the 2002 Avis directory.

The former Avis executives now do the same work for CCRG/Avis Budget Car Rental on behalf of both Avis and Budget that they used to do solely on behalf of Avis.[184] Entire departments at Avis were allegedly converted to departments of CCRG/Avis Budget Car Rental.[185] Salerno testified that as president of CCRG/Avis Budget Car Rental he does the same things for Budget and Avis that he used to do solely for Avis.[186] His office is the same today as it was when he was president of Avis.[187] According to Salerno, the Avis personnel simply became CCRG/Avis Budget Car Rental personnel and nothing else changed except the addition of responsibilities for the Budget brand in addition to the Avis brand.[188] There was no change in ownership of furniture, fixtures or equipment because, according to Salerno, "everything in the office right down to the pencils is owned by Cendant."[189] CCRG/Avis Budget Car Rental now provides all the management level services to Avis and to Budget that used to be provided solely for the benefit of Avis and its licensees by the Avis Parties.[190]

Although ACRG purportedly holds the Avis franchise rights, it no longer acts as the Avis franchisor. Instead those functions are performed by its parent company, CCRG/Avis Budget Car Rental.[191] According to Vance Watson, Cendant vice president of

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[183] Exhibit 14, Comparison of Entity Directories.
[184] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 55, 57, 66-67.
[185] Excerpt of Edward Gitlitz Deposition dated July 21, 2005 at pp. 30-33.
[186] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 46-49.
[187] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 141.
[188] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 141-142.
[189] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 142.
[190] Exhibit 44, Cost Sharing Services Agreement dated January 1, 2003 by and among Cendant, CCRG/Avis Budget Car Rental and ARACS; Exhibit 45, Cost Sharing Services Agreement dated January 1, 2003 by and among Cendant, CCRG/Avis Budget Car Rental and BRACS.
[191] Excerpt of Michael Collins Deposition dated August 3, 2005 at pp. 49-50.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 32
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

licensee and off-airport development, "CCRG oversees the rental car division of both Budget and Avis."[192] According to F. Robert Salerno, the President of CCRG/Avis Budget Car Rental, CCRG/Avis Budget Car Rental is now the franchisor for Avis and for Budget.[193] Michael Collins, executive vice president for domestic operations, confirmed that the licensees pay their license fees to and receive franchise services from CCRG/Avis Budget Car Rental.[194] Thus, Budget was integrated into what used to be the Avis Parties' organization and is now operated along with Avis by CCRG/Avis Budget Car Rental, the new franchisor for both brands.

> **2.** **Defendants Admit They Could Not Jointly Manage and Operate Budget as Avis.**

At his March 2004 deposition, Salerno acknowledged that his conduct and the conduct of other Avis management would violate the ASA if it were being done under the Avis name. According to Salerno, there would be a problem if Avis bought Budget and ran it.[195] In particular, Salerno testified as follows:

> Q:    And what would constitute Avis running another brand in your mind?
> A:    If I was still Avis, and I was running both brands, then I'd say that's – that's not right, and that's what we agreed to, and I wouldn't do that.
>
> Q:    What's the difference between you being called an Avis Rent A Car System, Inc. president and doing that conduct and you doing the exact same conduct but being called a Cendant Car Rental Group employee president?
> A:    The difference is that that's what we agreed to. That is what we agreed to. And it's not exactly the same job.

---

[192] Excerpt of Vance Watson Deposition dated October 9, 2003 at p. 21.

[193] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 160.

[194] Excerpt of Michael Collins Deposition dated August 3, 2005 at pp. 48-49. According to 30(b)(6) witness Gerald Mattessich, regardless of whether the franchise fees are paid by Avis licensees or the Budget licensees, and regardless of whether the payments are directed to ARACS, BRACS or CCRG, all of the funds are deposited into either an ARACS or a BRACS bank account that is subject to Cendant's daily bank sweep. Excerpt of Gerald Mattessich Deposition dated May 17, 2006 at pp. 82-87.

[195] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 233.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 33
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Q:     Okay. You believe your agreement would allow Avis' management to be transferred from Avis to Cendant Car Rental Group and do the conduct as Cendant Car Rental Group that it could not do if they were left titled as Avis employees?

A:     Absolutely.[196]

***

Q:     [D]o I understand correctly that if you were doing the things you do today and your business card said "Bob Salerno, employee, Avis Rent A Car System, Inc.", and you were managing both brands, you believe that would violate the Agency Settlement Agreement?

A:     Yes I do.

Q:     Okay. But because you're employed by and your business card says, "Bob Salerno, president, Cendant Car Rental Group", that does not violate the agreement is your position?

A:     That's correct.[197]

Thus, the president of CCRG/Avis Budget Car Rental readily admits that the role he and other former Avis managers play in the integration and operation of Budget with Avis violates the ASA except for the artifice of using a different company within the Cendant corporate structure to accomplish what could not be done under the Avis name. By this conduct Defendants are using the corporate form to justify wrong.

Moreover, according to Salerno, Defendants never intended to keep the management and operations of Avis separate and apart from the "new company" that Cendant might acquire under the ASA.[198]

**III.     STANDARD OF REVIEW.**

Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered when: "[t]he pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the

---

[196] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 229.

[197] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 230. See also, Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 236 (acknowledging a violation of the Agency Agreement if behind the scenes employees were still called Avis and doing the job functions they do for both Avis and Budget).

[198] Exhibit of F. Robert Salerno Deposition dated March 11, 2004 at pp. 224-228.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                     Page 34
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Case 3:03-cv-00029-TMB     Document 182     Filed 06/20/06     Page 38 of 55

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

moving party is entitled to a judgment as a matter of law." Once the moving party meets its initial burden of identifying for the court the portions of the record that it believes demonstrate the absence of any genuine issue of material fact, the opposing party must provide probative evidence tending to support its claim.[199] Summary judgment is appropriate where the responding party has failed to produce sufficient evidence to allow a reasonable trier of fact to find in its favor on an element of the respondent's claim or defense upon which it will bear the burden of proof at trial.[200] Further, inferences may be drawn in favor of the nonmoving party only if they are rational, reasonable, and otherwise permissible in light of the governing substantive law and substantive evidentiary burden.[201]

## IV.    ARGUMENT.

Alaska law prohibits unfair competition and deceptive acts and practices in trade or commerce. *See* AS 45.50.471. The Alaska Unfair Trade Practices and Consumer Protection Act (the Act) encompasses a broad scope of protection for businesses and consumers.[202] In particular, the Act broadly protects parties to "commercial transactions not involving real estate."[203] The Act provides that:

(a)     Unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce are declared to be unlawful.
(b)     The terms "unfair methods of competition" and "unfair or deceptive acts or practices" include, but are not limited to, the following acts:
. . .
(3)     causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval, or another person's affiliation, connection, or association with or certification of goods or services;

---

[199] *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 282 (9th Cir. 1979).
[200] *Celotex v. Catrett*, 477, U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).
[201] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253-54, 106 S.Ct. 2505, 2512-13, 91 L.Ed.2d 202 (1086); *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assn.*, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).
[202] *See State v. O'Neil Investigations, Inc.*, 609 P.2d 520, 534 (Alaska 1980).
[203] *See Western Star Trucks, Inc. v. Big Iron Equip. Service, Inc.*, 101 P.3d 1047, 1054 (Alaska 2004).

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 35
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

(4)     representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

. . .

(6) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(7)     disparaging the goods, services, or business of another by false or misleading representation of fact;

. . .

(10)    making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

(11)    engaging in any other conduct creating a likelihood of confusion or of misunderstanding and which misleads, deceives or damages a buyer or a competitor in connection with the sale or advertisement of goods or services;

(12)    using or employing deception, fraud, false pretense, false promise, misrepresentation, or knowingly concealing, suppressing, or omitting a material fact with intent that others rely upon the concealment, suppression or omission in connection with the sale or advertisement of goods or services whether or not a person has in fact been mislead, deceived or damaged;

. . .

(14)    representing that an agreement confers or involves rights, remedies or obligations which it does not confer or involve, or which are prohibited by law;

. . .

(c)     The unlawful acts and practices listed in (b) of this section are in addition to and do not limit the types of unlawful acts and practices actionable at common law or under other state statutes.

AS 45.50.471.

"An act or practice is deceptive or unfair if it has the capacity or tendency to deceive."[204] The proponent need only show that "the acts and practices were capable of

---

[204] *State v. O'Neil*, 609 P.2d at 534-35. *(Footnote and citations omitted.)*

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                                        Page 36
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

being interpreted in a misleading way" . . . and there is no required proof of injury or intent to deceive.[205]

Unfairness is determined by a variety of factors including:

(1)     whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise – whether in other words, it is at least within the penumbra of some common law, statutory, or other established concept of unfairness;
(2)     whether it is immoral, unethical, oppressive or unscrupulous; [or]
(3)     whether it causes substantial injury to consumers or competitors or other businessmen.[206]

Proving a *prima facie* case under the Act merely requires that the proponent establish two elements:

(1)     That the defendant is engaged in trade or commerce; and

(2)     That in the conduct of trade or commerce an unfair act or practice has occurred.[207]

**A.       Defendants Perpetuate Extensive Unfair Trade Practices.**

Following the acquisition of Budget, Defendants have divided their loyalty between Alaska-Rent A Car and Budget. Ignoring this conflict, Defendants have engaged in significant unfair trade practices that permeate throughout their business relationship with Alaska Rent A Car. These unlawful trade activities are discussed in subsections 1 through 6 below.

In the unfair trade practices described below, the first element of the *prima facie* the Act is met because the Defendants are engaged in "trade or commerce" relating to the car rental business.[208] The second element of the *prima facie* case, (evidence that "in the conduct of trade or commerce an unfair act or practice has occurred") is either satisfied

---

[205] *Id.* (*Footnote and citations omitted.*)
[206] *See Id.* (*Footnote and citations omitted.*)
[207] *O'Neil Investigations, Inc.,* 609 P.2d at 534.
[208] *See Id.* at 534.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                               Page 37
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

pursuant to the specific examples[209] or plain language of the statute, ( *See* AS 45.50.471(a) and (b)), or it is satisfied by a showing that the practice falls within (AS 45.50.471(c) (pertaining to unlawful practices prohibited by other statutes or common law). Many of the identified "unlawful practices" include characteristics of "deception" and "unfairness" as set forth in the *O'Neil* case.[210]

Defendants' unfair trade practices generally relate to the consolidation of Avis and Budget under the same corporate umbrella. These unfair practices have significantly hampered Alaska Rent A Car's ability to compete in the Alaska rental car market.

> **1.** **Defendants' Policy Of Non-Competition Between Avis And Budget Including Selective Bidding, and the Fixing of Prices in Both of the Franchises Constitute Unfair Trade Practices**.

Defendants' pricing, bidding, and marketing activities are patently "unfair methods of competition" and "deceptive" activities which fall squarely within the Unfair Practices Act.[211] Prior to Defendants' acquisition of Budget, Avis and Budget, as well as their licensees had competed vigorously against one another at the local and national level. Because of its control of the national accounts programs for both Avis and Budget franchises, and its consolidation of primary operation systems, Defendants now dictate pricing, bidding, marketing and advertising for these parties. Defendants have admitted to setting differential pricing, and bidding for each competing franchise. [212] In other words, Defendants try and maximize their own market even if it is at the expense of either Alaska Rent A Car or Budget.[213]

---

[209] Since it would be impossible to frame all definitions covered by the vast area of unfair practices; the Act only provides a small sampling of various examples of unfair trade practices. *See O'Neil* 609 P.2d at 532-534 (*citations omitted*).

[210] *See O'Neil*, 609 P.2d at 534-55.

[211] *See* AS 45.50.471.

[212] *Supra,* pp. 21-28.

[213] *See, e.g.*, Excerpt of Deposition of Steve Kelly dated September 8, 2005 at p. 150 ("Q: And in general, your primary concern is getting as much business for both Avis and Budget combined, not focusing on just one brand or the other, correct? – A: That is my focus"); *see also*, Excerpt of Deposition of Peter Depaschalis dated February 8, 2006 at pp.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 38
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

**B**ANKSTON **G**RONNING **O'H**ARA, **P.C.**

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

a.    **Defendants' practices are unfair because they exclude Alaska Rent A Car from market share.**

Once Defendants consolidated their operations with Budget, both Avis and Budget essentially had the same product. At the corporate level, Avis and Budget share a common fleet of rental cars, and both entities use the same sales staff. Through price fixing, bidding practices, and marketing, Defendants have continually excluded Alaska Rent A Car from some accounts. Excluding Alaska Rent A Car from market share is an unfair restraint of trade that limits Alaska Rent-A Car's ability to compete, and therefore, is actionable under the general provisions Act. Alaska Rent A Car did not bargain for this "restraint", nor did it receive compensation for losses resulting from it. In fact, Defendants actually concealed their actions, and Alaska Rent A Car did not learn about the mechanics and extent of the price fixing, differential bidding and marketing until after Defendants provided information during discovery. The showing of "concealment" or "deception through omission," not only bolsters the fact that the unfair restraint of competition is actionable under the general provisions of the Act, it also shows that Defendants' practices fall within specific subsections of the statute. The Defendants' actions involving the pricing, bidding, and marketing of Budget and Avis products, as well as their concealment of those actions from Alaska Rent A Car, are in effect, "false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions [and bidding differentials]…" contemplated under the Act. See AS 45.50.471(b)(10). In a similar vein, Defendants' conduct causes "a likelihood of confusion or of misunderstanding and which misleads, [or] deceives damages a buyer or competitor in connection with sale or advertisement of goods or services..." See AS 45.50.471(b)(11). Not only were there "false and misleading statements" (or deceptions through omission) made to Alaska Rent A Car, Defendants also made "false or misleading" (or the equivalent omissions) to consumers (including institutions) by perpetuating the idea that Budget and Avis were separate and distinct and

124-125; *see also*, Excerpt of Deposition of Charles Fallon dated March 25, 2004 at pp. 131-132.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 39
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

that they had separate and distinct products which merited different prices. Duping consumers in this fashion is also admonished by both the general provisions of the Act as well as A.S. 45.50.471 (b)(10) and (11).

Certainly, Defendant's actions are the kind of "deceptive" and "unfair" trade practices that the Act protects against.[214] The pricing, bidding, and marketing activities are "unethical, oppressive …and unscrupulous" and they cause "substantial injury" to Alaska Rent A Car. Through common business experience, awareness of the material language within the exclusive license agreement, earlier litigation, the agency settlement agreement, as well as plain common sense, Defendants were aware that its post-acquisition practices arising from its divided loyalties were unfair trade practices. In fact, years ago Avis previously considered the issue of whether, through a subsidiary, it could operate another rental brand in a licensee's city. Among other things, their lawyer concluded that if there were "large scale transfers of Avis management [it] would probably give rise to a cause of action for some form of unfair competition on the part of ... [Avis]."[215] Despite this awareness, it was not until after extensive and vigorous discovery associated with the instant action, that Alaska Rent A Car learned the mechanics of many of these unfair trade practices, as well as the extent to which these practices were harming their business.

    **b.**    **Defendants' pricing and bidding practices violate the federal Sherman Act and parallel Alaska Antitrust statute, and accordingly, are prohibited under the Unfair Trade Practices Act.[216]**

Section 1 of the Sherman Act states that "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."[217] To state a valid claim under § 1

---

[214] *See O'Neil*, 609 P.2d at 534-55.

[215] Exhibit 46, Kramer Memo dated May 7, 1969 at p. 8. Defendants previously produced this legal opinion in connection with the Agency litigation. Exhibit 47, Affidavit of Paula W. Hinton dated November 13, 1995.

[216] *See* AS 45.50.471(c).

[217] 15 U.S.C.A § 15.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]          Page 40
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

of the Sherman Act, a plaintiff must prove three elements: (1) the existence of a contract, combination or conspiracy; (2) which restrains trade; and (3) that the restraint affected interstate commerce.[218] Alaska has enacted law mirroring federal antitrust law.[219]

Although courts often apply the 'rule of reason' analysis to assess element (2) of the aforementioned test,[220] there are certain business relations which the court will deem *per se* violations of the Sherman Act without applying the 'rule of reason' analysis. The *per se* rule of illegality is applied to those "certain agreements or practices which because of their pernicious effect on competition and lack of any redeeming virtue are conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry as to the precise harm they have caused or the business excuse for their use."[221] Agreements between competitors at the same level of a market structure to fix prices or allocate territories in order to minimize competition – horizontal restraints of trade – are deemed *per se* violations of the Sherman Act.[222] Concerted vertical price restraints have also been held *per se* illegal since the decision in *Dr. Miles Medical Co. v. John D. Park & Sons Co.*[223]

CCRG operates parallel national accounts programs in which both Budget and Avis licensees elect to participate. The licensees' execution of the participation agreements, as

---

[218] *See*, *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1410 (9th Cir. 1991), cert. denied, 502 U.S. 994, 112 S.Ct. 617, 116 L.Ed.2d 639 (1991).

[219] *See*, AS 45.50.062, stating that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is unlawful."

[220] *Standard Oil Co. v. United States*, 221. U.S. 1, 31 S.Ct. 502 (1911).

[221] *Northern Pac. Ry. Co. v. United States*, 356 U.S. 1, 5, 78 S.Ct. 514, 518, 2 L.Ed.2d 545 (1958).

[222] *See*, *United States v. Topco Associates, Inc.*, 405 U.S. 596, 92 S.Ct. 1126 (1972); *United States v. Sealy, Inc.*, 388 U.S. 350, 87 S.Ct. 1847 (1967); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.2d 774, 782 (7th Cir. 1994). For in-depth discussion, s*ee* Memorandum in Support for Partial Summary Judgment Re: Anti-Trust, Section IV. pp. 38-50, and incorporated herein by reference.

[223] 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502 (1911).

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                                                    Page 41
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

well as the licensees' contribution of funds used by CCRG to fund marketing, establish the "contract, combination or conspiracy" element, of §1 of the Sherman Act.[224]

The agreements between CCRG and Avis and Budget licensees restrain trade. Through its control of pricing for each franchise, CCRG is able to segment the market between Avis and Budget licensees through selective bidding on national accounts. Likewise, through its manipulation of the marketing of each brand, CCRG is able to effectively segment the market between the Avis and Budget franchises. Obviously, the restraints of trade affect interstate commerce.

CCRG's national accounts programs, operated in conjunction with two different brands, serves to horizontally divide the market between two competitors, thus any alleged justification for the system is irrelevant. Agreements between competitors at the same level of a market structure to fix prices or allocate territories in order to minimize competition – horizontal restraints of trade – are deemed *per se* violations of the Sherman Act.[225] Horizontal price-fixing is "perhaps the paradigm of an unreasonable restraint of trade."[226] Moreover, "the law is settled that where an upstream supplier participates in a conspiracy involving horizontal competitors, it is proper to analyze the entire restraint as one of horizontal price-fixing."[227] "The common principle…is that a conspiracy is horizontal in

**BANKSTON GRONNING O'HARA, P.C.**

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[224] *See*, e.g., *Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 142 (1966)("In any event each [franchisee] can clearly charge a combination between Midas [the franchisor] and himself, as of the day he unwillingly complied with the restrictive franchise agreement.")

[225] *See*, *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 218, 60 S.Ct. 811 (1940); *United States v. Topco Associates, Inc.*, 405 U.S. 596, 92 S.Ct. 1126 (1972); *United States v. Sealy, Inc.*, 388 U.S. 350, 87 S.Ct. 1847 (1967); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.2d 774, 782 (7th Cir. 1994).

[226] *Atlantic Richfield Co.v. USA Petroleum Co.*, 395 U.S. 328, 344, 110 S.Ct. 1884 (1990)(*citations omitted*).

[227] *In Re Mercedes-Benz Ant-trust Litigation*, 157 F. Supp. 2d 355, 362 (D.N.J 2001); *see also*, *Rossi v. Standard Roofing, Inc.*, 156 F.3d 452, 462 (3rd Cir. 1998).

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 42
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

nature when a number of competitor firms agree with each other and at least one of their common suppliers or manufacturers to eliminate their price-cutting competition…"[228]

Because Defendants' price-fixing of competitors Budget and Alaska Rent A Car is restraint of trade and a *per se* violation of the Sherman Act, [229] and AS 45.50.562, it is also a prohibited under the Unfair Trade Practices Act as "unlawful acts and practices actionable at common law or under other state statutes."[230] Finally, aside from the Sherman Act, the practices described above demonstrate that Defendants are engaging in "unfair competition and deceptive acts or practices" under the State Act each and every time they favor one of the franchisees over the other.[231]

> **2.      Defendants' Practice of Segregating the Avis and Budget Markets Unfairly Limits Alaska Rent A Car's Access to Potential Customers .**

After consolidation, Defendants now have control of the national marketing campaigns of both Avis and Budget, and they are able to market the franchises to different segments of the market so as to avoid competition between Avis and Budget.[232] Through discovery Alaska Rent A Car has learned that Defendants do not use their money to

---

[228] *Rossi*, 156 F.2d at 462.

[229] *See*, *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 218, 60 S.Ct. 811 (1940); *United States v. Topco Associates, Inc.*, 405 U.S. 596, 92 S.Ct. 1126 (1972); *United States v. Sealy, Inc.*, 388 U.S. 350, 87 S.Ct. 1847 (1967); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.2d 774, 782 (7th Cir. 1994). *See* Memorandum in Support of Anti-Trust Motion for Partial Summary Judgment at pp. 38-40, Sec. IV. A&B; incorporated herein by reference.

[230] *See* AS 45.50.471(c).

[231] *See* AS 45.50.471.

[232] *See*, Exhibit 34, Cendant Corporation's 2004 Form 10-K SEC Filing, at p. 22; *see also*, Excerpt of Deposition of Becky Alseth, at pp. 109-110; *see also*, Excerpt of Deposition of Joseph Siino, at pp. 145-146 (CCRG's strategy is to avoid "cannibalization" of government accounts, market Budget to certain travel agencies and Avis to others); *see also*, Excerpt of Deposition of Robert Lambert, at pp. 126-127; *see also*, Excerpt of Deposition of James Krapf, at pp. 38-39; *see also*, Exhibit 35, CCRG's 2005 Budget Marketing Plan, at p. 3 ("Focusing on CCRG's two-brand strategy, position Budget away from Avis to capture low-price competitive share.")

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                                   Page 43
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

advertise against their competitors, but rather to divide the market between the two franchises so that Defendants can maximize their market share.[233] In addition, Defendants attempt to segment the Avis and Budget markets through the use of profiling. In other words, Defendants look at your race, sexual orientation, and physical impairments, and the type of business you are engaged in to determine whether you are more apt to rent an Avis or Budget automobile.[234]

Because the above activities inappropriately hamper Alaska-Rent A Car's ability to market their product to all car renters, they are unlawful pursuant to the Unfair Trade Practices Act.[235] In directing certain markets exclusively toward Budget and closing off some of Alaska Rent A Car's market through segmentation, and engaging in selective marketing (advertising), Defendants are obviously engaging in "unfair method of competition."[236] By concealing these activities from Alaska Rent A Car and other interested parties, Defendants have exacerbated the unlawful practice through "deception."[237] In addition, Defendant's have created "confusion" and "misunderstanding" that has misled and damaged Alaska Rent A Car, as well as consumers. *See* AS 45.50.471(11) and (12). Moreover, Defendant's activities violate an "established concept of unfairness" and can easily be characterized as "immoral", "unethical", "oppressive", and "unscrupulous."[238]

---

[233] *See, e.g.*, Exhibit 36, CCRG Customer Segmentation Study dated June 2, 2004, at p. 3. *See also*, Exhibit 35, CCRG 2005 Budget Marketing Plan, at p. 3; Excerpt of Deposition of James Krapf, at pp. 38-39; Excerpt of Deposition of Becky Alseth, at pp. 319-320, 357, 360; Excerpt of Deposition of Joseph Siino, at pp. 145-146, 157.

[234] *See, e.g.*, Exhibit 35, CCRG 2005 Budget Marketing Plan, at p. 17. The plan concluded that "71% of African Americans have a more positive impression of Budget when compared to Whites at 60% and Asians at 68%." This was one of CCRG's "rationales" to "establish actionable Budget relationship with African American consumer target." CCRG's 2005 Avis Marketing Plan did not have a similar initiative in its "diversity marketing" section. *See*, Exhibit 37, at p. 14.

[235] *See* AS 45.50.471(a).

[236] *See* AS 45.50.471(a).

[237] *See* AS 45.50.471(a).

[238] *See, O'Neil Investigations, Inc.,* 609 P.2d at 534.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 44
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Finally, as with price fixing, market segmentation is also a *per se* violation of the Sherman Act[239] and AS 45.50.562, and therefore, are prohibited unfair trade practices.[240]

### 3. Defendants Unfairly Hinder Alaska Rent A Car From Fulfilling its Contractual Obligations.

Through its contractual agreements with Defendants, Alaska Rent A Car is required to promote Avis, as well as retain separation from its competitors.[241] Defendants' consolidation with Budget prevents Alaska Rent A Car from complying with these obligations.

Subsumed in the implied covenant of good faith and fair dealing is the "prevention of performance doctrine" under which "bad faith" includes "interference with or failure to cooperate in the other party's performance."[242] The implied covenant not to hinder or prevent performance has also been described as follows: "Each party to a contract impliedly agrees not to prevent the other party from performing or to render performance impossible by any act of his own."[243]

Impairing Alaska Rent A Car contractual duties is not only "offensive" and "unscrupulous," it "offends public policy."[244] These activities create "confusion" and "misunderstanding" which in turn "deceives … [and] damages" Alaska Rent A Car in connection with their entire business arrangement, including its "sale or advertisement of

---

[239] *See*, *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 218, 60 S.Ct. 811 (1940); *United States v. Topco Associates, Inc.*, 405 U.S. 596, 92 S.Ct. 1126 (1972); *United States v. Sealy, Inc.*, 388 U.S. 350, 87 S.Ct. 1847 (1967); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.2d 774, 782 (7th Cir. 1994).

[240] *See* AS 45.50.471(c).

[241] *See, e.g.,* Exhibit 6, Agency Settlement Agreement, at p. 3 ¶ I.B; Exhibit 2, License Agreements at pp. 3-4 ¶ 3.10.

[242] Restatement (Second) of Contracts § 205 (1981), Comment d., cited in *Mitford v. de Lasala*, 666 P.2d 1000, 1006 (Alaska 1983)

[243] *Hardin v. Eska Company*, 127 N.W.2d 595, 598 (Iowa 1964) quoting 17 C.J.S. Contracts §468 at 967.

[244] *See O'Neil Investigations, Inc.,* 690 P.2d at 534-55 (discussing variety of factors used to determine "unfairness" under Alaska Unfair Trade Practices and Consumer Protection Act.)

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 45
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

goods or services."[245] Moreover, impairing Alaska Rent A Car's ability to perform its contractual agreement is a material breach of an implied covenant.[246] Since Defendants' breaches are clearly related to "trade" and "commerce,"[247] which are "actionable at common law," they are therefore actionable under the Act[248]

4. **Defendants' Operation and Management of a Competing Brand Within Alaska Rent A Car's Exclusive Territory Constitutes an Unfair Trade Practice.**

It is well settled that a franchisor cannot encroach into a franchisee's exclusive territory and compete against its franchisee.[249] Franchise law is similar to the law of agency which provides that:

> The grant of an 'exclusive agency' to sell the products of a manufacturer or dealer in a specific territory is ordinarily interpreted as precluding competition by the principal **in any form** within the designated section.[250]

When Defendants ignore the exclusive territory agreement by supporting Alaska Rent A Car's competitor, Budget, it "unfairly" and "unscrupulously" harms Alaska Rent A Car,[251] as well as commits a material breach of the contract. After the acquisition, Defendants in effect unfairly positioned their own licensee, Alaska Rent A Car as a

---

[245] *See* AS 45.50.471(b)(11).

[246] *See* Memorandum in Support of Partial Summary Judgment on Breach of the Implied Covenant of Good Faith. Sec. III pp. 35-46. Incorporated by reference hereto.

[247] *See Id.*

[248] *See* AS 45.50.471(c);

[249] *See, e.g.*, *BJM & Associates v. Norrell Services, Inc.*, 855 F. Supp. 1481, (E.D. KY 1994) (holding that franchisor breached franchise contract by operating similar business to franchisees in protected area); *National Micrographics Systems, Inc. v. OCE-Industries, Inc.*, 465 A.2d 862 (Md. App. 1983) (holding that manufacturer that directly sold to retailer's customers was liable for retailer's lost profits on those sales); *Uinta Oil Refining Co. v. Ledford*, 244 P.2d 881 (Co. 1952)(en banc) (holding that producer that sold petroleum products to customers in distributor's territory owed distributor its lost profits on those sales).

[250] *Uinta Oil Refining*, 244 P.2d at 884 quoting the Restatement of Law of Agency, p. 1058, § 449(b) [emphasis added].

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 46
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

competitor with its newly acquired Budget. Unilaterally, breaching the license agreement in this manner and causing harm to Alaska Rent A Car are obviously "unfair methods of competition" that are unlawful under the Unfair Trade Practices Act.[252] In addition, the breach of contract involves circumstances related to "trade" and "commerce,"[253] it is a practice that is "actionable at common law", and therefore, it is unlawful under Unfair Trade Practices Act.[254]

> **5.**  **Defendants Intent to Never Honor the Agency Settlement Agreement is an Unfair Trade Practice.**

Finally, in ignoring the exclusive licensing agreement (as affirmed in a subsequent Agency Settlement Agreement (ASA), Defendants have violated the Act's prohibition against "representing that an agreement [the license agreement] confers or involves rights, remedies or obligations which it does not confer or involve, or which are prohibited by law…" AS 45.50.471(b)(14).[255] In other words, the ASA explicitly states that "[t]he Avis Parties agree that they cannot Acquire an Additional Company or any Location thereof within any of the Exclusive Territories or otherwise compete with any of the Licensees within their Exclusive Territories."[256] Yet, Defendants never intended to keep the management and operations of Avis separate and apart from the "new company" that Cendant might acquire under the ASA.[257] Salerno testified that at the time he negotiated the ASA with the Avis Licensees he understood and intended that if Cendant acquired a new car rental brand it would form a company like CCRG/Avis Budget Car Rental to

---

[251] *See O'Neil Investigations, Inc.,* 690 P.2d at 534-55 (discussing variety of factors used to determine "unfairness" under Alaska Unfair Trade Practices and Consumer Protection Act.)

[252] *See* AS 45.50.471(b).

[253] *See Id.*

[254] *See* AS 45.50.471(c);

[255] *See, e.g.,* Western Star Trucks, Inc. v. Big Iron Equip. Service, Inc., 101 P.3d 1047 (Alaska 2004) (false misrepresentation violated AS 45.50.471(b)(14) Unfair Trade Practices Act).

[256] Exhibit 6 at p. 3 ¶ I.B.

[257] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 224-228.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 47
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Case 3:03-cv-00029-TMB   Document 182   Filed 06/20/06   Page 51 of 55

operate both Avis and the new brand.[258] Salerno testified that he never considered the possibility of acquiring Budget without combining personnel, fleet and other operations.[259]

The integration of Budget with Avis in CCRG/Avis Budget Car Rental was "pretty much" the way Salerno envisioned it would go at the time of the ASA if Cendant bought a new rental car company.[260] People at CCRG/Avis Budget Car Rental now manage both Avis and Budget.[261] Thus, Defendants always intended to manipulate the ASA such that Avis would become an entity like CCRG/Avis Budget Car Rental that would manage and operate both brands regardless of the express prohibitions against the Avis Parties doing so.

### 6. Defendants Violated the Unfair Trade Practices Act When It Began Operating Budget Under the Avis Car Rental System.

Defendants now have one "plan or system for conducting the business of renting motor vehicles" for both Avis and Budget. By combining management, operations, marketing and sales for the two brands and performing the key functions of a franchisor for both Avis and Budget, Defendants are operating both brands under the same system. Even CCRG's name has been changed to "Avis Budget Car Rental" to indicate that it is all one system. Operating both brands under the same system violates Alaska Rent A Car's right to an exclusive system. Defendants breach is compounded by the fact that Defendants provided Avis' methods and manners of doing business to Budget so that Budget can more effectively compete against Avis.[262]

---

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

[258] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 11-14.
[259] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 100.
[260] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at p. 72.
[261] Excerpt of F. Robert Salerno Deposition dated March 11, 2004 at pp. 44-45.
[262] *See* Memorandum in Support of Partial Summary on Counts I and II of the First Amended Complaint [Breach of Contract] Sec. C and D pp. 14-25.

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB]                    Page 48
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Prior to the acquisition, Budget was struggling and its reservation process was ranked dead last.[263] This gave Alaska Rent A Car a competitive advantage against its local Budget competition. This advantage was lost forever when Avis employees and its reservation system were used to fix Budget. Now Defendants are using that improved product and reservation system to send Alaska Rent A Car's competitor thousands of reservations every year. These actions not only breach Alaska Rent A Car's exclusive license as a matter of law,[264] they constitute unfair trade practices.

In particular, Defendants' engage in unfair trade practices by allowing Budget (including Alaska Rent A Car's local competitor) to use the same superior reservation operations, sales representatives, and other aspects of the comprehensive System that Alaska Rent A Car is using. Defendants ignored and breached the contractual agreements which gave Alaska Rent A Car exclusive use of the System, and it "unfairly" and "unscrupulously" harmed Alaska Rent A Car through providing this support to its competitor. [265] As stated above, when Defendant's assist a competitor, they engage in a patent "unfair method… of competition."[266]

Additionally, the breach of contract, in itself is also an unfair practice. The breach not only relates to "trade" and "commerce,"[267] but it is also "actionable at common law…,"

---

[263] Exhibit 4, Executive Summary from J.D. Power and Associates 2001 Syndicated Airport Rental Car Customer Satisfaction Study; Excerpt of Deposition of Steve Kelly at p. 81.

[264] Competing against Alaska Rent A Car in Alaska also violates the 1976 Settlement Agreement.

[265] *See O'Neil Investigations, Inc.,* 690 P.2d at 534-55 (discussing variety of factors used to determine "unfairness" under Alaska Unfair Trade Practices and Consumer Protection Act.) Exhibit 46, Kramer Memo dated May 7, 1969. Defendants' previously produced this legal opinion in connection with the Agency litigation. Exhibit 47, Affidavit of Paula W. Hinton dated November 13, 1995. Notably Avis' attorneys concluded it would be a breach of the implied covenant for Avis to acquire a rental car company which operated only at off-airport locations.

[266] *See* AS 45.50.471.

[267] *See Id.*

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 49
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

and therefore, it is unlawful pursuant to the Unfair Trade Practices Act.[268] By setting up a shared reservation and marketing system between competitors, and using the name "Avis Budget Car Rental," Defendants cause "confusion or misunderstanding" as to the source and sponsorship of the rental car operations,[269] and this in turn damages Alaska Rent A Car.[270] In other words, there is a fundamental "unfairness" when the same sales staff, whose loyalty now lies with the umbrella corporation, nonetheless work for two competitors. Obviously, these sale persons no longer have complete loyalty to Alaska Rent A Car.

## IV.    CONCLUSION.

In conclusion, Defendants have engaged in extensive unlawful trade practices that have adversely affected Alaska Rent A Car's car rental business. Given Defendants' extensive admissions concerning these unlawful activities, Alaska Rent A Car is entitled to summary judgment as a matter of law.

DATED this 20th day of June, 2006.

> BANKSTON GRONNING O'HARA, PC
> Attorneys for Plaintiff Alaska Rent A Car, Inc.
> By:____s/ Jon T. Givens_____
>     601 W. 5th Avenue, Suite 900
>     Anchorage, Alaska 99501
>     Phone: (907) 276-1711
>     Fax: (907) 279-5358
>     E-mail: cheaphey@bankston.to
>     Alaska Bar No. 9011073

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[268] *See* AS 45.50.471(c).
[269] *See* AS 45.50.471(b)(3).
[270] *See* AS 45.50.471(b)(3).

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint
Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 50
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2006 a copy of foregoing Motion and Memorandum In Support of Motion for Partial Summary Judgment on Count VI of the First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act was served electronically on Diane F. Vallentine and on

John F. Dienelt
DLA Piper Rudnick Gary Cary US LLP
1200 Nineteenth Street NW
Washington, DC 20036-2430

Barry M. Heller
DLA Piper Rudnick Gary Cary US LLP
1775 Wiehle Avenue, Suite 400
Reston, VA 20190-5159

Diane F. Vallentine
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503

by regular U.S. Mail

s/Jon T. Givens
_____

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5ᵗʰ Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Memorandum In Support of Motion for Partial Summary Judgment on Count VI of The First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (AS 45.50.471)
*Alaska Rent A Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                    Page 51
Q:\CLIENT\A3388\05\SUMMARY JUDGMENT\UNFAIR TRADE SECRETS ACT\MEMsjunfairtradepractices.DKW2.doc

Case 3:03-cv-00029-TMB   Document 182   Filed 06/20/06   Page 55 of 55