John F. Dienelt, Esq.
Barry M. Heller, Esq.
William P. Donovan, Jr., Esq.
Scott McIntosh, Esq.
Charley C. Sung, Esq.
DLA Piper Rudnick Gray Cary US LLP
1200 Nineteenth Street, NW
Washington, D.C. 20036-2412
(202) 861-3880 (telephone)
(202) 223-2085 (fax)

Howard S. Trickey, Esq.
Diane F. Vallentine, Esq.
Matthew Singer, Esq.
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CENDANT CORPORATION, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. A03-029 CV [TMB] |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S OVERLENGTH SUMMARY JUDGMENT MOTIONS

**I.   INTRODUCTION**

Local Rule 10.1 limits briefs in support of summary judgment or other dispositive motions to no more than 50 pages. In blatant effort to circumvent this rule, Plaintiff has taken a piecemeal approach, filing eight separate dispositive motions, supported by briefs totaling 314

pages (excluding exhibits, affidavits, and attachments).  Had Plaintiff's briefs been only a few pages over the page limit set by the local rules, Defendants would not have raised this issue or burdened the Court with this motion.  However, the 314 pages are such a flagrant violation of the local rules that Defendants believe it necessary to bring this to the Court's attention.

The Court should strike the over-length motions and briefs.  At the very least, the Court should direct the plaintiff to file one motion as to the five motions regarding plaintiff's contract claims that are analytically linked, along with one 50-page supporting brief.

**II.     DISCUSSION**

Local Rule 10.1(l) provides:  "Unless otherwise ordered, principal briefs or memoranda of law in civil and criminal cases (including appeals) may not exceed fifty (50) pages and replies may not exceed twenty-five (25) pages, exclusive of pages containing a table of contents, table of citations, or reproductions of statutes, rules, ordinances, *etc*."  Nothing in the rules permits Plaintiff to circumvent the page limitations by filing eight motions and supporting briefs that total 314 pages. [1]

---

[1] The eight motions are:
- Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint [Breach of Contract];
- Motion for Partial Summary Judgment on Breach of The Implied Covenant of Good Faith and Fair Dealing;
- Motion to Disregard Defendants' Corporate Form and Pierce the Corporate Veil;
- Motion for Summary Judgment for Damages;
- Motion and Memorandum in Support of Motion for Summary Judgment on Permanent Injunctive Relief and Specific Performance;
- Motion for Partial Summary Judgment Re: Anti-Trust;
- Motion for Partial Summary Judgment on Count VI of the First Amended Complaint for Violation of Alaska Unfair Trade Practices and Consumer Protection Act (as 45.50.471);
- Motion for Declaratory and Injunctive Relief Relating to the Breakup of Cendant Corporation.

Defendants filed one 50-page summary judgment motion addressing every substantive claim alleged by Plaintiff. Plaintiff certainly should have been capable of the same brevity, or should have sought leave of the Court to exceed the page limit. Plaintiff's failure to comply with the rule is grounds for striking all of the summary judgment briefing except for the first 50 pages of the first-filed motion.[2]

At the very least, the Court should require that plaintiff submit one compliant motion and supporting brief, addressing claims that are analytically linked -- those claims related to the issue of breach of contract. Plaintiff has filed one 50-page brief in support of its motion for summary judgment on its claim for breach of contract, a second 50-page brief in support of its motion on the alleged breach of the implied covenant of good faith and fair dealing, a third 48-page brief in support of its motion seeking to pierce the corporate veil, a fourth 12-page brief in support of its motion for summary judgment on contract damages, and a fifth 50-page brief in support of its motion for summary judgment seeking specific performance of the contractual obligations, for a total of 208 pages on what is essentially a single issue: whether Plaintiff is entitled to summary judgment and the relief sought for alleged breach of contract.

The Court cannot address the implied covenant of good faith and fair dealing claim without analysis of the actual contract terms outlined in the first motion.[3] Plaintiff's veil-piercing argument asks the Court to disregard the corporate form in order to circumvent a specific term of a contract that permits the Defendants to take the actions of which Plaintiff complains. Damages are an element of breach of contract and cannot be considered separately.

---

[2] *See King County v. Rasumussen*, 143 F. Supp.2d 1225, 1227 (W.D. Wash. 2001) (striking all briefing beyond the local rule's page limit).

[3] *See Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1996) (purpose of covenant of good faith is to enforce the parties' reasonable expectations based on the contract, not to expand them or to add terms not in the contract).

So too the issue of specific performance is intrinsically tied to the terms of the contract and the question of whether there was a breach. Indeed, Plaintiff obviously recognized the analytical linkage when it pointed out in its brief on the breach of contract claims that it had filed separate motions concerning remedies and damages and injunctive relief. (Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint (Breach of Contract), n. 2)[4]

While Plaintiff's piecemeal approach allows it to conveniently sidestep Local Rule 10.1's page-limit requirement, it does a disservice to the Court by preventing any coherent and efficient discussion of the central issues in this case. Defendants should not be required to respond to or oppose motions that fail to comply with this Court's most basic rules.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's over-length motions for summary judgment.

Respectfully submitted,

*/s/ Diane F. Vallentine*
Diane F. Vallentine, Esq.
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Counsel for Defendants*

---

[4] Plaintiff likewise has filed two analytically linked motions and supporting briefs on claims of violation of federal antitrust and the state unfair trade practices act. Each brief is 50 pages. Plaintiff argues, in its brief on unfair trade practices, that the alleged practices violate the federal and state antitrust laws and thus the Alaska Act. (Motion and Memorandum In Support Of Motion For Partial Summary Judgment On Count VI Of The First Amended Complaint Violation Of Alaska Unfair Trade Practices and Consumer Protection Act (As 45.50.471) at pp. 38ff.)

<u>CERTIFICATE OF SERVICE</u>
This is to certify that on this 26th day of June, 2006, a true and correct copy of the foregoing was mailed via U.S. Mail to:

Jon T. Givens, Esq.
Bankston Gronning O'Hara
601 W. 5th Avenue, Suite 900
Anchorage, AK 99501


       /s/ Diane F. Vallentine

Motion to Strike Overlength
WASH1\4810020.5

5

Case 3:03-cv-00029-TMB    Document 192    Filed 06/26/06    Page 5 of 5