Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., an Alaska Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CENDANT CORPORATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:03-cv-29 [TMB] |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT MOTIONS**

**I.      Introduction.**

The defendants' Motion to Strike Plaintiff's Summary Judgment Motions is a mockery and insults the intelligence of the Court. The defendants' motion demonstrates their desperation to avoid having this Court address the merits on a full factual record with complete briefing.

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]          Page 1 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

## II. The Hypocritical Position Taken By The Defendants Demonstrates Their Motion To Strike Lacks Any Merit.

The defendants' position is hypocritical. Defendants contend that "Local Rule 10.1 limits briefs in support of summary judgment or other dispositive motions to no more than 50 pages."[1] The defendants' argument is belied by their own conduct as the defendants filed dispositive motions totaling 53 pages prior to ever filing their 50 page motion for summary judgment which is currently pending.[2] Thus, according to the defendants' argument, defendants entire motion for summary judgment, Docket No. 181, should be stricken.

The defendants' argument regarding Local Rule 10.1 taken to its logical conclusion (not that there is anything logical about their argument) would limit all motion practice in a case to a cumulative total of 50 pages. Local Rule 10.1(l) specifies that principal briefs or memoranda of law may not exceed 50 pages, without any reference to whether the motions are dispositive, discovery motions, motions for jury instructions or motions for any other form of relief. Therefore, the defendants are actually contending that parties are limited to a cumulative amount of briefing in support of all motions in a given case of 50 pages. The defendants have filed 15 motions before the Discovery Master totaling 107 pages.[3] The

---

[1] *See* Motion to Strike at p. 1.

[2] The motions filed by the defendants before the Court are as follows: (1) Motion to Dismiss Amended Complaint dated July 29, 2004 – 18 pages (Docket No. 64) (2) Motion to Dismiss for Failure to Comply With Mediation Clause dated March 17, 2003 – 8 pages (Docket No. 15) (3) Motion to Transfer the Action to NY dated March 17, 2003 – 14 pages (Docket No. 14) (4) Motion to Dismiss for Lack of Personal Jurisdiction of Cendant and Avis Holdings dated March 17, 2003 – 13 pages (Docket No. 16).

[3] The motions filed by the defendants before the Discovery Master are as follows: (1) Motion for a Protective Order dated November 15, 2004 – 15 pages (2) Motion for Reconsideration of Ruling dated June 29, 2005 – 6 pages (3) Motion for Modification of Ruling on Categorization of Documents dated June 29, 2005 – 5 pages (4) Motion to Compel Plaintiff to Produce 30(b)(6) Witnesses dated August 10, 2005 – 2 pages (5) Motion to Compel Plaintiff to Amend/Supplement Responses dated August 19, 2005 – 16 pages (6) Motion for a Protective Order dated September 19, 2005 – 3 pages (7) Motion to

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]                               Page 2 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

defendants have filed dispositive motions, as noted above, totaling 103 pages. The defendants have filed non-dispositive motions (including the present motion to strike) totaling 29 pages.[4] Therefore the defendants themselves have exceeded their cumulative 50 pages of briefing for memoranda and briefs prior to ever filing their present motion for summary judgment or the instant motion to strike. According to the "logic" of the defendants' position under Local Rule 10.1 neither the defendants nor the plaintiff will be able to file any motions before the Court for the balance of the case.[5]

If the Court wished to delve further into the hypocrisy of the defendants' arguments and the candor of defense counsel with the Court, the Court merely need inquire from John

---

Compel Depositions and Require Designation of 30(b)(6) Deponents dated November 17, 2005 – 7 pages (8) Motion for Protective Order Regarding Production of CPAF and Pricing Communications dated October 5, 2005 – 9 pages (9) Motion for Protective Order dated November 18, 2005 – 6 pages (10) Motion to Compel Production of Position Papers dated November 23, 2005 – 6 pages (11) Expedited Motion for Protective Order dated February 27, 2006 – 9 pages (12) Motion to Require Plaintiff to Pay for Half of the Email Discovery Costs dated March 6, 2006 – 4 pages (13) Motion to Compel Responses to Discovery Requests and Production of Privilege Log dated March 8, 2006 – 7 pages (14) Motion for Extension to File dated March 5, 2006 – 3 pages (15) Expedited Motion to Quash Subpoenas and Deposition Notices dated April 25, 2006 – 9 pages

[4] The non-dispositive motions filed by the defendants before the Court are as follows: (1) Motion for an Extension of Time dated February 25, 2003 – 6 pages (Docket No. 8) (2) Motion to Participate as Attorney and Consent dated March 12, 2003 – 3 pages (Docket No. 12) (3) Motion to Participate as Attorney and Consent dated November 6, 2003 – 3 pages (Docket No. 33) (4) Motion for Extension of Time to File Responsive Pleading dated July 16, 2004 – 6 pages (Docket No. 57) (5) Motion for a Status Conference dated June 23, 2004 – 6 pages (Docket No. 51) (6) Motion to Strike dated June 26, 2006 – 5 pages (No Docket No. as of filing)

[5] If the defendants are correct and there is a 50 page cumulative limit for dispositive motions, then their motion for summary judgment must be stricken, and plaintiff is only allowed a 50 page motion for summary judgment. If defendants' argument is taken to apply to all motion practice, since both parties have filed in excess of 50 pages of motions before the present motions for summary judgment, then both parties motions would be stricken and no party could file any motions for the balance of this case, and the Court should simply set the case for trial. However, plaintiff is confident its motions may

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 3 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

Dienelt, Barry Heller, William Donovan, Howard Trickey, and Diane Vallentine whether any of them have filed more than 50 pages of dispositive or other motions in federal court cases and whether any of them have filed multiple dispositive motions in federal court cases. It seems inconceivable to the undersigned counsel that these attorneys have not done so. They all did so in this case. Certainly, the undersigned counsel has filed multiple motions for summary judgment in the U.S. District Court for the District of Alaska and other courts as well. Additionally, Local Rule 10.1 applies to both civil and criminal cases. No doubt Judge Burgess has personal experience with numerous cases in which the cumulative pages of oppositions or motions filed exceeded 50 pages.[6]

The plain language of Local Rule 10.1 specifically authorizes the filing of multiple motions.[7] The plain language of Local Rule 10.1(l) clearly authorizes the filing of up to 50 pages in support of each principal brief or memorandum.[8] The defendants' contention that parties are limited to either filing one solitary dispositive motion in a given case or a cumulative page limit on all motion practice of 50 pages is simply inconsistent with the Civil Rules, the experience of every lawyer representing the plaintiff and no doubt inconsistent with the personal experience of the defendants' counsel who actually put their name on the motion to strike.

In fact, the only case cited by the defendants, *King County v. Rasumussen*, contained a circumstance where the Rasumussens had filed two oppositions, both over the local rule limit of 24 pages.[9] In *Rasumussen* the Court struck the pages of each separate

---

severely limit or eliminate the need for trial and believes it would be a poor use of judicial resources not to hear plaintiff's motions on a complete briefing.

[6] The U.S. District Court for the District of Alaska files have many cases with briefs and oppositions exceeding 50 cumulative pages: *Exxon Litigation, U.S. v. Taylor, U.S. v. Gustafson, U.S. v. Cheeley*, *U.S. v. Continental Casualty Co.* and cases too numerous to mention.

[7] *See* U.S.D.C. District of Alaska Local Rule 10.1(a)(1).

[8] *See* Local Rule 10.1(l).

[9] *King County v. Rasumussen*, 143 F. Supp.2d 1225, 1227 (W.D. Wash. 2001), *affirmed*, *King County v. Rasumussen*, 299 F.3d 1077, 1081-1083 (9th Cir. 1002).

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 4 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

pleading which exceeded the local rule page limitation.[10] In *Rasumussen*, the party deliberately and knowingly filed briefing in support of each opposition in excess of the local rule page limit. In *Rasumussen* the Court did not rule that there was a cumulative page limitation in the local rules which required the briefing on all oppositions to be cumulatively within the single page limitation. Instead, the Court allowed each separate pleading/opposition to have a separate 24 page limitation and as such the defendants two oppositions each were allowed to have the page limit provided in the Civil Rules. Thus, the one and only case cited by the defendants stands for the proposition that the page limit contained in the local rules is applicable to each separate pleadings and not all dispositive motions or oppositions cumulatively. The case cited by the defendants fully supports that Alaska Rent-A-Car correctly interpreted the local rule as allowing 50 pages with respect to each discrete motion.

Curiously, the defendants only cited the District Court decision to this court and did not disclose the subsequent Ninth Circuit history in the appeal of the ruling on the motion to strike. The Ninth Circuit, although affirming the District Court's decision to strike, in essence still considered on appeal the material which was struck by the District Court.[11]

> For the most part, however, the fact that this material has been struck will not affect our review. The final pages of the summary judgment response brief do not contain separate legal arguments that are waived because they were not raised in the first 24 pages of the brief. Instead they contain comparisons between the facts of this case and the facts of a Washington Court of Appeals case dealing with a railroad right-of-way. We must consider the effect of any case relevant to the arguments raised, regardless of whether the Rasumussens' briefed the particular case.[12]

Thus, the legal authority which the trial court struck was still considered by the Court of Appeals. Further, the Ninth Circuit noted that although the District Court struck the

---

[10] *Id.*

[11] *Id.* at 1082.

[12] *Id.* at 1082.

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 5 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Rasumussens' arguments regarding their taking claims, the Ninth Circuit nonetheless agreed to "address all of the Rasumussens' counterclaims."[13] Thus, in essence, nothing was actually stricken.

It is worth noting that the Local Rules require both the text and footnotes for briefs and memoranda to be in 11 point type or 12 point proportional type.[14] In the defendants' Motion for Summary Judgment or, Alternatively, for an Order Limiting the Issues for Trial on Count II, Docket No. 181, the defendants failed to use 11 point type or 12 point proportional spaced font, but instead have footnote text in 18 characters per inch, in violation of Local Rule 10.1. If the defendants had typed their footnotes in the same font as the balance of the brief as required by the Local Rules, the defendants motion, Docket 181, would exceed 50 pages.

### III. Alaska Rent-A-Car Complied With The Local Rule And Nothing Should Be Stricken.

Alaska Rent-A-Car filed separate motions for summary judgment on separate and distinct claims, attempted to group the issues logically, and each separate memorandum or brief complies with the provisions of Local Rule 10.1. Counts I and II of the First Amended Complaint address different contracts. Count I involves four contracts executed in 1965 with modifications in 1976, which contracts have decades of history and performance. Count II involves a separate and distinct contract executed in 1997 and joined by Alaska Rent-A-Car in July 2001.[15] Although Alaska Rent-A-Car could have filed separate motions on each contract, it joined the express breach of contract claims together in a single motion which was briefed in 50 pages.[16]

---

[13] *Id.* at 1083.

[14] Curiously, the Motion to Strike Over Length Summary Judgment Motions also fails to comply with Local Rule 10.1(a)(1)[C] as it does not contain a footer with the Case name and number on each consecutive page. Defendants also violated Local Rule 7.4 by failing to submit an order with their motion to strike.

[15] *See* Docket Nos. 164 and 165.

[16] *See* Docket Nos. 164 and 165.

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 6 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Alaska Rent-A-Car filed a separate memorandum regarding its breach of the implied covenant claims, Counts III and IV.[17] Again, rather than filing a separate 50 page motion addressing Count III and a separate one addressing Count IV, the implied theories were consolidated into a solitary motion.

Similarly, Alaska Rent-A-Car filed separate discrete motions and complied with Local Rule 10.1 on the issues of piercing the corporate veil,[18] certain damage remedies,[19] permanent injunctive relief and specific performance,[20] violations of State and Federal Antitrust law,[21] violations of the Unfair Trade Practices Act,[22] and issues related to the breakup of Cendant Corporation.[23] The issues were logically grouped and appropriately briefed.

Early in the case, Alaska Rent-A-Car filed a 101 page memorandum in support of an 11 page motion for summary judgment and asked for leave of court, which was granted by Judge Singleton.[24] At that point in the case, the defendants had produced approximately 12,000 Bates numbered pages of documents and plaintiff had taken 5 depositions. The Amended Complaint had not been answered and discovery had not proceeded forward on several of the causes of action asserted in the Amended Complaint. Subsequent to Judge Singleton's initial approval of filing an over 100 page motion for summary judgment in this case, some 400,000 pages of additional document production have been provided, and plaintiff conducted 53 additional depositions.

**BANKSTON GRONNING O'HARA, P.C.**
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[17] *See* Docket Nos. 172, 173, 174, and 176.
[18] *See* Docket Nos. 163, 167 and 168.
[19] *See* Docket 179.
[20] *See* Docket Nos. 183, 185, and 186.
[21] *See* Docket Nos. 170, 171, 175, and 177.
[22] *See* Docket Nos. 182 and 184.
[23] *See* Docket No. 178.
[24] *See*, Docket No. 43. Another fact not disclosed by defendants to the Court.

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 7 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

In light of the extremely significant issues in this case (a multibillion dollar acquisition involving conduct of hundreds of employees across the nation, involving thousands of contracts negotiated with users of rental car services, and involving a 50 year history of operations of the rental car business by Alaska Rent-A-Car here in Alaska) and considering the substantial amount of discovery, eight motions on discrete legal issues and claims is reasonable and appropriate.

This case was initially filed in January 2003 and defendants have been deliberately stalling and attempting to avoid having this case addressed on its merits. Defendants falsely accuse plaintiff of malfeasance by stating "it does a disservice to the Court by preventing any coherent and efficient discussion of the central issues in this case."[25] It is the defendants through their motion to strike, who are attempting to blind this Court to the facts and limit this Court's ability to consider the case on its merits. While defendants may be able to limit their brief to approximately 50 pages and seek dismissal of claims based on their "invented" legal technicalities, Alaska Rent-A-Car believes that consideration of this case on its merits is best served through full and fair presentation of evidence and briefing of the issues. As a plaintiff, Alaska Rent-A-Car has -more elements to establish to obtain summary judgment on its claims for affirmative relief as opposed to the defendants who merely seek to define some legal technicality to justify their defense. The gravity and magnitude of the defendants' breach necessitates the scope of briefing which the plaintiff submitted. The plaintiff's memoranda are in compliance with Local Rule 10.1, well written and well reasoned and should be considered by the Court. In any event, even though Alaska Rent-A-Car's briefing is not over length, if it were, it would be appropriate for the Court to grant consideration of over length briefs due to the gravity of the issues involved and the quantum and scale of the defendants' wrongful conduct.

---

[25] *See* Motion to Strike at p. 4.

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 8 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

DATED this 30th day of June, 2006.

BANKSTON GRONNING O'HARA, PC
Attorneys for Plaintiff Alaska Rent-A-Car, Inc.

By: s/Jon T. Givens
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Phone: (907) 276-1711
Fax: (907) 279-5358
E-mail: jgivens@bankston.to
AK Bar #9011072

**CERTIFICATE OF SERVICE**

I hereby certify that on 30th day of June a copy of foregoing Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Over Length Summary Judgment Motions was served electronically on: Diane F. Vallentine and on

John F. Dienelt
DLA Piper Rudnick Gary Cary US LLP
1200 Nineteenth Street NW
Washington, DC 20036-2430

Barry M. Heller
DLA Piper Rudnick Gary Cary US LLP
1200 Nineteenth Street NW
Washington, DC 20036-2430

by regular U.S. Mail

s/Jon T. Givens

Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Summary Judgment Motions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 9 of 9
A3388\05\SUMMARY JUDGMENT\DEFT'S MOT TO STRIKE\OPP.strike

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to