John F. Dienelt, Esq.
Barry M. Heller, Esq.
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, D.C.  20036-2412
(202) 861-3880 (telephone)
(202) 223-2085 (fax)

Howard S. Trickey, Esq.
Diane F. Vallentine, Esq.
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | | |
|---|---|---|
| ALASKA RENT-A-CAR, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. A03-029 CV [TMB] |
| | ) | |
| CENDANT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

**DEFENDANTS' OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE**

Defendants, by and through counsel, oppose Plaintiff's "Motion to Strike"

[Dkt. No. 244], pursuant to which Plaintiff asks the Court to strike Defendants'

"Cross-Motion for Summary Judgment on Count V (Piercing Corporate Veil) of

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.: 3:03-cv-29 [TMB]                                                                 Page 1 of 10

Plaintiff's First Amended Complaint," filed by Defendants at Docket No. 224 (the "Cross-Motion").    Plaintiff's Motion to Strike should be denied because consideration of the merits of the Cross-Motion is in the interests of justice and the efficient use of judicial resources, is consistent with Plaintiff's asserted desire to have the Court consider its claims upon the merits, and will not result in any prejudice to Plaintiff or any delay.

## ARGUMENT

Plaintiff asks the Court to strike Defendants' Cross-Motion as untimely because it was filed after the deadline for dispositive motions in this case, June 20, 2006, established pursuant to the "Stipulation and Order re: DM 35, 36, and 37 Regarding Scheduling" [Dkt. Nos. 149, 153].  The Stipulation and Order provided that the timeframes for oppositions and replies on dispositive motions would be 45 days and 15 days, respectively.  [Dkt. No. 149].  Plaintiff contends that the Court should strike Defendants' Cross-Motion because the parties agreed upon timeframes for responsive briefing "such that briefing on dispositive motions would be complete as set forth by the Court in its Docket 189 by August 21, 2006."  [Dkt. No. 245, at 2].

Plaintiff does not assert that it will suffer any prejudice as a result of Defendants' Cross-Motion, however.  Plaintiff asserts only that by filing the Cross-Motion, Defendants are seeking to restart the clock on the timing of dispositive motions.  [Dkt. No. 245, at 2].

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.:  3:03-cv-29 [TMB]                                                                Page 2 of 10

Plaintiff's argument is disingenuous because the deadline for completion of briefing upon dispositive motions already has been extended beyond August 21, 2006 and because Plaintiff currently is seeking additional discovery on the piercing the corporate veil claim that may result in further extension of the briefing schedule.

When the Court earlier granted Defendants a two-week extension of time to file their oppositions to Plaintiff's dispositive motions in this case, the Court directed that the parties should attempt to reach agreement among themselves as to an appropriate briefing schedule for reply papers. [Dkt. No. 206]. The parties filed a stipulation regarding such matters on August 17, 2006 [Dkt. Nos. 209, 211]. As part of the stipulation, the parties agreed that Plaintiff's "Replies in Support of the Plaintiffs' Motions for Summary Judgment Docket Nos. 163, 164, 170, 172, 178, 179, 182 and 183 shall be due on or before September 25, 2006." [Dkt. No. 206]. Thus, the time for the filing of Plaintiff's replies on its own motions was extended from 15 days to 38 days. Consequently, Plaintiff's argument that Defendants' Cross-Motion is an effort to evade the August 21, 2006 deadline is without merit because the deadline has already been revised.

The result is that Plaintiff's opposition to Defendants' Cross-Motion would be due only seven calendar days (October 2, 2006) after its reply on its own motion (September 25, 2006) concerning the piercing the corporate veil claim. Defendants' reply would be due 15 days thereafter. [Dkt. Nos. 149, 153].

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.:  3:03-cv-29 [TMB]                                                        Page 3 of 10

However, Plaintiff currently is seeking additional discovery upon its piercing the corporate veil claim. While the proceedings before the discovery master have not been completed, it appears that there may be additional extensions to the briefing schedule in connection therewith. Consequently, the timeframes for responsive pleading on Defendants' Cross-Motion will not cause any material extension in the dispositive pleading schedule and will not cause any prejudice to Plaintiff.[1]

Moreover, Defendants filed a consolidated memorandum in opposition to "Plaintiff's Motion to Disregard Defendant's Corporate Form and Pierce the Corporate Veil" and in support of their Cross-Motion.[2] Thus, Defendants' Cross-

---

[1]    The sole legal authority submitted by Plaintiff in support of its Motion to Strike also does not support rejecting Defendants' Cross-Motion. Plaintiff cites In re Durability, Inc., 212 F.3d 511 (10th Cir. 2000), for the proposition that stipulations should not be altered absent "extraordinary circumstances." Plaintiff misrepresents the holding of Durability, however. Durability involved a stipulation of fact. Id. at 556. In its discussion, the court noted, inter alia, the good cause and manifest injustice standards applicable under Fed.R.Civ.Proc. 16 and the policy considerations when deciding whether to relieve a party of a stipulation of fact. The court did not use the word "extraordinary" in its opinion. Moreover, the court, in fact, held that the bankruptcy court abused its discretion when it refused to consider an affidavit and exhibits filed by the bankruptcy trustee on summary judgment--which constituted a change in position from an earlier stipulation of fact—and in binding the trustee to his earlier stipulation. Id. at 557.

[2]    Defendants filed their "Opposition to Plaintiff's Motion to Disregard Defendant's Corporate Form and Pierce the Corporate Veil and Cross-Motion for Summary Judgment" at Docket No. 218 ("Defendants' Piercing Opposition"). Defendants filed their "Memorandum to Defendants' Cross-Motion for Summary Judgment on Count V (Piercing the Corporate Veil) of Plaintiff's First Amended Complaint" at Docket No.240 ("Defendants' Piercing Memorandum"). While

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.: 3:03-cv-29 [TMB]                                    Page 4 of 10

Motion has not resulted in any additional substantive briefing and Plaintiff easily could file a consolidated opposition/reply, given the substantive similarity of the cross-motions.

It also is obvious, as a practical matter, that Defendants' Cross-Motion will not result in any delay in the Court's decision upon dispositive motions in this case. The parties have requested oral argument on all dispositive motions [Dkt Nos. 190, 207, 226, 239]. While the Court may or may not grant oral argument, the sheer volume of Plaintiff's dispositive pleadings, and the resulting volume of Defendants' responsive pleadings, indicates that it is unlikely that the Court would decide the dispositive motions filed in this case before the briefing on the Cross-Motion is completed on or about October 17, 2006—briefing would be completed earlier if Plaintiff files a consolidated brief by September 25, 2006. However, as discussed above, all of the dates may be revised in any event to accommodate the additional discovery sought by Plaintiff.

The Court has broad discretion to control its docket to serve the interests of justice.[3] The exercise of discretion to permit consideration of late-filed cross-motions is common. For example, in Spence v. Southeastern Ak. Pilots' Ass'n, 789 F.Supp. 1014, 1019 (D.Ak. 1992), the Alaska District Court denied a

---

Defendants entitled the two memoranda differently to meet electronic filing requirements, the memoranda are the same.

[3]    Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion").

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.: 3:03-cv-29 [TMB]                                              Page 5 of 10

defendants' motion to strike plaintiff's cross-motion for summary judgment, made pursuant to Fed.R.Civ.P. 12(f) and 16(e) and (f), even though plaintiff filed its cross-motion after the date set for filing. The Court concluded that while a more appropriate course of action plaintiff may have taken would have been to file a motion requesting leave to file the cross-motion, the interests of justice were more important: "In the interests of justice, the court's concern is determining motions before it on the merits."[4] Id.

The Court should deny Plaintiff's Motion to Strike, as it did in Spence, because the interests of justice are served by the Court determining the numerous

---

[4]    See also Hart v. Progressive Cas. Ins. Co., 2005 WL 852456, at 7 (D.Ak. 2005) (denying plaintiff's untimely cross-motion for summary judgment upon the merits and therefore, denying, as moot, defendant's motion to strike plaintiff's untimely cross-motion and granting plaintiff's motion to relax pretrial schedule); Slue v. New York University Medical Center, 409 F.Supp.2d 349, 374 (S.D.N.Y. 2006) (noting that motions to strike are generally disfavored and will not be granted unless the matter asserted clearly has no bearing on the issue in dispute, and denying defendants' motion to strike untimely cross-motion where defendants had adequate opportunity to respond, defendants were not prejudiced, and as plaintiff's cross-motion had merit, the interests of justice required denial of motion to strike which was "just another tactic in the parties' acrimonious relationship"); TIG Insurance Company v. Smart School, 401 F. Supp.2d 1334, 1336, n.1 (S.D.Fla. 2005)  (denying plaintiff's motion to strike defendant's cross-motion, filed well after the deadline set by Court's Scheduling Order, "because it is 'the course of action most consistent with the interest of judicial economy'") (citing Matia v. Carpet Transport, Inc., 888 F.2d 118, 119 (11th Cir. 1989); Manchester Mfg. Acquisitions, Inc. v. Sears, Roebuck & Co., 909 F.Supp. 45, 55 (D.N.H. 1995) (denying defendants' motion to strike plaintiff's untimely cross-motion for summary judgment because motions generally are not subject to being sticken under Fed.R.Civ.P. 12(f) and untimeliness, standing alone, does not warrant striking cross-motion); Elder v. U.S., 141 F.Supp.2d 1334 (D.Utah 2001) (granting defendant's motion for summary judgment and denying plaintiff's untimely cross-motion for summary judgment and, therefore, denying defendant's motion to strike plaintiff's untimely cross-motion).

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.:  3:03-cv-29 [TMB]                                                      Page 6 of 10

dispositive motions before it upon the merits.    The Court's consideration of

Defendants' Cross-Motion further is supported by the fact that the Ninth Circuit,

like other federal courts, has recognized that a district court may grant summary

judgment against a moving party.[5]  Courts in other jurisdictions have concluded

that the court's authority to resolve claims on summary judgment supports denial

of a motion to strike a cross-motion.[6]

---

[5]    In re Marvin Properties, Inc., 76 B.R. 150, 152 (B.A.P. 9th Cir. 1987),
judgment aff'd, 842 F.2d 1183 (9th Cir. 1988) (citing Portsmouth Square v.
Shareholders' Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985)) (Where the
moving party fails to establish that it is entitled to judgment as a matter of law, the
court "may *sua sponte* grant summary judgment for the nonmoving party where
from the record there is no genuine dispute regarding material facts and the
nonmoving party is entitled to judgment as a matter of law."); see also Kern
County Land Co. v. Occidental Petroleum Corp., 411 U.S. 582 (1973) (affirming
grant of summary judgment where party receiving grant of judgment had not
moved for summary judgment before trial court).

[6]    See, e.g., K.C. 1986 Ltd. Partnership v. Reade Mfg., 33 F.Supp.2d 835,
837 (W.D.Mo. 1998)(denying motion to strike cross-motion filed after deadline
established in scheduling order, explaining that since court has power to grant
summary judgment *sua sponte* where parties have been put on notice and afforded
an opportunity to oppose it and has power to grant summary judgment against a
movant, it can entertain an untimely cross-motion, and cross-motion would not
unduly burden judicial resources or require expenditure of additional resources by
parties);    Sharpe v. MCI Telecommunications Corp., 19 F.Supp.2d 483, 487
(E.D.N.C.,1998) (holding that MCI's motion to strike untimely cross-motion was
not a proper motion to strike under Fed.R.Civ.P. 12(f) but that court would
consider the motion a response to the cross-motion, challenging the cross-motion
on procedural grounds, and since the court would be empowered to grant summary
judgment *sua sponte* to a nonmoving party, even in the absence of a cross-motion,
it would be imprudent to delay the disposition of the action simply because the
cross-motion was filed in an untimely fashion); Sudbeck v. Sunstone Hotel
Properties, Inc., 2006 WL 2091693, at 2 (D.Ariz. 2006)  (refusing to strike
untimely cross-motion, and denying motion to amend scheduling and scheduling
order as moot, noting that the court has authority to enter summary judgment in

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.: 3:03-cv-29 [TMB]                                                          Page 7 of 10

Given that Plaintiff filed a dispositive motion on Count V, it is in the interests of justice for the Court to determine the alleged claim upon the merits, including by consideration of Defendants' Cross-Motion. Defendants demonstrate in their Piercing Opposition and Piercing Memorandum that Plaintiff's piercing the corporate veil claim is without merit.[7]  [See Dkt. Nos. 218, 240]. The legal and factual issues argued in connection with the opposing cross-motions are similar. Plaintiff has conducted massive discovery in this case. The parties have filed multiple and voluminous motions for summary judgment. It would be a waste of judicial resources for the Court to deny Plaintiff's Motion for Summary Judgment and then leave the meritless claim for trial.

Indeed, despite its present Motion to Strike, Plaintiff purportedly wants the Court to decide the merits of its claims in this case upon summary judgment. In its Opposition to Defendants' Motion to Strike Plaintiff's Motions for Summary

---

favor of a party *sua sponte* and, therefore, "striking the cross-motion serves no useful purpose").

[7]    As set forth in Defendants' "Memorandum of Points and Authorities in Support of Summary Judgment or, Alternatively, for an Order Limiting the Issues for Trial," filed June 20, 2006, Defendants did not originally seeks summary judgment on Count V of Plaintiff's First Amended Complaint because Count V does not state an independent cause of action. [Dkt. No. 181, at 1, n.1; see also Dkt. No. 218, at 19 (demonstrating that an attempt to pierce the corporate veil is not an independent cause of action; "rather it is an assertion of facts and circumstances which will persuade the court to impose the corporate obligation on its owners.")]. Thus, unless Plaintiff prevailed on some cause of action in this case, it would be a waste of judicial resources to litigate on summary judgment whether some undefined and illusory corporate obligation should be imposed on a parent corporation in this case. However, given that Plaintiff filed a dispositive motion on Count V, it is in the interests of justice for the Court to determine the alleged claim upon the merits.

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.: 3:03-cv-29 [TMB]                                      Page 8 of 10

Judgment, Plaintiff argued that:    "Alaska Rent-A-Car believes that consideration of this case on its merits is best served through full and fair presentation of evidence and briefing of the issues. . . ."  [Dkt. No. 193 at 1, 8].

Denial of Plaintiff's Motion to Strike will facilitate consideration of Plaintiff's claim upon the merits.  Plaintiff has ample opportunity to respond to the Cross-Motion and will not suffer any prejudice as a result of Defendants' Cross-Motion.

## CONCLUSION

Plaintiff has urged this Court to address the issues in this case on their merits.  Plaintiff filed a dispositive motion on the piercing the corporate veil claim and, thereby, submitted the issue to the Court for consideration and the possibility that the Court may grant summary judgment *sua sponte* against Plaintiff because the claim is without merit.  Plaintiff has identified no prejudice that would result if the Court does not strike Defendants' Cross-Motion.  Indeed, the present briefing schedule may be revised again as a result of additional discovery sought by Plaintiff in any event.  Judicial economy and the interests of justice provide ample reason for the Court—given the time it will invest to review the extensive briefing and exhibits filed by the parties upon Plaintiff's Motion—to resolve the piercing the corporate veil claim in advance of trial.  Consequently, Plaintiff's Motion to Strike should be denied.

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.:  3:03-cv-29 [TMB]                                                                Page 9 of 10

DATED:  September 18, 2006.

Respectfully submitted,

_____ /s/ Diane F. Vallentine _____
Diane F. Vallentine, Esq.
(Alaska Bar No. 7710177)
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**
This is to certify that on this 18th day of September,
2006, a true and correct copy of the foregoing
was mailed and electronically served upon:

Jon T. Givens, Esq.
Bankston Gronning O'Hara
601 W. 5th Avenue, Suite 900
Anchorage, AK  99501

_____ /s/ Diane F. Vallentine _____

*Defendants' Opposition to Plaintiff's Motion to Strike*
Alaska Rent-A-Car vs. Cendant, et al.
Case No.:  3:03-cv-29 [TMB]                                                  Page 10 of 10