IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:03-cv-029 TMB |
| ) | |
| CENDANT CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### STIPULATION AND ORDER REGARDING DMs 43,48,49, 50,51,52, AND SCHEDULING ISSUES

Alaska Rent-A-Car and Cendant Corporation *et al.*, by and through their attorneys of record, participated in a hearing on September 13, followed by discovery mediation with the Special Discovery Master regarding DMs 43, 48, 49, 50, 51, 52 and scheduling matters on September 13, 15, 18, 19, and 21, 2006, after which the Special Discovery Master orders and the parties agree and stipulate to the following:

(1)   DM 43 is denied.

(2)   Plaintiffs request for further discovery with respect to the subject matter of DM 48 is denied.

(3)   In regard to DM 49, Defendants will produce the 2006 Strategic/Business Plan to plaintiff, within five business days of the date of this Stipulation and Order and must at the same time provide any redactions from those documents on the grounds of attorney-client privilege to the Special Discovery Master for inspection *in camera,* and plaintiff will produce its balance sheets and profit and loss statements, if not previously produced, from January 1, 2001 through June 2006 to defendants within five business days of the date of this Stipulation and Order.

(4)   In regard to DM 50, plaintiff will cause to be produced the "trust agreements" that are the subject of DM 50 to defendants within five business days of the

date of this Stipulation and Order, and defendants stipulate they will provide plaintiff 60 days notice of defendants' intention to file, prior to filing any lawsuit regarding the "trust agreements."

(5) In regard to DM 51, defendants will produce to the plaintiff within five business days of the date of this Stipulation and Order, for each Avis franchisee who signed a statement "joining" the Agency Settlement Agreement after January 1, 1999:

> All statements of joinder, cover letters or similar written documents by which an Avis licensee "joined" the Agency Settlement Agreement, including any written statements qualifying the joinder.

> Any writing by defendants contending the "joinder" was untimely.

> All settlement agreements with such "joined" licensees reciting that the licensee was considered a party to the Agency Settlement Agreement from which financial terms of the settlement will be redacted.

(6) Further, in regard to DM 51, plaintiff may take a deposition by telephone of John McClain at a mutually agreeable date within ten business days of the date of this Stipulation and Order, which deposition will be limited as follows:

> The subject matter of the deposition will relate only to the "$800 million" issue to which McClain referred in his Declaration and the information in paragraphs 5, 6, 7, 19, 20, 22 and 23 of Karen Sclafani's most recent Declaration.

> Plaintiff will be permitted to submit ten written questions, with no subparts, to the Special Discovery Master, which will be furnished to defendants two business days in advance of the deposition, and the Special Discovery Master will ask the questions.

> Plaintiff may thereafter submit ten follow-up written questions, with no subparts, to the Special Discovery Master to ask after a break of no more than 45 minutes for plaintiff to prepare its follow-up questions. No further questions will be permitted.

> Defendants may make and preserve any objections to the 20 questions.

(7) In regard to DM 51, the parties have stipulated to discovery regarding portions of DM 51, however as to the remaining issues which must be ruled upon, the Special Discovery Master denies plaintiff's request for depositions of corporate customers, which depositions were sought to respond to arguments raised in defendants' opposition to plaintiff's motion for summary judgment on antitrust claims. The Special Discovery Master also denies plaintiff's request for depositions of defendants'

executives, which depositions were sought to respond to arguments raised in defendants' motion for summary judgment on piercing the corporate veil. The Special Discovery Master also denies plaintiff's request for discovery or deposition of an executive of Cendant Finance Holding Company, which discovery or deposition was sought to respond to an argument in the defendants' motion for summary judgment on piercing. Plaintiff may appeal this ruling.

(8)   In regard to DM 52, defendants stipulate that the Hart Scott Rodino filing (Bates Number AVIS 90689-91825) (hereinafter "HSR filing") is a genuine and complete copy of the filing that was made to the Department of Justice (hereinafter "DOJ") and the Federal Trade Commission (hereinafter "FTC") (defendant will produce within five business days of this stipulation a genuine and complete copy of the filing, if they have not already done so, and will produce any final versions of any draft documents if the final versions were included in the filing). Defendants stipulate that Cendant submitted the statements and information contained in each of the documents attached to the HSR filing in good faith compliance with the June 18, 2002 certification at Bates AVIS 90773 and in compliance with applicable laws and regulations, and that Cendant believed the statements and information in Documents Bates AVIS 91003-91062 (HSR 4c1), 91332-91346 (HSR 4c4), 91429-91467 (HSR 4c7), 91468-91501 (HSR 4c8), 91598-91630 (HSR 4c12), 91631-91668 (HSR 4c13), 91676-91679 (HSR 4c15), 91680-91705 (HSR 4c16), 91740-91793 (HSR 4c18), 91814-91823 (HSR 4c19), 91824-91825 (HSR 4c20), 91794-91813 (HSR 4c21), which were prepared by or for Cendant and submitted to DOJ and FTC as part of the HSR filing were true and correct, subject to the recognition that projected data was a reasonable estimate. DM 52 is otherwise denied.

(9)   Defendants may take the depositions of Raymond Ellis, David Ditman, Tony Stanley, and Emelia Stanley and plaintiff may take the depositions of the Budget franchisees in Kenai and Ketchikan, provided that the depositions must be concluded by December 15, except that Defendants may take the deposition of Mr. Ellis by October 16, 2006.

(10)   The schedule for remaining briefing of dispositive motions and expert discovery is amended as follows: (a) the date for plaintiff to file its replies to defendants'

oppositions, dockets 212, 213, 214, 215, 216, and 218 to plaintiff's motions is extended from September 25 to October 9; (b) the date for submission of initial expert reports is extended from October 3 to October 17; (c) the date for submission of supplemental expert reports is extended from October 23 to November 7; and (d) expert discovery will terminate on December 31, 2006, unless scheduling around the holidays requires a further extension to January 15, 2007.

(11)   Discovery is closed except for compliance with this Order and prior Orders (Docket 152 authentication, Docket 151, paragraphs 3 and 4), supplementation following the pretrial conference, and motions related to expert discovery (scheduling, production of documents, objections, refusal to answer). In the event a party claims "genuine surprise" regarding a fact, as provided in prior orders or disclosed during expert discovery, the party may make a telephonic application to the Special Discovery Master to file a discovery motion.  The Special Discovery Master, after hearing from both parties in the telephonic hearing, will then decide whether to allow filing of the pleadings for surprise discovery.

**IT IS SO ORDERED.**


DATED:  September 26, 2006            /s/ Timothy M. Burgess
                                      TIMOTHY M. BURGESS
                                      United States District Court Judge