Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CENDANT CORPORATION, et al., | ) ) |
| Defendants. | ) Case No. 3:03-cv-29 [TMB] ) |

## **REPLY IN SUPPORT OF MOTION TO STRIKE**

The parties in this action were not allowed to file dispositive motions until after the close of fact discovery.[1] Defendants did not file a cross-motion for summary judgment or a motion for summary judgment on piercing the corporate veil within the mediated and agreed upon deadlines. Alaska Rent-A-Car has moved to strike as untimely the defendants' cross-motion on the piercing the corporate veil/alter ego issues.

The prejudice to Alaska Rent-A-Car of allowing defendants to now violate the negotiated date of June 20, 2006 for the close of dispositive motions, is that fact discovery is closed and Alaska Rent-A-Car will not be allowed to conduct discovery to oppose defendants' cross-motion for summary judgment on piercing, absent a Rule 56(f) order or

---

[1] Docket 74 Order of Judge Singleton; *also* Order regarding scheduling signed by Discovery Master Ruskin April 13, 2006 at p. 1, Docket 149.

other order by this Court granting a limited reopening of discovery to conduct depositions to respond to defendants' cross-motion for summary judgment on piercing.

In defendants' cross-motion for summary judgment they submit Declaration of Karen Sclafani testifying about matters on which she was not identified as a witness in initial disclosures.[2] While Alaska Rent-A-Car believes it set forth arguments and undisputed facts entitling it to summary judgment on the piercing claim, in order to oppose defendants' cross-motion, Alaska Rent-A-Car will request additional discovery. This is an important issue and obviously the consequences of failing to prevail on Alaska Rent-A-Car's motion for summary judgment on piercing are different than the claim ending consequences of failing to adequately oppose defendants' cross-motion for summary judgment on this issue.

An appeal from motion DM 51 before the Special Master will be lodged simultaneously with this reply on the motion to strike, which appeal will seek discovery related directly to the piercing issue.

The Court will recall that in Docket 206, it directed the parties to confer about what discovery should be allowed since the defendants breached the "package deal" which provided for the deadlines for briefing which the defendants sought to alter, and which were altered in Docket 206. Again, for the second time, the defendants now seek to alter the bargained for "packaged deal" by seeking to file a dispositive motion after the agreed upon deadlines. The defendants were unwilling to agree to allow Alaska Rent-A-Car additional discovery associated with the "package deal" negotiations that led to the April 2006 Agreements/Stipulations, which among other things, closed discovery. Therefore, either the Court should strike the defendants' cross-motion for summary judgment on piercing or alternatively, if the Court denies Alaska Rent-A-Car's motion to strike, then the Court should grant Alaska Rent-A-Car the ability to depose certain of defendants' corporate executives on the piercing issues. Alaska Rent-A-Car offers in its appeal briefing to limit the depositions to approximately 1 hour per executive, and a limit of 12 executives. This is the equivalent of 2 depositions of the 6 hour duration allowed by the Civil Rules.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Defendants cite the Alaska District Court case of *Spence v. Southeastern Alaska Pilots' Association*, 789 F.Supp. 1014, 1019 (D. Alaska 1982), for the proposition that an untimely cross-motion should not be stricken. However, factually in that case, the cross-motion was "brief" (defendants cross-motions is 49 pages), and the plaintiff did not obtain "the last shot" by filing a cross-motion because the briefing associated with it was extremely brief. *Id.* at 1019. Additionally, the Court noted that "no new arguments were presented in plaintiff's cross-motion". Thus, this case is different factually from the *Spence* decision. Additionally, defendants cite the unreported and inapposite decision of *Hart v. Progressive Casualty Ins.*, which will not be discussed further. Finally, defendants cite Ninth Circuit authority for the proposition that a court may *sua sponte* grant summary judgment. However, the authority which courts reserve for themselves to rule upon dispositive issues, does not confer any rights upon the defendants to unilaterally violate a negotiated "package deal" by filing an untimely cross-motion for summary judgment. The defendants are not the court.

For the foregoing reasons, Alaska Rent-A-Car respectfully requests this Court to either strike defendants' cross-motion for summary judgment or in the alternative allow Alaska Rent-A-Car to conduct additional discovery on the piercing issue to oppose the defendants' cross-motion for summary judgment. If the Court is going to allow defendants' cross-motion to stand, then deciding matters "on their merits" justifies allowing Alaska Rent-A-Car discovery on the piercing issues to oppose the cross-motion.

DATED this 28th day of September, 2006.

        BANKSTON GRONNING O'HARA, PC
        Attorneys for Plaintiff Alaska Rent-A-Car, Inc.

By:    s/Jon T. Givens
        601 W. 5th Avenue, Suite 900
        Anchorage, Alaska 99501
        Phone: (907) 276-1711
        Fax: (907) 279-5358
        E-mail: jgivens@bankston.to
        AK Bar #9011072

---

[2] Exhibit C, Declaration of Karen Sclafani attached to the cross-motion at Docket 240; *also* Exhibit 1 Initial Disclosures regarding Karen Sclafani

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2006 a copy of foregoing Reply in Support of Motion to Strike was served electronically on Diane F. Vallentine and John F. Dienelt and on

Barry M. Heller
DLA Piper Rudnick Gary Cary US LLP
1200 Nineteen Street NW
Washington, DC 20036-2430

by regular U.S. Mail

s/Jon T. Givens

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to