Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., ) <br> an Alaska Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CENDANT CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:03-cv-29 [TMB] |

## SUPPLEMENTAL BRIEFING ON APPEAL[1]

**I.   RECORD ON APPEAL.**

    Exhibit A:    Discovery Motion also known as DM 51 pages 3-6;
    Exhibit B:    Opposition to DM 51 pages 8-10;
    Exhibit C:    Reply to DM 51 pages 1-8 and all exhibits.[2]
    Exhibit D:    Docket 253 paragraph (7) are the rulings appealed;
    Exhibit E:    Docket 254 is the order approving docket 253.
    Exhibit F:    Transcript of the September 13, 2006 hearing, but does not address the rulings appealed as oral argument did not occur on the rulings appealed.

**II.   STANDARD OF REVIEW.**

"The court shall review the Special Master's rulings based on a standard of *de novo* review."[3]

---

[1] Docket 119 limits supplemental briefing to 2 pages per ruling appealed, hence this brief is 6 pages.
[2] Exhibits A-C and the pages identified above are the total briefing on the three appealed rulings.

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 1 of 7
A3388\05\RUSKIN\DM51\APPEAL\SUPPbriefappeal

**III. INTRODUCTION.**

Alaska Rent-A-Car, Inc. requests: (1) to depose the president of Cendant Finance Holding Company or its current successor on piercing the corporate veil issues; (2) to depose for 1 hour each, 12 corporate officers it selects on piercing the corporate veil issues; and (3) to depose 10 corporate customers on antitrust issues. In defendants' motions for summary judgment on piercing and antitrust and in defendants' oppositions to plaintiff's motions on these issues, defendants contend plaintiff has failed to submit or submit enough (in the case of executive depositions) deposition testimony from each of the foregoing 3 categories. Thus, relevance and discoverability is not an issue.

The only issue will be defendants contention "too much" discovery has occurred. However, due to defendants "stiff arming" all discovery in this case since June 2004 has been obtained only by decision of the Special Master. Defendants never appealed any of these rulings by which the "too much" discovery was obtained.[4] The defendants will also argue discovery was closed, but it was done so based on Singleton's rulings (*see example* Docket 74) which prevented dispositive motions prior to the close of fact discovery, *i.e.,* discovery was closed prior to knowing the legal issues, arguments, and positions and to some extent factual claims the other party would advance. Thus, in addition to rule 56(f), the parties reserved the ability to conduct discovery, in Docket 149, post-close of fact discovery, and in Docket 151 ¶ 4 at p. 3, post-close of fact discovery.

**IV. DISCOVERY SOUGHT.**

**A. Deposition of the President of Cendant Finance Holding Company.**

In defendants' cross-motion for summary judgment on piercing they contend

> RAC [Alaska Rent-A-Car] also fails to even address the corporate status or operations of Cendant Finance Holding Company. CCRG is a wholly-owned subsidiary of Cendant Finance Holding Company ("Cendant Finance"), which is a wholly-owned subsidiary of Cendant, and as demonstrated above.[5]

---

[3] Exhibit F and Docket 119, April 16, 2005 Order at 2. There have been no prior appeals of any rulings of the Special Master. The Master did not explain his reasoning in the 3 rulings appealed, but this is of no concern since the standard of review is a *de novo* review.

[4] Plaintiff took 48 depositions in this complex case, and 38 were based on motions to compel and Master decisions.

[5] Exhibit A, DM 51 Expedited Motion for Surprise Discovery or in the Alternative, Expedited Motion to Compel at p. 5 Exhibit 9, attached thereto at 22 n. 36.

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 2 of 7
A3388\05\RUSKIN\DM51\APPEAL\SUPPbriefappeal

BANKSTON GRONNING O'HARA, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358

Thus, relevance and discoverability is not an issue.

Defendants never identified prior to the close of discovery that the issues of whether Cendant Finance Holding Company followed proper corporate formalities were relevant facts and issues supporting its position on piercing the corporate veil. The issue was raised in defendants untimely cross-motion, after the close of fact discovery and as such it is appropriate to allow the discovery to proceed under Docket 149, or alternatively under a limited reopening of fact discovery because the parties were required to close fact discovery prior to beginning motion practice, or alternatively under Federal Rule of Civil Procedure 56(f)[6] to obtain discovery to oppose defendants' cross-motion for summary judgment on piercing. No executive of Cendant Finance Holding Company was deposed in this case and of the hundreds of potential witnesses, plaintiff did not previously select a Cendant Finance Holding Company officer to be deposed.

**B.     Depositions of Defendant Corporate Executives.**

In defendants cross-motion on piercing they contend

> RAC [Alaska Rent-A-Car] argues that the defendant subsidiaries fail to observe the formal legal requirements of a corporation because <u>some officers of the many officers</u> of the subsidiaries could not identify their officer position at deposition and that there is evidence that defendant subsidiaries do not hold regular board meetings.[7]

Alaska Rent-A-Car deposed over a dozen executives of the defendants in this action and has submitted testimony from those depositions in support of its motion for summary judgment on piercing at Docket 163. In opposition and cross-motion for summary judgment on piercing and alter ego issues, the defendants' contend that Alaska Rent-A-Car only submitted testimony from "some" of its corporate officers and that there are "many" other corporate officers from whom testimony was not submitted.[8] Clearly the current corporate officers of defendants are persons whom Alaska Rent-A-Car cannot contact as they are currently represented by counsel.

BANKSTON GRONNING O'HARA, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358

---

[6] *See*, *e.g.*, *Garrett v. City and County of San Francisco*, 18 F.2d 1515, 1518 (9th Cir. 1987)(holding "when a party opposing a motion for summary judgment cannot present facts essential to justify his opposition to the motion, Rule 56(f) permits the party to submit an affidavit stating such reasons. The court may continue a motion for summary judgment if the opposing party needs to discover essential facts."); Givens affidavit attached to Exhibit C.
[7] Exhibit A, DM 51 at Exhibit 9 attached thereto at pp. 36-38 (emphasis added).
[8] Exhibit 9, submitted in support of motion DM 51 at pp. 36-38.

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 3 of 7
A3388\05\RUSKIN\DM51\APPEAL\SUPPbriefappeal

Alaska Rent-A-Car seeks to depose defendants' corporate officers to inquire as to whether corporate formalities are followed, whether proper corporate meetings occur, whether the corporate officers actually function as corporate officers of the corporations of which they are alleged to be officers, whether the officers even know they are officers, and on issues relating to piercing and alter ego theories.

The defendants cannot have it both ways. Either Alaska Rent-A-Car has deposed a sufficient number of defendants' corporate officers for purposes of its piercing motions for summary judgment and opposition to defendants' cross-motion, or if defendants are correct and Alaska Rent-A-Car has not, then further depositions of corporate executives should be allowed.[9]

In defendants' initial disclosures they identified the subjects on which Karen Sclafani would testify.[10] In support of defendants' cross-motion for summary judgment on piercing the corporate veil, they submit the Declaration of Karen Sclafani about whether the defendants' entities follow proper corporate formalities as well as assets of the various corporations. None of these issues were identified in the initial disclosures. Therefore, depositions of corporate officers are appropriate, under the surprise provisions of Docket 149, to seek to rebut the arguments raised by the Karen Sclafani Declaration.

In the alternative to the genuine surprise provisions, discovery should be allowed under Rule 56(f). The Federal Rules of Civil Procedure provide where a party needs additional evidence relating to a dispositive motion they may apply to conduct such discovery. Where as here, it was impossible to determine the parties' positions they would take in dispositive motion practice prior to closing of discovery (due to Judge Singleton's Order) it is all the more appropriate to grant Rule 56(f) relief. There is no question as to relevance of the information sought as depositions of defendants corporate executives on whether corporate formalities are followed has been submitted by both parties on the motion and cross-motion for summary

---

[9] These depositions can be limited in duration since they are on focused issues. The defendants have dozens of corporate officers who have not been deposed, and it is the defendants who are contending that further evidence is needed. It is unfair to consider defendants' cross-motion for summary judgment on piercing without affording Alaska Rent-A-Car a further opportunity to conduct depositions of corporate officers on these issues.

[10] Attached hereto, Defendants' Initial Disclosures at 3, para. 8.

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 4 of 7
A3388\05\RUSKIN\DM51\APPEAL\SUPPbriefappeal

BANKSTON GRONNING O'HARA, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358

judgment on the piercing and alter ego issues. Therefore, the standards for discovery under Rule 56(f) have been satisfied.[11]

Finally, in the alternative, it is appropriate to reopen discovery for the limited purpose of conducting depositions of corporate officers of defendants. In September 2006, after the close of fact discovery, defendant Cendant was broken up and the defendants now are new companies with new sets of executives.[12] Defendants did not provide answers to interrogatory requests or provide any position papers detailing the arguments they would make on this issue. In the normal order of proceedings, Alaska Rent-A-Car would have had the opportunity to determine from briefing prior to the close of fact discovery, the defendants' position and conduct discovery accordingly. Thus, it is only fundamentally fair at this point to allow Rent-A-Car a limited reopening of discovery to conduct the depositions of these executives.

### C. Depositions Of Corporate Customers.

In defendants' briefing on the antitrust claim they contend

> the 'proof is in the pudding'—RAC [Alaska Rent-A-Car] has shown know evidence that any customers of car rental services have complaint about, or objected to, Cendant's decisions with respect to car rental brands. <u>To contend that defendants were engaging in anticompetitive conduct, RAC [Alaska Rent-A-Car] should have introduced evidence of dissatisfaction about prices and service from corporate accounts and other customers. The record is devoid of such evidence</u>.[13]

Again, defendants never provided any position papers, contention interrogatory responses regarding antitrust law issues, and nor were defendants required to provide a 30(b)(6) witness as requested by Alaska Rent-A-Car to identify the basis for its denials in its answer. Thus, it is only after the close of discovery in motion practice that defendants contended for the first time that Alaska Rent-A-Car needed to depose its customers to present evidence about prices and service in order to make out an antitrust claim. While Alaska Rent-A-Car disagrees with this assertion by defendants of the applicable antitrust law, nonetheless to rebut the assertion, Alaska Rent-A-Car should be allowed to proceed with depositions of corporate customers.

---

[11] Affidavit of Jon T. Givens.

[12] *See* docket 151 ¶ 4 at p. 3, Burgess order authorizing discovery regarding the new entities.

[13] Exhibit A, at pp. 3-4 and Exhibit 8 attached as part of Exhibit A at 2 n. 2 (emphasis added).

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 5 of 7
A3388\05\RUSKIN\DM51\APPEAL\SUPPbriefappeal

BANKSTON GRONNING O'HARA, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358

It is fundamentally unfair for the defendants to contend that Alaska Rent-A-Car must present testimony from its customers and deny Alaska Rent-A-Car the ability to depose those customers. The defendants cannot have it both ways. It is the defendants in opposition to Alaska Rent-A-Car's motion for summary judgment on antitrust who contend that testimony of corporate customers is relevant, admissible and necessary.[14] Thus, there is no dispute as to discoverability of corporate customer views of defendants' anticompetitive pricing, sales techniques, and market segmentation and exclusion. Therefore, discovery is appropriate under the genuine surprise provisions of Docket 149.

In the alternative, Rule 56(f) provides for the conduct of discovery to oppose defendants' cross-motion for summary judgment on the antitrust claims.[15] Alaska Rent-A-Car has named numerous customers of defendants on the final witness list. However, Alaska Rent-A-Car did not believe and did not perceive during fact discovery that depositions of customers were required on the antitrust issue. If defendants are correct that testimony from such witnesses is necessary, then either under Rule 56(f) or pursuant to a reopening of discovery for such purpose, Alaska Rent-A-Car should be allowed to depose the corporate customers at this time.

In this case, defendants had hundreds of employees with knowledge of relevant facts, and defendants have thousands of customers. Alaska Rent-A-Car did not depose defendants' customers but focused its discovery on other witnesses possessing relevant facts and information.[16] If for purposes of motion practice it is necessary to have deposition testimony of corporate customers, then Alaska Rent-A-Car is prepared to proceed to conduct such depositions.

DATED this 28th day of September, 2006.

                BANKSTON GRONNING O'HARA, PC
                Attorneys for Plaintiff Alaska Rent-A-Car, Inc.
                By:    s/Jon T. Givens
                       601 W. 5th Avenue, Suite 900
                       Anchorage, Alaska 99501
                       Phone: (907) 276-1711
                       Fax: (907) 279-5358
                       E-mail: jgivens@bankston.to
                       AK Bar #9011072

BANKSTON GRONNING O'HARA, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358

---

[14] Exhibit A at Exhibit 8 to DM 51 at n. 2.
[15] Affidavit of Jon T. Givens
[16] *Id.*

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 6 of 7
A3388\05\RUSKIN\DM51\APPEAL\SUPPbriefappeal

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2006, a copy of foregoing Notice of Appeal was served electronically on Diane F. Vallentine and John F. Dienelt and on

Barry M. Heller
DLA Piper Rudnick Gary Cary US LLP
1200 Nineteen Street NW
Washington, DC 20036-2430

by regular U.S. Mail

s/Jon T. Givens

BANKSTON GRONNING O'HARA, P.C.
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.*, Case No. 3:03-cv-29 [TMB] Page 7 of 7
A3388\05\RUSKIN\DM51\APPEAL\SUPPbriefappeal