IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CENDANT CORPORATION, et al., | ) ) ) |
| Defendants. | ) Case No. 3:03-cv-29 [TMB] ) |

## STIPULATION REGARDING EXPERT DISCOVERY

The parties hereto, through their respective counsel of record, hereby stipulate to the following regarding scope of certain expert discovery.

1. With respect to testifying-expert discovery, neither the expert witness nor the party retaining him or her need produce, or answer deposition questions or interrogatories about, the following:

   (a) communications between the expert and counsel (or agents of counsel) for the party retaining him or her (including notes and memoranda memorializing the same) except to the extent that the expert witness' opinion or belief of a given fact is based solely upon facts provided by counsel (or agents of counsel). "Agents of counsel" shall mean in this stipulation and Exhibit A employees of counsel, *i.e.*, a secretary or paralegal.

   (b) draft reports prepared by, for, or at the direction of an expert witness.

2. This Stipulation will not relieve a testifying expert witness, or the party retaining him or her, of the obligation to produce other documents required to be produced by Federal Rule of Civil Procedure 26(a)(2)(B), including communications (and notes and memoranda memorializing the same) between the expert and others, except for counsel (or agents of counsel), who (1) worked for or consulted with the expert witness, (2) prepared materials that the expert witness considered, or (3) were interviewed (whether or not counsel (or agents of counsel)

were also involved) and provided information to the expert witness that he or she considered in forming opinions in this matter.

3. The parties agree to comply with this Stipulation pending the Court's approval and entry of this order.

4. The parties agree to produce their experts for deposition without the need for subpoena, and to cause their experts to produce the documents identified in attached Exhibit A, so that those documents are in the possession, on or before December 6, 2006, of opposing counsel as follows:

Documents of Plaintiff's experts to be produced to:

> Scott McIntosh
> DLA Piper US LLP
> 1200 Nineteenth Street, NW
> Washington, DC 20036
> (202) 861-3979
> scott.mcintosh@dlapiper.com (if documents are supplied in electronic format)

Documents of Defendants' experts to be produced to:

> Jon T. Givens
> Bankston Gronning O'Hara, PC
> 601 W. 5th Avenue, Suite 900
> Anchorage, AK 99501
> (907) 276-1711
> jgivens@bankston.to (if documents are supplied in electronic format)

IT IS RECOMMENDED.

DATED: 11-30-06

_____
DAVID B. RUSKIN
Special Master

DATED this 28th day of November, 2006.

        BANKSTON GRONNING O'HARA, PC
        Attorneys for Plaintiff Alaska Rent-A-Car, Inc.

By: _____
        601 W. 5th Avenue, Suite 900
        Anchorage, Alaska 99501
        Phone: (907) 276-1711
        Fax: (907) 279-5358
        E-mail: jgivens@bankston.to
        AK Bar #9011072

DATED this 28th day of November, 2006.

        DLA PIPER US LLP
        Attorneys for Defendants

By: _____
        John F. Dienelt
        1200 Nineteen Street, NW
        Washington, D.C. 20036-2412
        (202) 861-3880 (telephone)
        (202) 223-2085 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on 11-30-2006 a copy of foregoing Stipulation Regarding Expert Discovery was served electronically on Diane F. Vallentine and John F. Dienelt and on

Barry M. Heller
DLA Piper US LLP
1200 Nineteen Street NW
Washington, DC 20036-2430

by regular U.S. Mail

s/Jon T. Givens _____

## Exhibit A

1. All documents (including notes and memoranda memorializing the same) relating to communications between the expert and others, except for counsel (or agents of counsel), who (1) worked for or consulted with the expert witness; (2) prepared materials that the expert witness considered; or (3) were interviewed by (whether or not counsel (or agents for counsel) were also involved) or in other ways provided information to the expert witness that he or she considered in forming opinions in this matter. "Agents of counsel" shall mean an employee of counsel, *i.e.*, a secretary or paralegal.

2. All documents (including raw and/or empirical data) relating to tests, analysis, or samples that the expert considered in forming opinions in this matter.

3. All communications (including notes and memoranda memorializing the same) between expert and counsel (or agents of counsel) for the party retaining him or her relating to facts provided to the expert by counsel (or agents of counsel) on which the expert's opinion or belief of a given fact is solely based.

4. All documents (including notes and memoranda memorializing the same) relating to communications between expert and other consultants or experts (including those testifying and those not testifying) who provided information to the expert witness that was considered in forming opinions in this matter.

5. All information required to be disclosed under Federal Rule of Civil Procedure 26(a)(2)(B), except for any communications between the expert and counsel (or agents of counsel) that are not required to be disclosed pursuant to this stipulation.

6. All records, contracts, letters, provisions, court documents, statements, reports, documents, instructions, memoranda, notes, papers, deposition transcripts, letters, emails which the expert has reviewed or listened to in connection with his or her work as an expert witness in this matter, except for any communications between the expert and counsel (or agents of counsel) that are not required to be disclosed pursuant to this stipulation.

7. All audio, video, or tape recordings of any communications which the expert has viewed or listened to with respect to work as an expert witness in this matter, except for any communications between the expert and counsel (or agents of counsel) that are not required to be disclosed pursuant to this stipulation.

8. Identification and production of all materials provided by counsel to the expert, except for any communications between the expert and counsel (or agents of counsel) that are not required to be disclosed pursuant to this stipulation, and if such materials were Bates numbered and produced in this litigation, and the expert made no notes or markings on the documents, then the document need not be produced, but a list of the

documents and corresponding Bates numbers may be furnished instead, and if such materials included deposition transcripts and exhibits, on which the expert made no notes or markings, then a listing of the pages of deposition transcripts and exhibits may be furnished instead of the deposition transcripts and exhibits, and if such materials included pleadings filed with the Court, on which the expert made no notes or markings, then a listing of the pleadings (by name of pleading and date filed with the Court) may be furnished instead of copies of the pleadings.