John F. Dienelt, Esq.
Barry M. Heller, Esq.
Scott McIntosh, Esq.
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
(202) 861-3880 (telephone)
(202) 223-2085 (fax)

Howard S. Trickey, Esq.
Diane F. Vallentine, Esq.
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CENDANT CORPORATION, et al., | ) ) |
| Defendants. | ) ) ) Case No. 3:03-cv-00029-TMB |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION FOR SANCTIONS AGAINST PLAINTIFF
FOR FALSELY REPRESENTING JOINT AUTHORSHIP**

**I.    INTRODUCTION**

At Docket 297, this Court ordered the parties to prepare a joint memorandum answering two straightforward questions related to pending summary judgment motions. Rather than comply with the Court's Order, Plaintiff's counsel unilaterally filed a

document termed a "Joint Memorandum" without obtaining the approval, consent, or signature of opposing counsel. Simply put, it is dishonest to represent joint authorship without first obtaining the consent of opposing counsel. By labeling the document a "joint memorandum," Plaintiff is representing to the Court that the document is the joint work product of both parties and that both parties consent to its content. Here, such an inference is false.

This Court should not tolerate Plaintiff's continued misconduct. Rather than comply with the Court's order to prepare a joint memorandum, Plaintiff's counsel, Jon Givens, hijacked this document. Plaintiff improperly places its zealous advocacy above answering the Court's simple factual questions, complying with ethical obligations, or treating the opposing parties with basic fairness.

## II.   FACTUAL SUMMARY

The Court directed the parties to file a joint memorandum, not to exceed ten (10) pages, addressing two primary issues: (1) a clearer explanation of the corporate relationships, including which Defendant is the Licensor; and (2) whether portions of the motion at Docket 178 are moot. [*See* Docket 297] Plaintiff's counsel prepared a draft joint memorandum and circulated it to defense counsel for review, asking defense counsel to supply an insert regarding their position as to the identity of the Licensor.[1] Defense counsel sent Mr. Givens various edits to the draft memorandum that were necessary to ensure the draft was neutral, as well as the Defendants' insert regarding the

---

[1]   The facts summarized in this section are set forth in greater detail in the accompanying Declaration of Scott McIntosh, and attached exhibits, submitted therewith.

identity of the Licensor, with the express request that Mr. Givens circulate a draft of the complete revised memorandum for approval.

Mr. Givens then edited the brief, added more biased language advocating Plaintiff's theory, and added reference to a new exhibit which he had not shared with opposing counsel.  At 4:07 PM Alaska time on Friday, January 5, Mr. Givens circulated a new draft of the brief, but did not include his new exhibit.  The draft circulated by Mr. Givens did not even reference another exhibit, which was included in the version he filed with the Court approximately 50 minutes later.  In response to an email from Defendants' counsel indicating that they were reviewing the revised draft, Mr. Givens sent an email saying he thought the motion had been filed already and that he was going to the beach.  He did not obtain any final approval or consent from counsel for Defendants before filing, and the version he filed with the Court, including its exhibits, was different from *any* version he had circulated for review.

A few minutes prior to filing, Mr. Givens had emailed one member of defendant's litigation team, Scott McIntosh, asking if the document met with his approval.  At that point, it was almost 9:00 PM on a Friday in the Eastern Time Zone.  Mr. Givens did not try to contact local counsel in Alaska.  At the very time Plaintiff unilaterally filed the "Joint Memorandum," counsel for Defendants were engaged in a conference call reviewing Mr. Givens' draft and discussing a response.  Nothing would have prevented Plaintiff's counsel from conferring with opposing counsel before filing.

After receiving a copy of the filing through the Court's electronic filing system, counsel for Defendants learned that the "Joint Memorandum" filed by Mr. Givens was not even the same as the version submitted for their review.  The filed version referred to

yet another new exhibit, Exhibit 4, that had not been included in *any* prior draft. Moreover, Mr. Givens took some of the language that counsel for Defendants had insisted be deleted from the memorandum and merely inserted it in a footnote to Exhibit 1, which revised Exhibit had not been shared with counsel for Defendants prior to its filing.[2]

### III.    DISCUSSION

Local Rule 1.3 authorizes this Court to sanction improper conduct. The comment to Local Rule 1.3 references as "related provisions" both Federal Civil Rule 11 and the Alaska Rules of Professional Conduct. Federal Civil Rule 11 allows the trial court to sanction an attorney who knowingly makes a false statement to the court.[3] By signing this pleading, Plaintiff's counsel was certifying that the statements and assertions in the memorandum where truthful.[4] Alaska Rule of Professional Conduct 3.3 demands candor towards the tribunal, and prohibits an Alaska lawyer from knowingly making a false statement to the tribunal.

The very title of Plaintiff's document – "Joint Memorandum" – was in and of itself dishonest. This was not a joint memorandum and Plaintiff did not have any reasonable basis to make such a representation to the Court.

---

[2]    Notwithstanding the fact that Plaintiff's counsel had merely moved language, which Defendants' counsel had requested to be deleted from the "joint memorandum," to a footnote in Exhibit 1, in Mr. Givens' email indicating that he thought the "Joint Memorandum" had already been filed, he also indicated that he thought he had made all of the changes requested by counsel for Defendants. While perhaps literally true—because the language was deleted from the body of the joint memorandum—this statement was a deception in light of the fact that the language was merely moved to a revised exhibit that was not shared with counsel for Defendants prior to its filing.

[3]    *See* Federal Rule of Civil Procedure 11.

[4]    *See* Fed.R.Civ.P. 11(b).

Defendants were reluctant to bring this motion, but this is not the first time that that Plaintiff's counsel has engaged in improper conduct. Defendants' Motion to Strike at Docket 294 involves a previous breach of the ethical rules, as explained in the Affidavit of Professor John Strait. The Rules of Professional Conduct and Federal Civil Rule 11 exist to ensure a level playing field and to avoid prejudice. Plaintiff counsel's continued ethical lapses are prejudicial to Defendants and do a disservice to the Court.

Plaintiff's latest conduct is objectionable for several reasons. First, the "Joint Memorandum" does not comply with the Court's order at Docket 297. The Court requested short answers to simple factual questions, it did not ask Plaintiff to reargue its summary judgment briefs or submit new evidence. Second, Plaintiff failed to provide meaningful assistance to the Court. Third, Defendants are prejudiced because their position is not fairly represented. Had Defendants been permitted to comment on the new draft prior to its filing, they would have required removal of the new exhibits, which caused the memorandum to greatly exceed the page limit set by this Court, or the creation of separate memoranda sections by each party, to be filed jointly. Fourth, and perhaps most significantly, this sort of dishonesty and gamesmanship erodes any trust or civility between the parties, and makes it virtually impossible to work together to move this case to resolution.

Local Rule 1.3 gives this Court broad authority to fashion an appropriate sanction for misconduct. The Rule provides that sanctions may include "fines, costs, and attorney's fees awards; establishment and preclusion orders; default; dismissal; and other appropriate sanctions." In light of Plaintiff's misrepresentation to the Court, Defendants respectfully submit that an appropriate sanction would be an Order precluding Plaintiff

from filing any future stipulation or joint memorandum with the Court in this matter and instead requiring that all future stipulations and joint filings be filed by Defendants and that such joint documents contain the written or electronic signature of counsel for both parties. A monetary sanction may also be appropriate, given the significant time that the defense team wasted trying to work with Mr. Givens on a document that he ultimately filed without consent. At a minimum, the Court should make it clear to Plaintiff's counsel that his conduct will not be tolerated.

### IV. CONCLUSION

This Court has authority pursuant to Local Rule 1.3 to sanction attorney misconduct. Plaintiff has violated Civil Rule 11 and Alaska Rule of Professional Conduct 3.3 by labeling a pleading a "Joint Memorandum" without first obtaining approval of opposing counsel. Plaintiff's memorandum fails to comply with the Court's order at Docket 297 and dishonestly represents joint authorship. While Defendants do not wish to distract the Court from the important substantive motions pending before the Court, Defendants respectfully submit that Plaintiff's misconduct does a disservice to the Court and should be sanctioned.

Dated: January 8, 2007

Respectfully submitted,

*/s/ Howard S. Trickey*
Howard S. Trickey, Esq.
Alaska Bar No. 7610138
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing document was served electronically and by email this 8th day of January, 2007, on:

Jon T. Givens
Bankston Gronning O'Hara PC
601 W. 5th Avenue, Suite 900
Anchorage, AK 99501

   */s/ Howard S. Trickey*
142895.2

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS
AGAINST PLAINTIFF FOR FALSELY REPRESENTING JOINT AUTHORSHIP
*ALASKA RENT-A-CAR, INC. VS. CENDANT CORPORATION, ET AL.*
CASE NO.: 3:03-CV-00029-TMB

PAGE 7 OF 7