Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., an Alaska Corporation, </br></br> Plaintiff, </br></br> v. </br></br> CENDANT CORPORATION, et al., </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:03-cv-29 [TMB] |

**OPPOSITION TO MOTION FOR SANCTIONS**

**I.      INTRODUCTION/STATEMENT OF FACTS.**

The joint memorandum, docket 300, was in fact jointly authored by plaintiff and defendants and all edits and text received from defendants by the 4:58 p.m. Friday, January 5, 2007 filing were incorporated. Plaintiff's counsel who was out of state did not know defendants' counsel had stopped checking emails in the hour prior to the filing. There was no misrepresentation to the Court.

At docket 297 on December 19, 2006, the Court ordered that the parties to prepare a joint memorandum and file it by January 5, 2007. Defendants failed to provide any text or edits to the proposed joint memorandum until noon and 2:00 p.m. on the day the filing was due, January 5, 2007. Unbeknownst to the plaintiff, the only counsel who, to

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]      Page 1 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

plaintiff's knowledge, was working on the joint memorandum for defendants, Scott McIntosh, then made himself unavailable during the final hour before filing from approximately 4:00 p.m. to 5:00 p.m. on January 5, 2007. At that point, plaintiff had incorporated all substantive comments, edits, and text received from the defendants the entirety of which consists of an 11:57 a.m., January 5, email attachment[1] and a 1:51 p.m. January 5, 2007 email attachment.[2] With the filing deadline looming, counsel for plaintiff emailed defendants' counsel that the document would be filed as a joint memorandum solely over plaintiff's counsel signature since it was impossible logistically to obtain the defendants' counsel's signature at that point. There was no objection voiced to this procedure prior to the filing deadline and close of business of plaintiff's office at 5:00 p.m., Friday, January 5, 2007. Therefore, believing plaintiff's counsel had authority to do so and by the close of business at 5:00 p.m. on Friday, January 5, 2007, having absolutely no further edits, comments, or text to insert from the defendants, plaintiff's counsel filed the joint memorandum. Therefore, at 4:58 p.m. on January 5, 2007, plaintiff's counsel's office filed the joint memorandum. Notably, defendants were aware that plaintiff's counsel was on vacation during this time in a different state and a different time zone.[3]

It was not until after the close of business on Friday, January 5, 2007, while plaintiff's counsel was out of state and plaintiff's counsel's office had closed, at 5:15 p.m. defendants' counsel indicated something was not "okay" with the filing. At 5:04 p.m., plaintiff's counsel had written defendants' counsel indicating that "if I missed something critical let me know." And confirmed again by email that all of the text and substance the defendants had provided prior to 5:00 p.m. on January 5, 2007, had been incorporated into the joint memorandum. At 5:35 p.m. on January 5, 2007, plaintiff's counsel inquired as to what it was the defendants thought was not "okay" with the joint memorandum. Defendants could have responded and indicated what they believed needed to be done differently with the joint memorandum in which case an errata would have been filed on

---

[1] **Exhibit 1**, 11:57 a.m. January 5, 2007, email from Scott McIntosh with attachment.
[2] **Exhibit 2**, 1:51 p.m. January 5, 2007, email from Scott McIntosh with attachment.
[3] *See generally* Affidavit of Givens.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]      Page 2 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Monday, January 7, 2007. Instead of cooperating with plaintiff's counsel, who had by that time requested the defendants at 4:07 p.m., again at 4:07 p.m., 4:44 p.m., 5:04 p.m., 5:13 p.m., and 5:35 p.m., six times, to notify plaintiff's counsel of anything which needed to be corrected with the joint memorandum, defendants chose to file a motion for sanctions. Plaintiff's counsel apologizes to the Court that the defendants have overreacted and filed the present motion for sanctions. Plaintiff's counsel six times requested the defendants to provide them with any substantive input necessary to correct the final version of the joint memorandum. Rather than cooperate with plaintiff and prepare a notice or errata, defendants' counsel zealously filed the motion for sanctions.

      Defendants never responded to plaintiff's plan to file the joint memorandum solely over plaintiff's signature until the filing of the motion for sanctions. Defendants never responded to the five emails requesting whether defendants had any additional input or changes to the joint memorandum until the defendants' motion for sanctions. The defendants never called plaintiff to discuss the joint memorandum or any errors they perceived with the joint memorandum in the final hour before its filing or after its filing. Rather than spending ten minutes cooperating with plaintiff's counsel and preparing an errata or notice regarding any perceived error in the joint memorandum, defendants' counsel without ever first contacting plaintiff, filed the motion for sanctions. The motion for sanctions was filed at dockets 302 and 303 after the close of business on Monday, January 8, 2007. Once plaintiff's counsel learned that defendants contended the "joint memorandum" should not have been filed as a "joint" memorandum according to defendants, an errata was filed the following day on January 9, 2007 at docket 304.

      By emails dated January 16, and 18, 2007, counsel for plaintiff has asked defendants if they have any edits or changes they would like to make to the joint memorandum filed on January 5, 2007. To date, defendants have yet to identify a single change they would like to make to the joint memorandum.[4] In response, defendants have

---

[4] **Exhibit 3**, January 16, and January 18, 2007, emails from Jon Givens.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]    Page 3 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

indicated they would only discuss any possible changes to the joint memorandum if counsel for plaintiff admits wrongdoing and withdraws the memorandum which was filed pursuant to a Court ordered deadline of January 5, 2007.[5] In short, defendants have now repeatedly been given the opportunity since the January 5, 2007 filing to jointly cooperate with plaintiff and prepare an errata of any errors or omissions to the January 5, 2007, filing, and defendants have refused to do so. The defendants are simply playing games.

## II.   THE DEFENDANTS' DILATORY CONDUCT CREATED THIS SITUATION.

At docket 297, the Court directed the parties to prepare a joint memorandum. The order did not require signature of counsel for both parties on the joint memorandum or direct which counsel should prepare the joint memorandum. The order at docket 297 was received by plaintiff at 9:54 a.m. on December 19, 2006.[6] At 11:05 a.m. on December 19, 2006, barely one hour after the Court issued docket 297, plaintiff's counsel took the initiative and proposed that each party draft its own separate language on the "identity of the franchisor" issue as it would obviously be in dispute and also provided a proposed organizational chart to comply with the Court's Order.[7] Plaintiff had notified defense counsel that plaintiff's counsel, Jon Givens, would be on vacation out of state in early January 2007. Thus, plaintiff requested that defendants provide their input to the joint memorandum early in the process and stated "I would like to try to file this in advance of the Court's deadline."[8] Thus, plaintiff was attempting to be diligent and actually file the joint memorandum in advance of the Court's January 5, 2007 deadline. This would both assist the Court in providing the information it desired at an earlier date and also avoid any problems logistically which might arise since counsel for plaintiff would be on vacation out of the state in early January 2007.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[5] **Exhibit 4,** January 18, 2007 email and attached letter from McIntosh; *see also* 1:40 p.m. January 17, 2007 email from Scott McIntosh and 2:05 p.m. January 17, 2007 email from Jon Givens.

[6] **Exhibit 5**, 9:54 a.m. December 19, 2006 email.

[7] **Exhibit 6,** 11:05 p.m. December 19, 2006 email from Jon Givens with attachment.

[8] *Id.*

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]          Page 4 of 14
A3388\05\MOTIONS\OPPsanctions

On January 3, 2007, having heard absolutely nothing from defendants on the joint memorandum for 16 days, plaintiff again took the initiative and provided the defendants proposed language for the joint memorandum. At that point counsel's secretary emailed defendants "Mr. Givens would like to have your insert pursuant to his earlier email to you by January 4, 2007, so that we can file the attached memorandum with the Court on January 4 if possible."[9] Again, plaintiff was still trying to file the Joint Memorandum early, although since defendants had not provided their portions of the input into the joint memorandum for 17 days at that point the filing could only be made one day early. The defendants did not provide any draft language on who they believed was the franchisor or any edits to the proposed language as requested by the January 4, 2007 deadline.

Notwithstanding that the Court directed the parties to cooperate and that plaintiff provided defendants' counsel a proposed organizational chart on December 19, 2006, defendants did not respond with their own proposed organizational chart until January 4, 2007 at 2:37 p.m.[10]

It was not until noon on January 5, 2007, that defendants first provided their edits to the language which plaintiff's counsel had proposed.[11] At 1:11 p.m. on January 5, 2007, plaintiff responded identifying that since neither party agreed with the others organizational chart they would need to file both organizational charts and identified other edits that would be incorporated or not incorporated from the defendants' noon proposal.[12] Additionally, in the 1:11 p.m. January 5, 2007, email counsel for plaintiff asked defendants to provide their insert for the identification of the franchisor, which plaintiff had requested the defendants to provide on December 19, 2007 and which defendants had not provided for 18 days despite the Court's direction for the parties to cooperate in preparing the joint memorandum. Finally, at approximately 2:00 p.m. on January 5, 2007, defendants provided for the first time ever their two page insert of identification of the franchisor for

---

[9] **Exhibit 8**, 4:08 p.m. January 3, 2007 email from Jana Vanderbrink with attachments.
[10] **Exhibit 7,** 2:37 p.m. January 4, 2007 email from Scott McIntosh with attached organizational chart.
[11] *See* Exhibit 1.
[12] **Exhibit 10**, 1:11 p.m. January 5, 2007 email from Jon Givens to Scott McIntosh.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]     Page 5 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

the joint memorandum.[13] This, despite defendants knowledge that their local counsel's office closes at 5:00 p.m. and plaintiff's counsel's office closes at 5:00 p.m.

Defendants conduct is dilatory by failing to provide a single edit to the proposed joint memorandum until noon on the day the filing was due and withholding their two pages of text to be incorporated into the joint memorandum on the franchisor issue until approximately 2:00 p.m. on the day the filing was due.[14] Notwithstanding the fact that plaintiff's counsel was out of state on vacation, within two hours plaintiff's counsel was able to coordinate with his staff on making the edits, incorporating the defendants' language, and drafting responsive language which was now necessitated by the newly revealed statements and positions taken by the defendants.[15] At 3:37 p.m. Scott McIntosh notified plaintiff he was standing by to review a revised draft.[16] At 4:07 p.m. on January 5, 2007, a half-hour later, the revised draft was sent to the defendants.[17] Also, at precisely the same time, counsel for plaintiff emailed defendants "the revised version should be emailed to you now. Logistically getting a signature from Diane [Vallentine] will be difficult [because it's after 4:00 p.m. with fresh snow on roads] can I simply indicate it is signed for you by us with your consent?"[18]

Scott McIntosh had been standing by to review the document as he had confirmed at 3:37 p.m. After indicating he was standing by to make a final review at 3:37 p.m., Scott McIntosh, the only counsel with whom plaintiff had been working on the joint filing, disappeared without notice to plaintiff's counsel. As 5:00 p.m. on Friday rapidly approached and defendants had provided no further edits or text to the joint memorandum, at 4:44 p.m. counsel for plaintiff wrote "I assume we can simply file the joint reply under my signature."[19] Defendants never objected to this procedure and prior to counsel's

---

[13] *See* Exhibit 2.
[14] *See* Exhibit 2.
[15] *See* Affidavit of Givens.
[16] **Exhibit 11**, 3:37 p.m. January 5, 2007 email from Scott McIntosh.
[17] **Exhibit 12**, 4:07 p.m. January 5, 2007 email from Jana Vanderbrink with attachment.
[18] **Exhibit 13**, 4:07 p.m. January 5, 2007 email from Jon Givens.
[19] **Exhibit 14,** 4:44 p.m. January 5, 2007 email from Jon Givens.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 6 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

secretary leaving at 5:00 p.m. on Friday, the electronic filing was sent at 4:58 p.m.[20] Defendants left plaintiff's counsel in the position of either failing to file the joint memorandum by the deadline and thereby violating the Court Order or filing the joint memorandum based on the knowledge that all the changes and information the defendants had provided had been incorporated and the defendants had made no further suggestions or changes by the close of business at 5:00 p.m. on January 5, 2007. The defendants' dilatory conduct for 18 days and defendants' counsel's secret undisclosed disappearing act between 4:00 p.m. and 5:00 p.m. at the filing deadline created this situation. Frankly, if sanctions should be issued against anyone, they should be issued against the defendants who failed to cooperate in preparation of the joint memorandum as required by this Court at docket 297.

Plaintiff's counsel believed they had authority to file a joint memorandum due to the defendants' silence, lack of objection to the two 4:07 p.m. emails and an email at 4:44 p.m., and lack of input with any additional changes during the final crucial hour before the close of business.

### III. THE SIMPLE CURE.

If the defendants believed there was something improper or inappropriate contained in the joint memorandum, the simple cure was to file a notice or an errata correcting the perceived defect. In point of fact, once plaintiff learned they did not allegedly have the "authority" to file a joint memorandum, an errata was filed.[21]

At 5:04 p.m., counsel for plaintiff responded to the defendants "I think it is filed so if I missed something critical let me know, but I think I made all your changes and added all your inserts without edit. Have a nice weekend. I'm gonna head out to the beach."[22] Again, plaintiff's counsel was cordial and suggested a willingness to cooperate to correct any omission or error, if any existed, in the joint memorandum. Having still not heard anything further from the defendants by 5:13 p.m., counsel for plaintiff emailed "everything okay?"[23] Defendant responded "No!"[24] Unable to tell whether this email was

---

[20] *See* Affidavits of Givens and Vanderbrink.
[21] Docket 304
[22] **Exhibit 9**, 5:04 p.m. January 5, 2007 email from Jon Givens.
[23] **Exhibit 15**, 5:13 p.m. January 5, 2007 email from Jon Givens.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 7 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

serious or a sarcastic joke, counsel for plaintiff wrote "what are you referring to?"[25] Thus, after suggesting at 5:04 p.m., 5:13 p.m., and 5:35 p.m. that if there was anything incorrect about the joint memorandum that needed to be corrected, that the parties should cooperate to do so, defendants failed to call, email or contact plaintiff in anyway, but instead filed a motion for sanctions.[26] Considering the defendants' dilatory conduct in never providing any text for the joint memorandum until noon and 2:00 p.m. on the day the pleading was due, considering their failure to respond to repeated emails prior to the filing deadline, and further considering defendants failure to respond to invitations to correct any perceived errors after the fact, defendants' motion for sanctions is specious.

What was really occurring is that the defendants rather than jointly cooperating were trying to engage in gamesmanship. One can only wonder why the defendants would not provide Alaska Rent-A-Car their two pages of argument identifying the identity of the franchisor/licensor until 2:00 p.m. on the day the filing was due, *i.e.,* until 6:00 p.m. EST. Alaska Rent-A-Car provided the defendants its text on January 3, 2007, with a goal of filing the joint memorandum on January 4. Thus, plaintiff attempted to provide the defendants one day to review and respond to plaintiff's argument about the identification of the franchisor.

The defendants wanted to withhold their arguments on the identification of the franchisor issue until the last possible moment to make it difficult for the plaintiff to respond to the defendants' arguments. The defendants were engaged in gamesmanship to try to provide their input at the last possible minute and therefore make it impossible for the plaintiff to respond to the defendants' arguments. Defendants' requested edits and arguments contained in their text necessitated Alaska Rent-A-Car editing Exhibit 1,[27] its

---

[24] **Exhibit 16**, 5:16 p.m. January 5, 2007 email from Scott McIntosh.

[25] **Exhibit 17**, 5:35 p.m. January 5, 2007 email from Jon Givens.

[26] *See* Affidavit of Givens.

[27] The defendants complain a sentence was removed from the joint text at their request and then placed by plaintiff into exhibit 1, plaintiff's organizational chart. The sentence was "Alaska Rent-A-Car is an independently owned Alaskan corporation which is not in the ownership structure of any of the defendant corporations. Alaska Rent-A-Car is a privately owned company owned by members of the Halcro family and an Employee Stock

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]    Page 8 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

proposed organizational chart as well as editing Alaska Rent-A-Car's text and arguments about the identification of the franchisor. Additionally, it necessitated Alaska Rent-A-Car adding another exhibit on the issue of the franchisor. These edits were accomplished with counsel for plaintiff being out of state, between the defendants untimely providing at 2:00 p.m. on the date of filing, their text and the time the revised draft was sent to defendants at 4:07 p.m. The defendants then failed to respond with any further changes and so the joint filing was lodged by the close of business of plaintiff's office and the Court at 5:00 p.m. on Friday.

## IV.   THE JOINT FILING WAS ACCURATE.

The defendants say they are prejudiced by the joint filing, but only do so in a conclusory fashion. The defendants fail to identify any actual prejudice or substantive errors in the filing. The first alleged error by the defendants is that the representation that the authorship was joint is false. This is incorrect. The joint memorandum was jointly authored. The entirety of the defendants' proposed edits and text to the joint memorandum are set forth in Exhibit 1 an attachment to the January 5, 2007, 11:57 a.m. email, and Exhibit 2 the attachment to the January 5, 2007, 1:51 p.m. email. The defendants only ever provided written text for the joint memorandum on the day the filing was due at noon and at 2:00 p.m. All of the defendants' text and edits were incorporated into the joint memorandum. The 2 pages of text by defendants on the identity of the franchisor was authored only by defendants and incorporated exactly as the defendants authored it. Thus, <u>the joint memorandum was in fact jointly authored</u>. There is nothing the defendants proposed which was not considered and incorporated if possible into the joint memorandum. It is an irrefutable fact that the memorandum was jointly authored by plaintiff and defendants.

---

Ownership Plan." Every word of this is true but defendants wanted this truth removed from the joint statement, so plaintiff agreed. Plaintiff then placed this true statement into plaintiff's organizational chart to answer the Court's question in docket 297 about the ownership of Alaska Rent-A-Car,Inc. Again there is no prejudice to the defendants.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]          Page 9 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Defendants only complaint is that they never gave an express final authorization despite being provided opportunities to do so prior to the 5:00 p.m. filing deadline. Further, plaintiff twice emailed (at 4:07 p.m. and 4:44 p.m.) defendants that they would file the joint memorandum without the defendants' signature and solely over the signature of plaintiff's counsel. Defendants never objected to this procedure prior to the 5:00 p.m. filing deadline. Thus, plaintiff understood it had authority to file the joint filing.

The defendants' next complaint of substance is that the memorandum exceeded ten pages. Again, this is incorrect. The docket at 297 stated that the memorandum should not exceed ten pages. The memorandum filed at docket 300 is only 7 pages. The Court directed the parties to file a memorandum not exceeding ten pages and also authorized the filing of additional documents which would be of assistance to the Court. Plaintiff filed exhibits relevant to the identification of the franchisor, a specific question asked by the Court, and also filed an organizational chart prepared by each respective party.[28] Thus, defendants' protestations that they would have insisted that exhibits not be filed due to exceeding the ten page limit, would not have been a suggestion which would have been incorporated because the defendants were simply wrong. Further, the January 3, 2007, draft sent to defendants identified interrogatory responses would be filed as exhibits, so defendants knew about the exhibits and did not complain in the email of edits on January 4, 2007. The page limit argument was simply manufactured after the fact and was not an issue prior to the filing. The memorandum did not exceed ten pages and the filing of a few exhibits does not alter the length of the memorandum. The exhibits were identified in the drafts provided to the defendants.

Defendants complain exhibit 4 to docket 300 was not identified in the 4:07 p.m. draft. This was simply an oversight of no consequence. The text supported by exhibit 4 was in the 4:07 p.m. draft. Further, it was in plaintiff's section so defendants had no right to edit it. Again, this section was being drafted to rebut defendants' arguments on the

---

[28] The local rules for briefing provide that there is a page limit for pleadings and in addition to the page limit, additional exhibits can be filed.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]     Page 10 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

franchisor which were provided at 2:00 p.m. on the date of the filing. Exhibit 4 is a document authored by defendants.

The defendants final protest of substance to the joint memorandum is that language that they had requested be deleted from the joint section of the memorandum was incorporated by the plaintiff into its organizational chart Exhibit 1. Again, this objection, even if it had been made timely, would have made no difference. The organizational chart Exhibit 1 is the plaintiff's proposed organizational chart and edits from the defendants would not have been incorporated to Exhibit 1. The language answered the Court's question of who owns Alaska Rent-A-Car, Inc. (the Halcro family and company employees by an ESOP). Similarly, Exhibit 2 was the defendants' organizational chart and edits from the plaintiff would not be incorporated into it. Each party submitted their own proposed organizational chart for the aid and benefit of the Court. Each party's organizational chart was objectionable to the other party. The plaintiff was not allowed to edit the defendants' section of the joint memorandum regarding the franchisor nor was the defendants allowed to edit the plaintiff's section of the memorandum regarding the franchisor. Again, no prejudice was shown.

Finally, once they did protest filing the joint memorandum with the label of "joint", plaintiff filed an errata notifying the Court that although it believed it had authority to file a joint memorandum that the defendants subsequently indicated it should not be termed a joint memorandum and as such the errata was filed changing the title of the pleading at docket 304.

Counsel for defendants indicated they were standing by to review a draft of the joint memorandum at 3:37 p.m., counsel for defendants then disappeared without notifying plaintiff until 4:58 p.m. Plaintiff's counsel had no reason to call as silence to the emails simply meant there were no problems with the filing. Defendants have complained that counsel for plaintiff should have attempted to contact some other counsel, but there was no reason to do so. The only attorney with whom plaintiff had dealt on the joint memorandum was Scott McIntosh. Counsel for plaintiff did not know Mr. McIntosh had disappeared and made himself unavailable in the final hour before the filing was due at 5:00 p.m. on Friday,

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 11 of 14
A3388\05\MOTIONS\OPPsanctions

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

January 5, 2007. Further, counsel for plaintiff had emailed that they would make the filing under their own signature and when there was no objection and no further edits provided to the document by the close of business, the joint memorandum was filed.

Once the joint memorandum was filed and counsel for defendants reappeared, an interesting coincidence, counsel for plaintiff sent emails at 5:04 p.m., 5:13 p.m., and 5:35 p.m. on January 5, 2007 inquiring if there was anything that needed to be corrected after the fact. Defendants never responded, but instead filed a motion for sanctions. On January 9, 2007, plaintiff's counsel filed an Errata, and no time subsequent to then, did defendants discuss or inquire about the possibility of filing a further errata if there was anything defendants believed was incorrect with the joint memorandum filed at docket 304. In deed, counsel for plaintiff on January 16, and 18, 2007,[29] again offered to work with the defendants to file a notice or errata to correct any perceived error or omission in the memorandum. To date, over two weeks has passed since the filing of the joint memorandum and defendants have yet to provide plaintiff with a single word of language they would like to change or alter in the memorandum.

## V.  THE JOINT MEMORANDUM ONLY CONTAINS THREE JOINT SENTENCES.

The defendants' conduct in filing the motion for sanctions is simply overreaction. The joint memorandum consists of a section containing plaintiff's view of the identification of the franchisor/licensor, and the plaintiff's view on what portion of document 178 is moot. The joint memorandum consists of the defendants' section identifying their view of the identity of the franchisor/licensor, and a section containing the defendants' view of the mootness of docket 178. The parties do not agree on these issues and each side drafted its own position. In other words, the joint memorandum consists of only three sentences which are actually joint and the entire balance of the seven pages of the memorandum are each parties' own separately authored views.

The three joint sentences are "plaintiff, Alaska Rent-A-Car is an Avis licensee/franchisee, which is not in the ownership structure of any of the defendant

---

[29] Exhibit 3 attached hereto.

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]     Page 12 of 14
A3388\05\MOTIONS\OPPsanctions

corporations."[30] The other two joint sentences are "the court has asked whether the motion at docket 178 is moot. docket 178 at pages 1-3 seeks " I. Declaratory and Injunctive Relief as Appropriate to Ensure the Car Rental Business Retains its $802,000,000. Since this portion of the motion at docket 178 is moot."[31] The defendants' jointly authored with plaintiff each of these three sentences. The defendants fail to indicate that there is anything erroneous about the only three sentences which are joint in the memorandum. The defendants have no complaints with their own text which they drafted word for word. The defendants can have no right to complain about the plaintiff's drafted section of its contentions. The defendants' sanction motion lacks merit and should be denied.

DATED this \_\_\_\_ day of January, 2007.

       BANKSTON GRONNING O'HARA, PC
       Attorneys for Plaintiff Alaska Rent-A-Car, Inc.

       By: s/Jon T. Givens
         601 W. 5th Avenue, Suite 900
         Anchorage, Alaska 99501
         Phone: (907) 276-1711
         Fax: (907) 279-5358
         E-mail: jgivens@bankston.to
         AK Bar #9011072
BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

---

[30] Docket 300 at p. 1.
[31] The word "Since" should have deleted from this sentence.

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 13 of 14
A3388\05\MOTIONS\OPPsanctions

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2007 a copy of foregoing Opposition to Motion for Sanctions was served electronically on Diane F. Vallentine and John F. Dienelt and on

Barry M. Heller
DLA Piper US LLP
1200 Nineteen Street NW
Washington, DC 20036-2430

by regular U.S. Mail

s/Jon T. Givens

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Opposition to Motion for Sanctions
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]      Page 14 of 14
A3388\05\MOTIONS\OPPsanctions