Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

## AT ANCHORAGE

|  |  |  |
|---|---|---|
| ALASKA RENT-A-CAR, INC.,<br>an Alaska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| CENDANT CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | Case No. 3:03-cv-29 [TMB] |

### AFFIDAVIT OF JON T. GIVENS

STATE OF ALASKA          )
                                        ) ss:
THIRD JUDICIAL DISTRICT  )

I, JON T. GIVENS, being first duly sworn upon oath, deposes and says:

1.     I am the attorney of record in the above-captioned matter.

2.     On December 19, 2006, at Docket 297, the Court ordered that the parties to prepare a joint memorandum and file it by January 5, 2007. The order at docket 297 was received by plaintiff at 9:54 a.m. on December 19, 2006 (attached as Exhibit 5 of the Opposition).

3.     On December 19, 2006, at 11:05 a.m., barely one hour after the Court issued docket 297, I took the initiative and proposed that each party draft its own separate

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 1 of 6
A3388\05\MOTIONS\OPP SANCTIONS\AFFgivens

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

language on the "identity of the franchisor" issue as it would obviously be an issue in dispute on which the parties would not agree. I also provided a proposed organizational chart to comply with the Court's Order. The email is attached to the opposition as Exhibit 6.

4.      Also on December 19, 2006, in my email to defendants I stated "I would like to try to file this [joint memorandum] in advance of the Court's deadline." I was attempting to be diligent and to cooperate with opposing counsel.

5.      In late December 2006 I informed defendants I would be out of state on vacation in late December and early January 2007.

6.      On January 3, 2007, having heard absolutely nothing from defendants on the joint memorandum for 16 days, plaintiff again took the initiative and provided the defendants proposed language for the joint memorandum. At 4:08 p.m. on January 3, 2007, counsel's secretary emailed defendants "Mr. Givens would like to have your insert pursuant to his earlier email to you by January 4, 2007, so that we can file the attached memorandum with the Court on January 4 if possible." (Attached as Exhibit 8 to the Opposition.) Defendants provided an organizational chart on January 4 but failed to meet the deadlines to provide edits to text early enough on January 4 to allow filing on January 4, 2007.

7.      It was not until 11:57 a.m. on January 5, 2007, that defendants first provided their edits to the language which plaintiff's counsel had proposed (attached as Exhibit 1 to the Opposition).

8.      At 1:11 p.m. on January 5, 2007, plaintiff responded identifying that since neither party agreed with the others organizational chart they would need to file organizational charts for each party and identified other edits that would be incorporated or not incorporated from the defendants' noon proposal. (Attached as Exhibit 10 to the Opposition) Additionally, in the 1:11 p.m. January 5, 2007 email, counsel for plaintiff asked defendants to provide their insert for the identification of the franchisor, which plaintiff had requested the defendants to provide on December 19, 2007 and which defendants had not provided for 18 days despite the Court's direction for the parties to cooperate in preparing the joint memorandum.

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 2 of 6
A3388\05\MOTIONS\OPP SANCTIONS\AFFgivens

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.

Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

9.     Finally, at approximately 1:51 p.m. on January 5, 2007, defendants provided for the first time ever their two page insert of identification of the franchisor for the joint memorandum. (Attached as Exhibit 2 to the Opposition.) This, despite defendants knowledge that their local counsel's office closes at 5:00 p.m. and plaintiff's counsel's office closes at 5:00 p.m. Curiously, despite the Court order at Docket 297 on December 19, 2006, requiring the parties to cooperate, defendants waited until 5:51 p.m. Eastern Standard Time on the day the filing was due (January 5, 2007) to provide their two pages of text on the franchisor identity.

10.     Between 1:51 p.m. and 4:07 p.m. plaintiff's counsel had 2 hours to coordinate from out of state the incorporation of defendant's edits and text and to draft responses to defendants' untimely changes and text.

11.     Scott McIntosh confirmed at 3:37 p.m. that he was standing by to review the joint memorandum. (Attached as Exhibit 11 to the Opposition.)

12.     At 4:07 p.m. on January 5, 2007, the revised draft was sent to the defendants. Also, at precisely the same time, counsel for plaintiff emailed defendants "the revised version should be emailed to you now. Logistically getting a signature from Diane [Vallentine] will be difficult [because it's after 4:00 p.m. with fresh snow on the roads] can I simply indicate it is signed for you by us with your consent?" (Attached as Exhibit 13 to the Opposition.)

13.     The only counsel with whom I worked on the joint memorandum was Scott McIntosh. He was the only counsel I knew to be working on the joint memorandum. At 3:37 p.m. he indicated he was standing by to review the revisions which were sent to him a half-hour later at 4:07 p.m. At the crucial final hour before the close of business of the Court and plaintiff's office at 5:00 p.m., Scott McIntosh disappeared from email communication without informing plaintiff's counsel. I did not know he was allegedly not receiving emails and had elected to not review emails immediately before the filing. He never called or emailed me or my office of this fact.

14. .    At 4:44 p.m. with the filing deadline looming, counsel for plaintiff emailed defendants' counsel that the document would be filed as a joint memorandum solely over plaintiff's counsel signature since it was impossible logistically to obtain the defendants'

counsel's signature at that point. (Attached as Exhibit 14 to the Opposition.) At that point, plaintiff had incorporated all substantive comments, edits, and text received from the defendants, the entirety of which consists of Exhibit 1 (attached to the Opposition to Motion for Sanctions) an 11:57 a.m., January 5, email attachment and Exhibit 2 (attached to the Opposition to Motion for Sanctions) a 1:51 p.m. January 5, 2007 email attachment.

15.    There was no objection voiced to this procedure prior to the filing deadline and close of business of plaintiff's office at 5:00 p.m., Friday, January 5, 2007. Therefore, believing plaintiff's counsel had authority to do so and by the close of business 5:00 p.m. on January 5, 2007, having absolutely no further edits, comments, or text to insert from the defendants, plaintiff's counsel filed the joint memorandum. Therefore, at 4:58 p.m. on January 5, 2007, plaintiff's counsel's office filed the joint memorandum. At 4:58 p.m. Scott McIntosh notified plaintiff he was still reviewing the joint memorandum which had been sent at 4:07 p.m.

16.    At 5:04 p.m., plaintiff's counsel had written defendants' counsel indicating that "if I missed something critical let me know." (Attached as Exhibit 9 to the Opposition.) And confirmed again by email that all of the text and substance the defendants had provided prior to 5:00 p.m. on January 5, 2007, had been incorporated into the joint memorandum. The jovial email also wished Scott a nice weekend.

17.    At 5:13 p.m. I emailed Scott to confirm if the filing was "okay" since at 4:58 p.m. he indicated he had not completely reviewed what we believed was already authorized to be filed. (Attached as Exhibit 15 to the Opposition.) It was not until after the close of business on Friday, January 5, 2007, while plaintiff's counsel was out of state and plaintiff's counsel's office had closed, at 5:16 p.m. defendants' counsel indicated something was not "okay" with the filing. However, I could not tell if his "No!" email was a joke or serious. (Attached as Exhibit 16 to the Opposition.)

18.    At 5:35 p.m. on January 5, 2007, plaintiff's counsel inquired as to what it was the defendants thought was not "okay" with the joint memorandum. (Attached as Exhibit 17 to the Opposition.) Defendants could have responded and indicated what they believed needed to be done differently with the joint memorandum in which case an errata could have been filed on Monday, January 7, 2007, if plaintiff agreed. Having heard no

BANKSTON GRONING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

further response to my 5:35 p.m. email, I was left believing Scott was joking with this 5:16 p.m. "No!" email. Defendants never contacted me to change the joint memorandum and provided me no warning or courtesy communication they would seek sanctions.

19.     Instead of cooperating with plaintiff's counsel, who had by that time requested the defendants at 4:07 p.m., 4:44 p.m., 5:04 p.m., 5:13 p.m., and 5:35 p.m., five times, to notify plaintiff's counsel of anything which needed to be corrected with the joint memorandum, instead, defendants chose to file a motion for sanctions.

20.     The defendants were also aware that plaintiff's counsel was on vacation during this time in a different state and a different time zone.

21.     Defendants have requested sanctions for misrepresenting the joint memorandum was jointly authored. I resent the false allegation I have made a misrepresentation to the Court. In point of fact, the joint memorandum was jointly authored. The section of the joint memorandum setting forth the defendants position on the identity of the franchisor was authored solely by defendants. The defendants position on docket 178 was authored by the defendants. The edits received by defendants at 11:57 p.m. on January 5, 2007, were largely incorporated. It is simply irrefutable fact the joint memorandum was jointly authored. By 5:00 p.m. January 5, 2007 defendants did not provide any additional changes.

22.     On January 16 and 18, 2007 I again inquired if there was anything which needed to be edited or changed in the memorandum. I offered to file another errata, but to date defendants have failed to provide me any proposed errata or edits to the memorandum.

DATED: _1/23/07_

_____
Jon T. Givens

SUBSCRIBED AND SWORN to before me this _23rd_ day of January 2007.

_____
Notary Public in and for Alaska
My commission expires: _6/23/2008_

*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB] Page 5 of 6
A3388\05\MOTIONS\OPP SANCTIONS\AFFgivens

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2007 a copy of foregoing Affidavit of Jon T. Givens
was served electronically on Diane F. Vallentine and John F. Dienelt and on

Barry M. Heller
DLA Piper US LLP
1200 Nineteen Street NW
Washington, DC 20036-2430

by regular U.S. Mail

s/Jon T. Givens

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to