John F. Dienelt, Esq.
Barry M. Heller, Esq.
Scott McIntosh, Esq.
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036-2412
(202) 861-3880 (telephone)
(202) 223-2085 (fax)

Howard S. Trickey, Esq.
Diane F. Vallentine, Esq.
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CENDANT CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) Case No. 3:03-cv-00029-TMB |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR SANCTIONS AGAINST PLAINTIFF
<u>FOR FALSELY REPRESENTING JOINT AUTHORSHIP</u>**

Simply put, it was improper and dishonest for Plaintiff to label a document as a "Joint Memorandum" without even showing the final document to opposing counsel or obtaining consent to file it. Rather than simply acknowledge his error, Plaintiff's counsel

has submitted a lengthy opposition brief that seeks somehow to cast blame on Defendants. Plaintiff disingenuously claims that Defendants "disappeared" at the "filing deadline" even though Plaintiff knew full well that defense counsel was hard at work and that there was no 5:00 p.m. deadline.[1]

Plaintiff's opposition proves the need for some sort of sanction. Plaintiff's counsel places zealous advocacy above either civility or honesty, and even now refuses to apologize for his error in judgment, withdraw the offending pleading, and work with opposing counsel to comply with the Court's request at Docket 297 for a joint statement responsive to the Court's inquiry. Plaintiff's counsel had an obligation both to Defendants and to the Court not to misrepresent the filing as "joint" when it was not – and merely filing an errata when Defendants objected does not erase the fact of the prior misrepresentation. Plaintiff's counsel's conduct constitutes a breach of trust with the Court, and this misconduct hinders efficient resolution of the substantive issues pending before the Court. The Court should grant Defendants' motion for sanctions and direct the parties to re-submit a <u>joint memorandum</u> that will be filed by Defendants, not Plaintiff. If

---

[1] The Court's electronic filing system permits filing 24 hours per day, and Plaintiff's counsel is well aware of this fact as he routinely files pleadings at all hours of the day and night. For example, on June 19-20, 2006, Plaintiff's counsel filed five documents between 10:57 p.m. and 12:04 a.m. *See* Dockets 173-177. Nothing in the Court's Order at Docket 297 required a 5:00 p.m. filing.

the parties cannot agree on the facts, then they should jointly approve a document which fairly and concisely represents their conflicting views.[2]

Dated:  January 31, 2007

              Respectfully submitted,

              */s/ Howard S. Trickey*
              Howard S. Trickey, Esq.
              Alaska Bar No. 7610138
              Jermain, Dunnagan & Owens, PC
              3000 A Street, Suite 300
              Anchorage, Alaska 99503
              (907) 563-8844 (telephone)
              (907) 563-7322 (fax)

              *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing document was served electronically and by email this 31st day of January, 2007, on:

Jon T. Givens
Bankston Gronning O'Hara PC
601 W. 5th Avenue, Suite 900
Anchorage, AK 99501

 */s/ Howard S. Trickey*
144311

---

[2]  Plaintiff in its opposition attempts to explain its conduct, at least in part, by claiming that it had to include in the joint memorandum its reply to the arguments being advanced by Defendants. (Opposition at 6 ("…drafting responsive language which was now necessitated by the newly revealed statements and positions taken by the defendants.")  There was nothing in the Court's Order at Docket 297 that suggested that the Court was requesting the equivalent of a motion and opposition.