UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., an Alaska corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>CENDANT CORPORATION, AVIS RENT A CAR SYSTEM, INC., AVIS GROUP HOLDINGS, INC., CENDANT CAR RENTAL GROUP, INC., AVIS CAR RENTAL GROUP, INC., and BUDGET RENT A CAR SYSTEM, INC.,<br><br>            Defendants. | No. 3:03-cv-00029-TMB<br><br>ORDER [Re: Sealed Documents] |

       In December 2003, pursuant to the stipulation of the parties, an Order was entered permitting documents containing confidential, *i.e.*, sensitive or proprietary business, financial and personal information, to be filed under seal. Subsequently, the parties filed numerous documents under seal, including various motions and cross-motions for summary judgment, including the documents filed at Docket Nos. 163–165, 167, 168, 170, 171, 173–178, 180–182, 184–186, 190, 192, 199, 200, 212–220, 222–224, 226, 227, 229, 236–238, 240–242, 246, 247, 249, 251, 255–257, 264–266, 268, 269, 277–280, 288, 294, 296, 300, 314, 324, and 327.

       In reviewing the documents and materials submitted in connection with the above-referenced docket numbers, the Court noted that little, if any, material referred to in the motions, oppositions, or replies referred to any materials that contained "confidential" information.

       The decision of the Ninth Circuit in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir.2006), teaches:

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." [Citation omitted.] This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." [Citation omitted.] · · · ·

Nonetheless, access to judicial records is not absolute. A narrow range of documents is not subject to the right of public access at all because the records have "traditionally been kept secret for important policy reasons." [Citation omitted.]  Our case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. [Citation omitted.]

Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. [Citation omitted.]  A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. [Citation omitted.]  That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," [citation omitted] that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" [Citation omitted] In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. [Citation omitted]  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." [Citation omitted.]

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. [Citation omitted.] The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. [Citation omitted.]

We acknowledged explicitly in *San Jose Mercury News*, 187 F.3d at 1102, and later confirmed in *Foltz,* 331 F.3d at 1136, that the strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments.  We adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial process and of significant public events."

2

*Valley Broadcasting,* 798 F.2d at 1294; *accord Foltz,* 331 F.3d at 1135-36 (noting that "'summary judgment adjudicates substantive rights and serves as a substitute for trial'") (quoting *Rushford v. The New Yorker Magazine,* 846 F.2d 249, 252 (4th Cir.1988)). Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Foltz,* 331 F.3d at 1136. The "compelling reasons" standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order. *Id.* ("[T]he presumption of access is not rebutted where ... documents subject to a protective order are filed under seal as attachments to a dispositive motion. The ... 'compelling reasons' standard continues to apply.") (internal citations omitted).

The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials. [Citation omitted]. We reasoned in *Phillips* [*Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002)] that when a district court grants a protective order to seal documents during discovery, "it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id*. The application of a strong presumption of access to sealed records, not directly relevant to the merits of the case, would eviscerate the "broad power of the district court to fashion protective orders." [Citation omitted.] Thus a "particularized showing," [citation omitted] under the "good cause" standard of Rule 26(c) will "suffice[ ] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." [Citation omitted.]

In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. [Citation omitted.] A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. [Citation omitted.]

Materials that contain trade secrets, proprietary information, confidential financial information, personnel files, confidential material maintained as such by internal procedures, and third-party medical records are subject to being protected from public access. *See, e.g., Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir.2003). The materials filed in connection with the dispositive motions filed in this case or, at least those referred to by the parties and reviewed by the Court, do not appear to meet the requirements of *Foltz* and *Kamakana*.

IT IS THEREFORE ORDERED THAT:

1.  On before September 21, 2007, the parties shall review the documents filed at the docket numbers identified in the first paragraph above, and, with respect to the documents that a party maintains should remain sealed, the party must file a motion, which motion must set forth with respect to each item of information the party contends is subject to protection from public disclosure:

    (a) The protected information (reference to the docket number and page where the protected information is contained without disclosure of the information itself is sufficient); and

    (b) The reason the party believes the information is subject to non-disclosure under the holding in *Kamakana* or citation to other controlling authority that compels nondisclosure;

2.  Any other party may file an opposition to the motion, or signify its nonobjection;

3.  The stipulations of the parties that the material is subject to protection from public disclosure *will not be considered binding on the Court*; and

4.  Unless a motion is timely filed as provided above and granted by the Court, the Court will, *sua sponte*, order the documents identified in the first paragraph of this order not covered by such motion or motions unsealed.

IT IS FURTHER ORDERED THAT paragraph 8 of the Order at Docket 36 is hereby stricken.  The parties are not permitted to file any further dispositive motions under seal except as specifically permitted by the order of the Court upon proper motion.

Dated:  July 27, 2007

                                                  s/ Timothy M. Burgess
                                                  TIMOTHY M. BURGESS
                                                  United States District Judge