Jon T. Givens, Esq.
Bankston Gronning O'Hara, P.C.
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
(907) 276-1711 (telephone)
(907) 279-5358 (fax)
wbankston@bankston.to

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., an Alaska Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CENDANT CORPORATION, et al., | ) ) |
| Defendants. | ) Case No. 3:03-cv-29 [TMB] ) |

**MOTION FOR RECONSIDERATION
REGARDING DOCKET 164 BREACH OF CONTRACT**

The Court granted summary judgment on breach of contract claims in favor of the Avis Party defendants, ARACS, AGH, and ACRG and indicated those parties were dismissed with prejudice at Docket 335. Plaintiff Alaska Rent-A-Car requests the Court to reconsider that ruling and instead enter summary judgment that the Avis Party defendants as a matter of law breached the Agency Settlement Agreement (hereinafter ASA). Plaintiff respectfully believes the Court has failed to realize certain of the operative facts that the Avis Parties and not CCRG initially operated the Additional Company, Budget. Further, it

Motion for Reconsideration Regarding Docket 164 Breach of Contract
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]          Page 1 of 5
A3388\05\SUMMARY JUDGMENT\MTNreconsider

appears the Court may not have perceived or understood certain of plaintiff's breach of contract claims with regard to the Avis Party defendants.

## I. SUMMARY JUDGMENT TO AVIS PARTIES WAS PREMISED ON A MISTAKEN INTERPRETATION OF THE FACTS.

The Court premised its granting of summary judgment as to the Avis Parties based in part upon a belief that CCRG conducted the management and operations of Avis and Budget as opposed to an Avis Party engaging in such conduct. CCRG was in fact a shell corporation with no operations prior to the Budget acquisition. In point of fact, at the time of the Budget acquisition, CCRG had no employees or operating business and it took approximately six months after the Budget acquisition on November 22, 2002 before the hundreds of Avis Party personnel were transferred to CCRG to conduct the very conduct under the ASA which the Avis Parties could not themselves perform. (This is the plaintiff's argument rejected by the Court that the creation of CCRG and use of CCRG was for the purposes of conducting a sham and rendering the ASA an illusory contract.) Various Avis Party employees, executives and officers, initially operated and managed the additional rental car company, Budget.[1] There was a transition period before CCRG had any employees or personnel to actually operate Budget, and during this approximately six month period, all of the operations and management of Budget were conducted largely through the conduct of employees of the Avis Parties and principally through ARACS executives.[2]

---

[1] In fact for a time Budget Rent a Car System Inc. a/k/a Cherokee and Avis Rent a Car System, Inc. shared many of the same executives in breach of ASA ¶ IV.B. *compare* Docket 163 Exhibit 5, p. 5 and Docket 163 Exhibit 4 pp. 1-7. For example, BRACS (Cherokee) EVP and ARACS EVP and AGH's EVP in charge of sales at the time of the Budget acquisition was the same person, Chuck Fallon. Docket 163 Exhibit 5, p. 5 and Exhibit 4, pp. 3, 55. Similarly AGH's president at the time of the Budget acquisition was Cherokee/BRACS' president Bob Salerno. *Id.* Exhibit 5, p. 5 and Exhibit 4, p. 5.

[2] *See* Docket 163, Exhibit 5 at p. 5.

Motion for Reconsideration Regarding Docket 164 Breach of Contract
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 2 of 5
A3388\05\SUMMARY JUDGMENT\MTNreconsider

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

ASA I.B. states that "the Avis Parties agree that they cannot Acquire an Additional Company…" "Acquire" is a defined term under the ASA which means "to own, manage, establish, operate, act in concert or in participation with, franchise or license."[3] Clearly the Avis Parties were explicitly prohibited by the ASA from managing Budget or allowing any of the Avis Parties to "act in concert or participation with" Budget. By allowing all of Avis' executives to manage the additional rental car company, Budget, for many months after the acquisition, the Avis Parties as a matter of law, violated the ASA I.B. and IV.B. provisions prohibiting the Avis Parties from managing or acting in concert or participation with another rental car company. Further, the Avis Parties breached by allowing hundreds of Avis executives and management personnel to be transferred to act in concert with another rental car brand, Budget, by becoming CCRG employees.

## II. BREACHES OF THE ASA BY THE AVIS PARTIES.

The Court should have granted summary judgment that the Avis Parties were in fact in breach of numerous provisions of the ASA, but appears to have misconceived certain arguments regarding the breaches by the Avis Parties of the ASA. Considering the volume of materials the Court had to review, this is certainly understandable. ASA IV.B. specifically provides that the employees of the Avis Parties and management cannot have any personnel in common with an Additional Rental Car Company, Budget, with the exception of a single solitary director.[4] The initial act of allowing hundreds of Avis management personnel to jointly manage both Avis and Budget at CCRG is in itself a breach of IV.B. Further, as an example, to this day, Bob Salerno since 2005 has been president of Avis Rent-A-Car System, Inc.[5] Salerno is also currently and in 2005 was also

---

[3] See ASA definition No. 1 at page 1.

[4] Defendants in Docket 163, Exhibit 4, at pp. 123, 129 admit "Upon purchase of Budget Rent a Car System, the Settlement Agreement does not permit an overlap in officers between Avis and Budget."

[5] *See* Docket 163, Exhibit 4 Officers and Directors Chart at p. 5 (He was also ARACS president in 2002 at the same time he was BRACS/Cherokee's president.)

Motion for Reconsideration Regarding Docket 164 Breach of Contract
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 3 of 5
A3388\05\SUMMARY JUDGMENT\MTNreconsider

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

a director of BRACS as well as president of CCRG and AGH.[6] As a matter of law, this conduct is a breach of ASA IV.B. Similarly, the conduct identified above in this motion for reconsideration whereby the Avis Parties' employees initially managed Budget prior to the staffing of CCRG with personnel from the Avis Parties also violates IV.B.

ASA IV.C.1. contains promises of both the Parent and the Avis Parties. In ASA IV.C.1. the Avis Parties promise "the sales, marketing, and reservation activities, operations and personnel of the Avis Parties will function and be maintained separate and apparent from those of the Additional Company." At the time of actually staffing CCRG, months after the acquisition of Budget, it was done principally with Avis Party personnel. By transferring hundreds of employees engaged in sales, marketing, reservation activities, operations, and other types of personnel from the Avis Parties to CCRG, the Avis Parties breached ASA IV.C.1. by failing to maintain Avis personnel separate and apart from the personnel of the Additional Rental Car Company (which is either CCRG or Budget). Further, ASA IV.C.1. is a promise by the Avis Parties to keep their sales, marketing, reservation, operations, and personnel separate and independent from anyone who does similar functions for Budget. The Avis Parties as a matter of law, breached these contractual provisions by allowing their employees to work for an Additional Company, *i.e.*, CCRG and Budget.

The Court properly found that CCRG and the Parent had breached ASA IV.C.2. However, ASA IV.C.2. is also a binding contractual promise by the Avis Parties. In ASA IV.C.2. the Avis Parties promised "the sales, marketing, and reservation activities, operations and personnel of and for the Avis System will not be utilized to market, provide and/or make available car rental services other than those provided within the Avis System…" The Avis Parties promised in ASA IV.C.2. that the sales, marketing, reservation activities, operations and personnel would be maintained separate and apart from Budget. They are not. ARACS breached the promise under ASA IV.C.2. by entering

---

[6] *Id.*

Motion for Reconsideration Regarding Docket 164 Breach of Contract
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]   Page 4 of 5
A3388\05\SUMMARY JUDGMENT\MTNreconsider

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

into the joint services agreement with CCRG. ARACS signed the joint services agreement with CCRG and CCRG signed a reciprocal agreement with Budget. Thus, the Avis Parties knew and have known, now for years, that Avis and Budget have a joint sales, marketing, reservation activities and joint functions. The Avis Parties breached the ASA by allowing Avis to be sold by joint sales and marketing forces; the Avis Parties to this very day continue on a daily basis to breach IV.C.2. of the ASA by authorizing CCRG to continuously breach the ASA by jointly selling, marketing, and engaging in other activities on behalf of both Avis and Budget jointly. For the very reasons that this Court has already properly ruled that CCRG is in breach of ASA IV.C.2., the Avis Parties who made the same agreement and promise under IV.C.2. are in breach of this contractual provision for allowing Avis to be jointly sold and marketed in violation of the ASA.

DATED this 6th day of August, 2007.

> BANKSTON GRONNING O'HARA, PC
> Attorneys for Plaintiff Alaska Rent-A-Car, Inc.
>
> By:   s/Jon T. Givens
>       601 W. 5th Avenue, Suite 900
>       Anchorage, Alaska 99501
>       Phone: (907) 276-1711
>       Fax: (907) 279-5358
>       E-mail: jgivens@bankston.to
>       AK Bar #9011072

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2007 a copy of foregoing Motion for Reconsideration Regarding Docket 164 Breach of Contract was served electronically on Diane F. Vallentine, John F. Dienelt, Barry M. Heller, Susan Orlansky, and Christopher J. Heaphey.

s/Jon T. Givens

BANKSTON GRONNING O'HARA, P.C.
Attorneys at Law
601 W. 5th Avenue, Suite 900
Anchorage, Alaska 99501
Tel. (907) 276-1711 - Fax (907) 279-5358
www.bankston.to

Motion for Reconsideration Regarding Docket 164 Breach of Contract
*Alaska Rent-A-Car, Inc. v. Cendant Corp., et al.,* Case No. 3:03-cv-29 [TMB]
A3388\05\SUMMARY JUDGMENT\MTNreconsider                                    Page 5 of 5