UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., an Alaska corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>CENDANT CORPORATION, AVIS RENT A CAR SYSTEM, INC., AVIS GROUP HOLDINGS, INC., CENDANT CAR RENTAL GROUP, INC., AVIS CAR RENTAL GROUP, INC., and BUDGET RENT A CAR SYSTEM, INC.,<br><br>                    Defendants. | No. 3:03-cv-00029-TMB<br><br>MEMORANDUM DECISION<br>[Re: Motion at Docket No. 338] |

At Docket No. 338 plaintiff Alaska Rent-A-Car, Inc. ("RAC") has moved for reconsideration of the Memorandum Decision and Order entered July 27, 2007, at Docket No. 335.  RAC seeks reconsideration of that part of the decision dismissing Avis Rent A Car System, Inc. ("ARACS"), Avis Group Holdings, Inc., ("AGH"), and Avis Car Rental Group, Inc. ("ACRG"), the "Avis Parties" defendants.  The Court has determined that a response by the Defendants is unnecessary and oral argument on the motion would not assist the Court in deciding the motion.

RAC argues that the Court failed to realize certain of the operative facts in holding that the Avis parties, not Cendant Car Rental Group, Inc., ("CCRG") initially operated Budget Rent A Car System ("BRACS"), then known as Cherokee.  Under those facts, according to RAC, the Avis parties breached the Agency Settlement Agreement ("ASA") (Count II of the Complaint).  The crux of RAC's argument is that during the first six months following acquisition, prior to their transfer to and assimilation by CCRG, ARACS executives and personnel jointly managed both the Avis and Budget

brands in violation of the ASA.  Specifically, RAC points to ASA § I.B. prohibiting the acquisition by the Avis Parties of a competitor and definition of "Acquire" as "to own, manage, establish, operate, act in concert or participation with, franchise or license," and § IV.B. that requires that the management and operations of any acquired competitor be separate and apart from the management and operations of the Avis Parties.

The Court notes the despite the fact that RAC filed a 50-page memorandum in support of its motion for summary judgment on Counts I and II (Docket No. 165) and a 50-page opposition to Defendants' motion for summary judgment (Docket No. 199), it never at any time raised this argument or discussed this point.[1]  Normally, the Court does not consider arguments raised for the first time in a motion to reconsider. However, even if the Court were to consider the motion to reconsider on its merits, it would deny the motion in any event.

Assuming without deciding that a rational trier of fact could find on the facts viewed in the light most favorable to RAC that the actions of the Avis Parties during the first six months following the acquisition of Budget violated §§ I.B and IV.B and therefore constituted a breach, does not reach the result sought by RAC.  New York recognizes two forms of judicial remedies for breach of contract: legal (monetary damages) and equitable (specific performance).[2]  An essential element of a common law (legal) breach of contract cause of action under New York law is damages.[3]  Under New York law, damages for breach of contract are determined by the loss sustained or gain prevented at the time and place of the breach, not at some future time.[4]  RAC

---

[1] RAC also suggests that the Court "may not have perceived or understood certain of plaintiff's breach of contract claims with regard to the Avis Party defendants."  Since these facts and this argument were not brought to the attention of the Court in the Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint [Breach of Contract] at Docket 164 or its supporting Memorandum at Docket No. 165, the Court could hardly perceive or understand that claim.

[2] *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State*, 550 N.E.2d 919, 922 (N.Y.1990).

[3] *Orville v. Newski*, 547 N.Y.S.2d 913, 914 (N.Y. App. Div.1989).

[4] *Simon v. Electro space Corp.*, 269 N.E.2d 21, 26 (N.Y.1971).

acknowledges that the breach it now argues occurred ended approximately six months after the acquisition of Budget.  RAC has not alleged, let alone established, that it suffered any monetary damages as a result of that breach.  Nor does it appear under the allegations and facts before the Court, viewed in a light most favorable to RAC, a reasonable trier of fact could draw an inference that RAC suffered any monetary damages as result of the breach.  The operation of the Budget brand through the Avis parties during the initial six-month "transition period" was not the cause of any monetary damages RAC may have suffered.  The loss, if any, was the acquisition by Cendant of Budget.[5]

Although it is clear under New York law that even in the absence of damages RAC would be entitled to equitable relief, *e,g,*, specific performance, not only has RAC not requested such relief, there is no evidence of a continuing or threatened breach by the Avis Parties.

For the foregoing reasons, the Motion for Reconsideration Regarding Docket 164 Breach of Contract at Docket No. 338 is **DENIED**.

Dated:  August 23, 2007

                     s/ Timothy M. Burgess
                   TIMOTHY M. BURGESS
                 United States District Judge

---

[5] The Court notes that RAC has neither alleged, nor produced any evidence, of any change in its competitive position *vis-a-vis* the Budget brand during this six-month period or that it suffered any diminution in income, actual or expected.