John F. Dienelt, Esq.
Barry M. Heller, Esq.
Scott McIntosh, Esq.
Virginia A. Walls, Esq.
DLA Piper US LLP
500 8th Street, N.W.
Washington, D.C.  20004
(202) 799-4000 (telephone)
(202) 799-5000 (fax)

Howard S. Trickey, Esq.
Diane F. Vallentine, Esq.
Jermain, Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844 (telephone)
(907) 563-7322 (fax)

*Attorneys for Defendants*

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | | |
|---|---|---|
| ALASKA RENT-A-CAR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:03-cv-00029-TMB |
| | ) | |
| CENDANT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**

Defendants seek to maintain certain documents sealed and protected from public

disclosure. These documents include:  Corporate Pricing Approval Forms; Corporate Rate

Agreements; Strategic Plans; Marketing Plans; Commercial Account Pricing Scales; and portions

of deposition transcripts and summary judgment pleadings.  The continued protection of these

documents is supported by "compelling reasons." *Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1178 (9th Cir. 2006).

## I. <u>INTRODUCTION</u>

Although the federal courts recognize a common law right of public access to court records and documents, the courts also recognize that they have the power to protect litigants' private and confidential matters from public scrutiny. The documents at issue on this motion should remain sealed because they reflect Defendants' proprietary and confidential business policies and practices and contain Defendants' trade secrets. The disclosure of these documents would prejudice Defendants' competitive position, without conferring any public benefit.

Disclosure will not further the public policy that favors disclosure. There is no, or minimal, public interest in these documents. Only Defendants' competitors may have any interest in gaining access to them. Unsealing these documents could thus result in undue risk or harm to Defendants' business and competitive position and nothing more. Additionally, while Plaintiff included hundreds of Defendants' confidential documents in its voluminous summary judgment pleadings, the Court, in its Memorandum Decision and Order, dated July 27, 2007, did not explicitly refer to any of the documents that Defendants now seek to keep under seal. The public policies behind disclosure of documents attached to dispositive motions are to give the public an understanding of the judicial process and/or reveal significant public events. Those policies do not apply here because the documents did not have any apparent impact on the disposition of the case and relate to private, business matters.

Accordingly, this Court should find that the significant harm that may result from unsealing the specified documents outweighs any interest that the public has in obtaining access to these documents. Thus, the Court should allow the documents to remain under seal.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Finally, many of the documents produced during the extensive discovery portion of this case are of interest to non-party franchisees. These documents should not be disclosed without giving the affected non-parties an opportunity to object or show cause why the documents should remain sealed. Defendants simply bring this to the Court's attention and point the Court to the documents in question.

Defendants discuss below the compelling reasons why the selected documents should remain under seal. Defendants have attached the Declaration of Karen Sclafani, General Counsel at Avis Budget Care Rental, LLC, in support of their Motion as Exhibit A. Given the volume of the documents at issue and the multiple grounds on which cause exists to keep each document under seal, Defendants have also attached as Exhibit B a "bullet-point" summary of the reasons why each document should be protected and the location of each document on the Court Docket. Exhibit B also includes a listing of the documents of interest to the non-party franchisees. Finally, as Exhibit C, Defendants have attached charts listing all of the documents, filed under seal with Plaintiff's motions for summary judgment, on which Defendants' have highlighted those they seek to have kept sealed.[1]

## II. LEGAL STANDARD FOR MAINTAINING DOCUMENTS UNDER SEAL

This Circuit applies a "compelling reason" standard when making a determination to seal documents that are attached to dispositive motions. *Kamakana*, 447 F. 3d at 1178 (9th Cir. 2006) (internal citations omitted). A party may preserve the confidentiality of sealed documents by presenting "articulable facts" supporting its interests in continued protection and

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[1] These charts list all of the documents filed under seal with Plaintiff's motions for summary judgment with the exception of the documents attached to Plaintiff's Motion for Summary Judgment on Permanent Injunctive Relief and Specific Performance and Plaintiff's Reply to Motion for Partial Summary Judgment re: Anti-Trust.

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO MAINTAIN DOCUMENTS UNDER SEAL          PAGE 3
*ALASKA RENT-A-CAR, INC. V. CENDANT CORPORATION, ET AL.*
CASE NO. 3:03-CV-00029-TMB

demonstrating that such interests outweigh the public's "interest in understanding the judicial process." *Id.* at 1181 (quoting *Hagestad*, 49 F.2d at 1434).

Courts are not confined to an enumerated list of what may constitute "compelling reasons" for keeping documents sealed. Compelling reasons are present whenever a party can show that the harm of public disclosure outweighs the public's interest in having access to information. *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana*, 447 F.3d at 1179. Access is important to help the public understand the judicial process and significant public events. *Valley Broad. Co. v. U.S. District Court for District of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986). If harm is shown to outweigh the public's interest, then it constitutes a compelling reason for preventing public disclosure. *Foltz*, 331 F.3d at 1136.

Courts have found that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). Courts have also routinely ruled that compelling reasons exist to seal court documents when public disclosure would reveal "sources of business information that might harm a litigant's competitive standing." *Valley Broad. Co.*, 798 F.2d at 1293 (internal citations omitted). Additionally, courts have protected documents that would expose a business' trade secrets. *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1135. In applying the compelling reasons standard, a court must thus balance the competing interests of the public and the parties seeking to keep the records under seal. *Foltz*, 331 F.3d at 1135.

The documents Defendants seek to protect contain trade secrets and other confidential or proprietary information that may be compromised and misappropriated by Defendants' competitors if these documents become part of the public record. In that event, Defendants'

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

businesses would face serious potential injury.  As courts have consistently held, all of these reasons identified by Defendants constitute compelling reasons for keeping court documents under seal.  *Kamakana*, 447 F.3d at 1179; *Foltz*, 331 F.3d at 1135.

## III.  ARGUMENT

### A.    The Documents Meet the Compelling Reasons Standard

As explained in more detail below, the documents at issue contain Defendants' trade secrets and confidential or proprietary information.  If these documents are unsealed and Defendants' competitors obtain access to them, Defendants' business standing may be harmed. Moreover, the public does not have substantial, if any, interest in having access to the private information contained in the specified documents.  Unsealing these documents will put Defendants at risk, but confer no benefit on the public.

### 1.    Corporate Pricing Approval Forms Contain Defendants' Confidential and Proprietary Information

Information contained in Corporate Pricing Approval Forms ("CPAFs") is indisputably confidential.[2]  CPAFs are the forms used by Cendant Car Rental Group ("CCRG"), "its pricing department, and the corporate account sales force to determine the various rates and other terms that will be offered to prospective and current national corporate accounts."  Declaration of Karen Sclafani, attached hereto as Exhibit A, ¶ 3 (hereinafter "Sclafani Dec.").  In addition to containing these rates and other terms to be offered, these forms "frequently contain discussion of pricing and negotiation strategy with respect to that particular account, terms that were

---

[2] Plaintiff attached Defendants' CPAFs to the following documents:  Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment re: Anti-Trust (Docket No. 170), as Exhibits 44 & 51; Plaintiff's Reply in Opposition to Motion for Partial Summary Judgment re: Anti-Trust (Docket No. 268), as Exhibits 3 & 5; Plaintiff's Motion for Partial Summary Judgment on Count VI of the First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (Docket No. 182), as Exhibit 33; Plaintiff's Opposition to Defendants' Motion for Summary Judgment or Alternatively for an Order Limiting the Issues for Trial on Count II (Docket No. 199), as Exhibits 6 & 63;  and Plaintiff's Motion for Summary Judgment on Permanent Injunctive Relief and Specific Performance (Docket No. 183), as Exhibits 41, 47, 51-55, 76 & 78.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

considered but rejected or modified, insight into broader pricing strategy parameters and other highly confidential business information."[3]  *Id.*  The CPAFs at issue are all identical in the type of information that they contain, and they differ only with respect to the prices and the company that they were generated for.  A review of a random sample of these CPAFs will show that they contain confidential and proprietary information regarding Defendants and their business strategies.

CPAFs contain information regarding pricing and corporate strategy that do not implicate public issues, but simply pricing matters which Defendants' competitors may seek to access to obtain an advantage.  Generally, cases regarding access to sealed documents arise when the case involves a matter of public concern.  *See San Jose Mercury News, Inc. v. U.S. District Court – Northern District*, 187 F.3d 1096 (9th Cir. 1999) (newspaper moved for permissive intervention to gain access to report in case involving allegations of sexual harassment by two female police officers against the city and its police department).  CPAFs do not contain information that is a matter of public concern.  Instead, they contain Defendants' strategic information that is properly characterized as trade secrets.

A trade secret is any secret information used in a business that provides the holder an advantage over its competitors.  *Walker v. University Books, Inc.*, 602 F.2d 859, 865 n.2 (9th Cir. 1979).  A trade secret is different from other secretive aspects of a business in that a trade secret does not simply apply to a single event in the course of the business; rather, a trade secret is a method, plan, or procedure for "continuous use in the operation of the business."  *Id.*  The CPAFs contain Defendants' strategies regarding pricing, negotiating, and business operation.

---

[3] Defendants are aware of the large number of CPAFs at issue, yet Plaintiff attached the CPAFs as exhibits to its various motions, not Defendants.  The Ninth Circuit has recognized that documents should remain under seal if they contain information that would harm a party's competitive standing and as such the CPAFs should remain sealed.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

This information is used exclusively as an internal resource to develop Defendants' businesses. *See* Sclafani Dec. ¶ 3.  Defendants keep this information confidential and only share it with employees on a need to know basis; thus competitors cannot readily obtain the information.  *Id*. at ¶ 9.   The information contained in a CPAF gives Defendants' an advantage over their competitors, and further, if released Defendants' competitors could use this information to harm Defendants.  *Id*. at ¶ 11, s*ee Enter. Leasing Co. v. Ehmke*, 3 P.3d 1064, 1070 (Ariz. Ct. App. 1999) (holding that Enterprise's, a car rental company, internal economic records, showing pricing, are trade secrets and competitors could use those documents to the detriment of Enterprise to gain a competitive advantage by knowing Enterprise's pricing and sales decisions).

The Ninth Circuit has held that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to. . .release trade secrets." *Kamakana*, 447 F.3d at 1179; *citing Foltz*, 331 F.3d at 1135.  Therefore, the CPAFs attached as exhibits to Plaintiff's various motions for summary judgment should be kept under seal and not exposed to the public.

## 2.     Disclosing the Corporate Rate Agreements Could Harm Defendants' Competitive Position

In addition to placing Defendants' CPAFs in the summary judgment record, Plaintiff attached many of Defendants' Corporate Rate Agreements ("Corporate Contracts") to its various motions.[4]  "Corporate Contracts are negotiated agreements between Defendants and various corporations guaranteeing prices and rates for car rentals to national corporate account holders at

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

---

[4] Plaintiff attached the Corporate Contracts to the following documents:  Plaintiff's Motion for Partial Summary Judgment re: Anti-Trust (Docket No. 170), as Exhibits 34 & 35; Plaintiff's Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint Breach of Contract (Docket No. 164), as Exhibit 28; and Plaintiff's Motion for Summary Judgment on Permanent Injunctive Relief and Specific Performance (Docket No. 183), as Exhibit 36.

[Defendants'] corporate locations." Sclafani Dec. ¶ 5. Corporate Contracts are often the final product of all of the information contained in CPAFs. Like CPAFs, Corporate Contracts contain information and strategies regarding pricing, and as with CPAFs Defendants have been diligent in keeping this information out of the hands of their competitors. *Id.* at ¶ 9. This information, again, is virtually meaningless to the general public. However, in the hands of a competitor, the information could be followed and analyzed to give the competitor an idea of where Defendants' pricing strategies currently lie or will lie in the future. With this information, a competitor could contact Defendants' national account holders directly and use the information contained in the Corporate Contract to unfairly compete for the business of the client. *Id*. at ¶ 13. Courts have also routinely ruled that compelling reasons exist to seal court documents when public disclosure would reveal "sources of business information that might harm a litigant's competitive standing." Revealing the information contained in these Corporate Contracts could greatly impair Defendants' competitive standing. *Valley Broad. Co.*, 798 F.2d at 1293 (internal citations omitted).

Further, compelling reasons are present when a party can show that the harm of public disclosure outweighs the public's interest in accessing the information. *Foltz*, 331 F.3d at 1135 (noting that the common law right of access to judicial records is not absolute); *see also Kamakana*, 447 F.3d at 1178. Disclosure of the information contained in Corporate Contracts could cause a substantial amount of harm to Defendants' business. The business decisions, negotiations, and pricing secrets evidenced in the Corporate Contracts are examples of Defendants' general model of doing business, and that information is proprietary. Here, disclosing the Corporate Contracts and making them available to the public does very little to further the public's understanding of the judicial process. In fact, most of the Ninth Circuit cases

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

that deal with unsealing documents attached to dispositive motions involve a subject matter of public concern. *See Foltz*, 331 F.3d 1122 (the court allowed a consumer watchdog organization access to documents originally filed under seal in a case involving allegations of widespread insurance fraud); *Kamakana*, 447 F.3d 1172 (the court held that a newspaper had the a right of access to documents originally filed under seal in a case involving allegations that of police corruption and civil rights violations by the Honolulu Police Department); *Valley Broad. Co.*, 798 F.2d 1289 (the court allowed a television station access to audio and videotapes used in a criminal trial involving charges of racketeering enterprises associated with a well known gang in Nevada). It is hard to imagine what interest members of the general public would have in the Corporate Contracts and discovering Defendants' pricing structures and strategies. It is only Defendants' competitors who are likely to be interested in such information, and Defendants are likely to be harmed as a result of the release of their confidential information to their competitors. Therefore, the Corporate Contracts attached as exhibits to Plaintiff's various motions for summary judgment should remain under seal.

   3.   **Strategic Plans, Marketing Plans, and Commercial Account Pricing Scales Contain Defendants' Confidential and Proprietary Information and Disclosure Would Expose Defendants' Trade Secrets**

       Plaintiff also attached Defendants' strategic plans, marketing plans, and commercial account pricing scales (collectively "Plans") to its various motions.[5] "[Defendants'] [s]trategic

---

[5] Plaintiff attached these Plans as exhibits to the following documents: Plaintiff's Motion for Partial Summary Judgment re: Anti-Trust (Docket No. 170), as Exhibits 48, 53, 56 & 57; Plaintiff's Motion on Breach of the Implied Covenant of Good Faith and Fair Dealing (Docket No. 172), as Exhibits 19, 29, 64-66, & 68; Plaintiff's Motion for Partial Summary Judgment on Count VI of the First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (Docket No. 182), as Exhibits 12, 20, 30, 35 & 37; Plaintiff's Opposition to Defendants' Motion for Summary Judgment or Alternatively for an Order Limiting the Issues for Trial (Docket No. 199), as Exhibits 59 & 60; Plaintiff's Reply in Support of Plaintiff's Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint [Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing] (Docket No. 279), as Exhibit 3; Plaintiff's Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint Breach of Contract (Docket No. 164), as Exhibits 17 & 26; Plaintiff's Motion for Summary Judgment on Permanent Injunctive Relief and Specific Performance (Docket No. 183), as

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

[p]lans contain the goals for [Defendants'] businesses during a delineated period of time, a detailed list and evaluation of possible threats to the businesses, price analyses, financial projections, and future business initiatives." Sclafani Dec. ¶ 6. "[Defendants'] [m]arketing [p]lans contain in-depth evaluations of branding strategies and analyses of current business initiatives and the marketing that will further those initiatives." *Id.* at ¶ 7. Defendants' commercial account pricing scales are charts that contain pricing strategies for obtaining corporate national accounts. *Id*. at ¶ 4. The figures in these commercial account pricing scales drive the negotiations between Defendants' businesses and their corporate account holders. *Id.* These Plans contain some of the most confidential business and competitive information relating to Defendants' business, including information with respect to fleet operations, marketing, sales, pricing, accounting, finance, and key strategy documents to which only a handful of people employed by Defendants have access. *Id*. at ¶¶ 8, 9. This information falls squarely within the definition of trade secret. The public will not benefit from having access to the information contained in these documents. This information will not reveal a significant public event. The information will only serve to potentially harm Defendants because it would give that competitor an unfair advantage. *Id.* at ¶¶ 12, 14, 15, *Walker,* 602 F.2d at 865 n.2 (holding that a trade secret is any secret information used in a business that provides the holder an advantage over its competitors).

The Ninth Circuit has held that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to. . .release trade secrets." *Kamakana*, 447 F.3d at 1179; *citing Foltz*, 331 F.3d at 1135. The potential harm that exposing

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Exhibits 13, 56-58, 62, 63, 65, 71-73 & 77; and Plaintiff's Opposition to Defendants' Cross-Motion for Summary Judgment (Piercing), (Docket No. 277), as Exhibits 47 & 48.

this information would have on Defendants' businesses far outweighs any benefit that revealing

these documents would have on the public.    Therefore, the Plans, attached as exhibits to

Plaintiff's various motions for summary judgment, should be kept under seal and not exposed to

the public.

> **4.    Portions of Depositions and Briefs That Discuss Confidential or Proprietary Information Should be Redacted to Protect that Information**

Plaintiffs took numerous depositions.    Many of the deposition transcripts contain

extensive discussion of pricing strategy, detailed discussion of specific CPAFs, and other highly

confidential business information.    To the extent that this Court designates any documents as

meeting the compelling reasons standard and orders that those documents remain protected under

seal, the portions of the various depositions that discuss, analyze, or reference those documents

should be redacted, and remain under seal, to ensure protection of the information contained

within those documents.    Likewise, if the Court orders any documents to remain under seal and

those documents are attached to deposition transcripts as exhibits, those exhibits should also be

redacted and sealed.    Although, Defendants realize that this is a Herculean task due to the sheer

volume of pages of deposition testimony, Defendants are more than willing to expend the hours

and resources to carefully redact the depositions in order to keep potentially harmful confidential

and proprietary information out of the hands of their competitors.

Additionally, if the Court deems any documents to remain under seal and those

documents are attached to, quoted from, or paraphrased in any briefs that have been filed in this

matter, then those documents and references to those documents should be redacted in such a

manner as to prevent public disclosure of confidential information.    Again, Defendants are

willing to carefully redact the briefs, in accordance with the Court's ruling, in order to keep

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

potentially harmful confidential and proprietary information out of the hands of their competitors.

> ### B.  Unsealing Defendants' Documents Does Not Further the Public Policy Behind the Presumption of Disclosure

The Ninth Circuit has articulated two distinct public policy forces driving the presumption of disclosure.  First, courts have stated that the presumption of access is justified because it assists in the "'public's understanding of the judicial process.'"  *Kamakana,* 447 F.3d at 1179 (citing *Valley Broad. Co.*, 798 F.2d at 1294).  Although Plaintiff attached these confidential documents to its various motions for summary judgment, the Court, in its Memorandum Decision and Order, dated July 27, 2007 ("Order"), did not explicitly rely on or cite to any of the documents that Defendants now seek to keep under seal.[6]  Therefore, releasing those documents would have no impact on the ability of the public to understand the judicial process in this situation.

Second, courts have stated that allowing the public access to documents used in determining the disposition of a case will facilitate the "'public's understanding…of significant public events.'"  *Id.*  As stated in more detail above, historically, "[t]his right is justified by the interest of citizens in 'keep[ing] a watchful eye on the working of public agencies.'"  *Kamakana*, 447 F. 3d at 1178 (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 & n. 7 (1978)).  This case does not involve matters of public concern or public agencies.  Exposing or revealing the documents in this matter will not spark the interest of a newspaper or of any average citizen.  Again, Defendants' competitors are the only individuals that have any interest in the contents of the documents that Defendants seek to keep under seal.  "'Compelling reasons' sufficient to

---

[6] Defendants maintain that Plaintiff <u>needlessly</u> attached voluminous amounts of Defendants' documents to its motions.  This is evidenced by the fact that the Court did not need to rely on any of those documents in reaching its decision.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to…release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal citations omitted). The amount of potential harm that will result from exposing these documents to Defendants' competitors far outweighs the slight chance that an average citizen will take an interest in the information contained in Defendants' documents.

### C.     <u>Non-Parties Should Be Given Notice</u>

Due to the extensive discovery taken in this action, non-parties were subpoenaed and produced documents and Defendants produced information pertaining to franchisees' operations.[7] The information contained in many of the documents and deposition testimony of franchisees is potentially damaging to the franchisees' businesses and competitive standing in their area. As such, the Court should allow those franchisees the opportunity to be heard concerning disclosure of these documents and deposition transcripts. Like the potentially damaging effects of unsealing Defendants' documents, unsealing documents pertaining to franchisees' marketing and reservation rates could have potentially damaging effects on them as well. *See Valley Broad. Co.*, 798 F.2d at 1293 (courts have found compelling reasons to exist to seal court documents when public disclosure would harm a litigant's competitive standing).

---

[7] Plaintiff attached this information as exhibits to the following documents: Plaintiff's Motion for Partial Summary Judgment re: Anti-Trust (Docket No. 170), as Exhibits 10, 12, 35, 36, 40 & 52; Plaintiff's Motion for Partial Summary Judgment on Breach of the Implied Covenant of Good Faith and Fair Dealing (Docket No. 172), as Exhibits 40, 43, 59, 60, 70 & 75; Plaintiff's Motion for Partial Summary Judgment on Count VI of the First Amended Complaint Violation of Alaska Unfair Trade Practices and Consumer Protection Act (Docket No. 182), as Exhibits 18, 19, 31 & 32; Plaintiff's Opposition to Defendants' Motion for Summary Judgment or Alternatively for an Order Limiting the Issues for Trial on Count II (Docket No. 199), as Exhibits 44 & 45; Plaintiff's Reply in Support of Motion for Summary Judgment on Unfair Trade Practices (Docket No. 265), as Exhibit 5; Plaintiff's Motion for Partial Summary Judgment on Counts I and II of the First Amended Complaint Breach of Contract (Docket No. 164), as Exhibit 25, 49, 53 & 54; Plaintiff's Motion for Summary Judgment on Permanent Injunctive Relief and Specific Performance (Docket No. 183), as Exhibits 43, 45, 50 & 59; and Plaintiff's Motion for Summary Judgment on Damages (Docket No. 179), as Exhibits 2 & 3.

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

Therefore, the Court should notify the relevant parties and afford them the opportunity to state their own objections.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court maintain the specified documents under seal.

Dated: <u>October 12, 2007</u>                    Respectfully submitted,

                                                 JERMAIN DUNNAGAN & OWENS, P.C.
                                                 Attorneys for Defendants


                                                 By: <u>  s/Howard S. Trickey        </u>
                                                      Howard S. Trickey
                                                      3000 A Street, Suite 300
                                                      Anchorage, Alaska 99503
                                                      (907) 563-8844 (telephone)
                                                      (907) 563-7322 (fax)
                                                      Alaska Bar No. 7610138



**CERTIFICATE OF SERVICE**

This is to certify that on this 12th day of October,
2007 a true and correct copy of the foregoing
document was served electronically on:

Jon T. Givens, Esq.
Bankston, Gronning, O'Hara, Sedor,
  Mills, Givens & Heaphey, PC
601 W. 5th Avenue, Suite 900
Anchorage, AK  99501

Jeffrey M. Feldman, Esq.
Feldman Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK 99501

<u>  s/Howard S. Trickey      </u>

LAW OFFICES OF
**JERMAIN DUNNAGAN & OWENS**
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322