Jeffrey M. Feldman
ALASKA BAR NO. 7605029
William D. Falsey
ALASKA BAR NO. 0511099
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska 99501
907.272.3538
907.274.0819 (Fax)

IN THE DISTRICT COURT FOR THE DISTRICT OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| ALASKA RENT-A-CAR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CENDANT CORPORATION, AVIS RENT A ) | |
| CAR SYSTEM, INC., AVIS GROUP ) | |
| HOLDINGS, INC., CENDANT CAR ) | |
| RENTAL GROUP, INC., AVIS CAR ) | |
| RENTAL GROUP, INC., and BUDGET ) | |
| RENT A CAR SYSTEM, INC. ) | Case No. 3:03-cv-00029-TMB |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION REGARDING THE SCOPE OF ALASKA RENT-A-CAR'S DAMAGES**

Plaintiff Alaska Rent-A-Car moves to confirm the scope of damages that it may seek at trial.[1] In its order resolving the parties' motions for summary judgment, this court determined that defendants "clearly and unequivocally" breached the parties' Agency Settlement Agreement:

---

[1]   *Cf.* Pre-Trial Order dated March 17, 2008 (instructing plaintiff to "file its motion re scope of damages") [Docket 362].

> The evidence in the record clearly and unequivocally establishes that the same [Cendant Car Rental Group] personnel sell and market both Avis and Budget brands. Based on that evidence a rational trier of fact could only find that in so doing CCRG has breached the provisions of ¶ IV.C.2 [of the Agency Settlement Agreement]. [Alaska Rent-A-Car] is entitled to summary judgment in its favor on Count II of the First Amended Complaint as against CCRG as to liability.[2]

Paragraph IV.C.2 of the Agency Settlement Agreement memorialized Cendant and the Avis parties' pledge that the "sales, marketing and reservation activities, operations and personnel of and for the Avis System" would not be used to "market, provide, and/or make available car rental services" to any Budget-like "Additional Company," and that "best efforts" would be exercised "to promote the Avis System":

> Should the Parent Acquire an Additional Company, the Parent and the Avis Parties agree that:
> . . .
> 2.    the sales, marketing and reservation activities, operations and personnel of and for the Avis System will not be utilized to market, provide and/or make available car rental services other than those provided within the Avis System and such sales, marketing and reservation activities, operations and personnel will exercise their best efforts to promote the Avis System[.][3]

In accordance with the court's ruling that this provision was breached,[4] Alaska Rent-A-Car seeks to confirm that it may present evidence at trial to establish the full extent of the damages that it suffered as a consequence of the breach. In particular, Alaska Rent-A-Car moves to confirm that it may present proof at trial on the extent to

---

[2]    Memorandum Decision and Order, dated July 27, 2007 at 31 [Docket 335].

[3]    Agency Settlement Agreement ¶ IV.C.2.

[4]    *See* Order at 31-32.

which the "sales, marketing and reservation activities, operations and personnel of and for the Avis System" have been and are being used to support Budget's car-rental services, in contravention of ¶ IV.C.2 of the Agency Settlement Agreement and to Alaska Rent-A-Car's detriment and/or defendants' advantage.[5]  Specifically, Alaska Rent-A-Car will present evidence establishing that defendants improperly

- consolidated and coordinated the sales, marketing and reservation activities of and for the Avis System with Budget's sales and marketing reservation activities, reducing product differentiation and resulting in less aggressive promotion of Avis, as well as improved and lower-priced Budget products

- provided the Avis System's reservation system, and other back-office operational systems, to Budget, rapidly improving the quality of Budget and its licensees while simultaneously eliminating the need for Budget to independently develop or acquire comparable systems, and

- continue to dedicate the same sales, marketing, reservation, and management personnel to promote and provide services to both the Avis and Budget Systems, resulting in a loss of focus and ensuring that "best efforts" are not exercised to promote the Avis System.

Alaska Rent-A-Car will establish at trial that defendants' breach resulted in significant cost-savings to defendants, and substantial harm to Alaska Rent-A-Car. As a matter of

---

[5] *Cf. id.* at 31 n.51 ("damages remain a triable issue of fact").

law, Alaska Rent-A-Car is entitled to recover for its losses or, to the extent that an award of consequential damages is inadequate to render defendants' breach unprofitable, a share of the gains realized and unjustly retained by the defendants as a result of their opportunistic breach.[6]

Prior to trial, damages experts retained by Alaska Rent-A-Car will prepare expert witness reports, addressed specifically to defendants' breach of ¶ IV.C.2 and the damages claims remaining following the court's summary judgment decision.[7] Limited additional discovery may be required in connection with the experts' revised reports.

This motion is supported by the attached memorandum of law.


Dated: May 2, 2008

/s/ JEFFREY M. FELDMAN
Jeffrey M. Feldman
Email: feldman@frozenlaw.com
AK Bar No. 7605029
**FELDMAN ORLANSKY & SANDERS**
500 L Street, Suite 400
Anchorage, Alaska 99501
Tel.: (907) 272-3538
Fax: (907) 274-0819

**BANKSTON GRONNING O'HARA, PC**
601 West 5th Avenue, Suite 900
Anchorage, Alaska 99501
*Counsel for Plaintiff*

---

[6] See RESTATEMENT (THIRD) OF RESTITUTION & UNJUST ENRICHMENT § 39 *Profit Derived from Opportunistic Breach* (T.D. No. 4, 2005).

[7] The original reports submitted by the expert witnesses addressed the full range of damages available under all of the claims asserted in the plaintiff's complaint. With the court having dismissed various claims, a revised report is required to identify the damages resulting solely from the claim on which the court granted summary judgment in favor of the plaintiff.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May, 2008, a copy of the foregoing Motion Regarding the Scope of Alaska Rent-A-Car's Damages was served electronically on:

| | |
|---|---|
| J. Dienelt | B. Zan Nault |
| J. Givens | D. Ruskin |
| C. Gronning | H. Trickey |
| C. Heaphey | D. Vallentine. |
| B. Heller | |

s/ Jeffrey M. Feldman